## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**LEO DONOHOE,**
3212 North Columbus Street
Arlington, Virginia 22209

      **Plaintiff,**

**vs.**

**BONNEVILLE INTERNATIONAL
CORPORATION,**
55 North 300 West
Salt Lake City, Utah 84180

      **Defendant.**

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**Civil Action No.: _____**

### NOTICE OF REMOVAL OF ACTION

**TO:**    **The United States District Court
for the District of Columbia**

      Defendant Bonneville International Corporation ("Bonneville"), through its undersigned

counsel, gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that it is removing this case to the

United States District Court for the District of Columbia.  In support of this Notice, Bonneville

avers as follows:

      1.    On April 26, 2007, plaintiff Leo Donohoe ("Donohoe") filed the above-entitled

action, Civil Action No. 0002951-07, against defendant Bonneville in the Superior Court of the

District of Columbia, Civil Division.  The Complaint is for age discrimination under the District

of Columbia Human Rights Act ("DCHRA"), D.C. Code §2-1401 *et seq.*, based upon

Bonneville's termination of Donohoe's employment pursuant to a major restructuring of

operations of Bonneville's Washington, D.C. Radio Group and an attendant reduction-in-force in

January 2006 and Bonneville's subsequent failure to rehire him.

      2.    On May 2, 2007, undersigned counsel for Bonneville, having agreed to accept

service on behalf of Bonneville, received by hand delivery a copy of the Summons and

Complaint.  Copies of the Summons and Complaint and the letter from Donohoe's counsel are attached hereto as Exhibit A.

      3.      No further proceedings have taken place herein.

      4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of May 2, 2007, the first day that Bonneville was formally served with the Summons and Complaint.  Removal is therefore timely pursuant to 28 U.S.C. § 1446 (b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).  *See also Holmes v. PHI Service Co.*, 437 F. Supp. 2d 110 (D.D.C. 2006).

      5.      Pursuant to 28 U.S.C. § 1441(a), this action is properly removed to the United States District Court for the District of Columbia, the federal district court for the district and division embracing the place where the District of Columbia Superior Court suit is pending.

      6.      This Court has original jurisdiction over this action as provided by U.S.C. § 1332 because Bonneville and Donohoe are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1332(a).

      7.      This is a civil action between citizens of different states.  Plaintiff Donohoe, a citizen and resident of the United States, is an individual residing in the Commonwealth of Virginia.  Compl. ¶ 5.  Defendant Bonneville is and was at the time the action was commenced a Utah corporation with its principal place of business in Salt Lake City, Utah.  Accordingly, complete diversity exists between plaintiff and defendant.

      8.      In addition, Donohoe seeks, *inter alia*, front salary and benefits in the amount of $5 million.  Donohoe also seeks back salary and fringe benefits up to the date of reinstatement or judgment and all compensatory and punitive damages permitted by the DCHRA, including but not limited to damages for humiliation, pain, embarrassment and other damages.  Thus, the

amount in controversy exceeds $75,000, exclusive of interests and costs – the amount required for removal.

9.     Bonneville will file a Notice of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Civil Division, Superior Court of the District of Columbia, 500 Indiana Avenue, N.W., Washington, D.C. 20001, pursuant to 28 U.S.C. § 1446(d). A copy of said notice is attached hereto as Exhibit B.

10.     Bonneville will serve written notice on opposing counsel of the filing of this Notice of Removal and copies of this Notice of Removal will be served on opposing counsel pursuant to 28 U.S.C. § 1446(d). A copy of said notice is attached hereto as Exhibit C.

11.     By this Notice of Removal, Bonneville does not waive any objections it may have to service, jurisdiction, or venue, and any defenses or objections to this action.

WHEREFORE, Bonneville prays that the above-entitled action now pending in the Superior Court of the District of Columbia, Civil Division, be removed therefrom to this Court.

Dated this 22nd day of May 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


*Constance M. Pendleton*
Richard L. Cys  (D.C. Bar No. 087536)
Constance M. Pendleton (D.C. Bar 456919)
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, DC  20006-3402
(202) 973-4200
(202) 973-4499 facsimile
richardcys@dwt.com
conniependleton@dwt.com

Counsel for Defendant Bonneville International Corporation

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2007, a copy of the foregoing Notice of Removal of Action was served via hand-delivery upon:

>Thomas L. McCally, Esq.
>Carr Maloney P.C.
>1615 L Street, N.W.
>Suite 500
>Washington, D.C. 20036-5652

*Constance M. Pendleton*
Constance M. Pendleton

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LEO DONOHOE,** | : | |
| 3212 North Columbus Street | : | |
| Arlington, Virginia 22209 | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Civil Action No.: _____** |
| | : | |
| **BONNEVILLE INTERNATIONAL** | : | |
| **CORPORATION,** | : | |
| 55 North 300 West | : | |
| Salt Lake City, Utah 84180 | : | |
| | : | |
| **Defendant.** | : | |

**EXHIBIT A TO**
**NOTICE OF REMOVAL OF ACTION**

## Carr Maloney P.C.

1615 L Street, NW

Suite 500

Washington, DC 20036-5652

(202) 310-5500

FAX (202) 310-5555

www.carrmaloney.com

Tycon Towers
8000 Towers Crescent Drive
Suite 1350
Vienna, VA 22182
(703) 691-8818

The World Trade Center
401 East Pratt Street
Suite 800
Baltimore, MD 21202
(410) 752-1570

20 Courthouse Square
Suite 214
Rockville, MD 20850
(301) 424-7024

**Thomas L. McCally**
**(202) 310-5506**
Admitted in DC, MD and GA
E-mail: TLM@carrmaloney.com

May 2, 2007

**VIA HAND DELIVERY**

Richard Cys, Esq.
Davis, Wright, Tremaine, LLP
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20005

RE:    Leo Donohoe/Bonneville International
       Civil Action No.:  2007 CA 002951 B
       Our File No.:   10506DC001

Dear Richard:

Attached please find the Complaint, Summons and Initial Order in the above-captioned matter. Per our discussions, this will confirm that you have graciously agreed to accept service of the Complaint. If you have any questions, please let me know.

Sincerely,

Thomas L. McCally

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Leo Donohoe

Case Number: _____

Date: **4/26/07** _____

vs

Bonneville International Corportion

| | |
|---|---|
| Name: (please print)    Thomas L. McCally, Esq | Relationship to Lawsuit<br>☑ Attorney for Plaintiff |
| Firm Name:    **Carr Maloney PC** | ☐ Self (Pro Se)<br>Other: _____ |
| Telephone No.:        Six digit Unified Bar No.:<br>202-310-5500          391937 | |

TYPE OF CASE:    ☐ Non-Jury        ☑ 6 Person Jury        ☐ 12 Person Jury
Demand:$ 5,000,000.00 _____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    (Check One Box Only)

**A. CONTRACTS**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☑ 15 Employ. Discrimination

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10  Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☐ 16 Negligence-(Not Automobile,
         Not Malpractice)

☐ 17 Personal Injury – (Not
         Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco

---

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Feb. 07

# INFORMATION SHEET, Continued

**C. OTHERS**

**I.**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 04 Condemnation (Emin. Domain)
☐ 05 Ejectment
☐ 07 Insurance/Subrogation
     Under $25,000 Pltf.
     Grants Consent
☐ 08 Quite Title
☐ 09 Special Writ/Warrants
     DC Code § 11-941

☐ 10 T.R.O./Injunction
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment
☐ 17 Merit Personnel Act (OEA)
     (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability
☐ 24 Application to Confirm, Modify,
     Vacate Arbitration Award
     (D.C. Code § 16-4315)

☐ 25 Liens: Tax/Water Consent Granted
☐ 26 Insurance/Subrogation
     Under $25,000 Consent Denied
☐ 27 Insurance/Subrogation
     Over $25,000
☐ 28 Motion to Confirm Arbitration
     Award (Collection Cases Only)
☐ 29 Merit Personnel Act (OHR)
☐ 30 Liens: Tax/Water Consent Denied

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
     Certificate

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
     Judgment [D.C. Code §
     2-1802.03(h) or 32-1519(a)]
☐ 20 Master Meter (D.C. Code §
     42-3301, et seq.)

☐ 21 Petition for Subpoena
     [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27 (a)(1)
     (Perpetuate Testimony)



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LEO DONOHOE
    Vs.                                      C.A. No.       2007 CA 002951 B
BONNEVILLE INTERNATIONAL CORPORATION
### INITIAL ORDER AND ADDENDUM

      Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

      (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

      (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

      (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

      (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

      (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                      Chief Judge Rufus G. King, III

Case Assigned to:  Judge JUDITH BARTNOFF
Date:  April 26, 2007
Initial Conference: 9:30 am, Friday, July 27, 2007
Location:  Courtroom 415
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001

Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING**
**ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

| LEO DONOHOE |
| --- |

*Plaintiff*

**VS.**

| BONNEVILLE INTERNATIONAL CORPORATION |
| --- |

*Defendant*

Civil Action No.

**0002951-07**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Thomas L. McCally |
| --- |
Name of Plaintiff's Attorney

| 1615 L Street, NW, Suite 500 |
| --- |
Address

| Washington, DC  20036 |
| --- |

| 202-310-5500 |
| --- |
Telephone

By _____
Deputy Clerk

Date 4/26/07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

LEO DONOHOE                              :
3212 North Columbus Street               :
Arlington, VA 22209                      :
                                         :
     Plaintiff                          :
                                         :                                    0002951-07
                                         :    RECEIVED
vs.                                      :    Civil Clerk's Office  Case No.: _____
                                         :
BONNEVILLE INTERNATIONAL :                     APR 26 2007
CORPORATION                              :
5 Triad Center, Suite 700                :    Superior Court of the
Salt Lake City, UT  84180                :    District of Columbia
                                         :
SERVE                                    :
                                         :
Corporation Service Company              :
1090 Vermont Avenue, NW                  :
Washington, DC  20005                    :
                                         :
     Defendant                          :

### COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    Plaintiff Leo Donohoe, files this action seeking compensatory and punitive damages, costs and attorney's fees for the age discrimination suffered by Plaintiff in connection with his employment relationship with Defendant Bonneville Corporation, the termination thereof and Defendant's refusal to rehire Plaintiff.

### II.    JURISDICTION

2.    This action is brought pursuant to the District of Columbia Human Rights Act (DCHRA), D.C. Code §2-1401 *et. seq.*.

3.    Jurisdiction is invoked pursuant to D.C. Code Sections 2-1403.16, 11-921, and 13-423 (2001 Ed.)

4.    Venue is proper as most of the acts complained of herein occurred within the District of Columbia.

### III.    PARTIES

5.    Plaintiff is a citizen and resident of the United States, and is currently a resident of the State of Virginia.

6.    Defendant Bonneville International Corporation is a corporation authorized to do business and doing business in the District of Columbia, and is an employer within the meaning of D.C. Code Section 2-1401.02(10).

### IV.    FACTUAL BACKGROUND

7.    Plaintiff is currently fifty-two (52) years old.

8.    Plaintiff began working at the radio station WTOP 1500 AM (hereinafter WTOP) in July of 1986.    At that time, WTOP was owned by Outlet Communications.    Plaintiff's responsibilities included selling WTOP, Orioles baseball, and WTKS 102.3 FM, a soft-rock station that was later sold.

9.    In November 1995, Plaintiff was promoted to National Sales Manager for WTOP.

10.    From 1986 through 1997, WTOP was purchased by various owners.    Ultimately, WTOP was purchased by Defendant Bonneville International Corporation (hereinafter, Bonneville) in October 1997.    Although the ownership of WTOP changed from 1986 through 1997, Plaintiff remained an employee of WTOP during that entire time period.

11.    From the time that Bonneville purchased WTOP in 1997 through the time of his termination in January of 2006, Plaintiff held the position of National Sales Manager for WTOP.

12.    On two separate occasions, in recognition of his ability and expertise in the area of National Sales, Bonneville expanded Plaintiff's duties to include National Sales for another radio station, WGMS.

13.    At all times relevant hereto, Plaintiff's performance as National Sales Manager for WTOP met and/or exceeded job expectations.  In May of 2002, his job duties were expanded for the second time to include National Sales for WGMS, a separate Radio Station owned by Bonneville Corporation.  Plaintiff continued to be responsible for National Sales for both WTOP and WGMS until his termination in 2006.  Plaintiff received positive evaluations and accolades for the work he performed.

14.    Although Plaintiff was National Sales Manager for WGMS and WTOP, the vast majority of the work that Plaintiff performed related to WTOP.  At all times relevant hereto, Plaintiff's job performance as National Sales Manager for WGMS, like his performance for WTOP, met and/or exceeded job expectations.

15.    Bonneville Market Comptroller, Linda Pfluger, informed Plaintiff that National Sales was, on a per unit basis, more profitable than local sales on a per unit basis for the stations that Plaintiff was working with at that time.  Plaintiff's experience, dedication and overall exemplary performance resulted in the profitability of National Sales for Bonneville.

16.    Plaintiff's performance, dedication and skill earned Plaintiff a stellar reputation within the industry.  In December 2005, Plaintiff was nominated for National Sales Manager of the Year by Radio Ink, a highly regarded industry magazine.

17.    In January of 2006, Defendant Bonneville terminated all employees who worked in a sales capacity for WGMS and WWZZ.

18.    Notwithstanding Plaintiff's exemplary performance over almost a twenty year period, and notwithstanding the fact that Plaintiff's job duties primarily related to work performed for WTOP, Plaintiff's employment with Defendant Bonneville was included in the number of employees terminated from WGMS and WWZZ in January of 2006.

19.    Plaintiff was terminated just prior to his twenty year anniversary of working at WTOP.

20.    Plaintiff's termination effectively ended his nearly twenty years of service to WTOP and related radio stations, depriving him of maximum pension and other retirement benefits.

21.    Plaintiff was the only WTOP sales manager included in the January 2006 terminations.

22.    Only one other WTOP employee was included in the RIF.  That individual was under forty, and was subsequently rehired by Bonneville.

23.    A large number of employees included within the January 2006 termination were over forty.

24.    At the time of his termination, Plaintiff was over forty.

25.    All employees who were terminated were informed that they could reapply for open positions within Defendant Bonneville and the radio stations that it owned.

26.    Plaintiff reapplied for the position of Director of National Sales/Sports Sales Manager.  This position encompassed all of the job duties that Plaintiff previously performed.

27.    Plaintiff was extremely well qualified for this position, as he had successfully performed all job duties for nearly twenty years.  Furthermore, Plaintiff had a significant amount of sports sales experience both locally and nationally.

28.    Plaintiff was the most qualified candidate for the position.

29.    Despite Plaintiff's exemplary performance and high level of experience, Defendant hired a much younger, less qualified individual for the position of Director of National Sales/Sport Sales Manager.

30.    The individual that was hired, Mike Spacciapolli, was 28 year old at the time that he was selected for the position.    His experience and performance record pales in comparison to Plaintiff's.

31.    Mr. Spacciapolli was not able to successfully perform the duties associated with the position of Director of National Sales/Sports Sales Manager.    He was ultimately removed from the position.

32.    Defendant Bonneville continued its pattern and practice of age discrimination, again hiring a younger, less qualified individual for the position of Director of National Sales/Sport Sales Manager.

33.    Out of all of the sales employees that reapplied for positions within Defendant Bonneville, only one of the older employees was retained or rehired.    Bonneville engaged in a pattern and practice of retaining and rehiring primarily younger employees.

34.    Bonneville's actions were motivated by an improper and illegal desire to get rid of older employees and replace them with a younger sales workforce.

35.    Bonneville discriminated against Plaintiff on the basis of age in the termination of Plaintiff from employment.

36.    In an effort to disguise the true motivation for the termination of Plaintiff, age discrimination, Defendant improperly classified Plaintiff's termination as a Reduction in Force,

and Plaintiff was inappropriately included in the group of employees that was terminated in January of 2006.

37.    Plaintiff was again discriminated against by Defendant on the basis of age when Defendant refused to rehire Plaintiff, instead selecting a much younger, much less qualified individual to assume the position of Director of National Sales/Sport Sales Manager and the job duties previously held by the Plaintiff.

38.    On January 2, 2007 the parties entered into a tolling agreement, effectively tolling the statute of limitations for a total of one hundred and twenty (120) days. The Plaintiff filed this action within the 120 day period set forth in the agreement.

## V.    AGE DISCRIMINATION

39.    The allegations of each of the foregoing paragraphs are incorporated herein as if realleged.

40.    Upon information and belief, Defendant followed and is continuing to follow a policy and practice of discrimination against the Plaintiff and others because of their age in violation of the DCHRA, D.C. Code §2-1401 *et. seq.*

41.    The effect of the policies and practices pursued by the Defendant as alleged above constituted discrimination against the Plaintiff, which limited the Plaintiff in substantive ways and rendered him incapable of continuing employment with the Defendant.

42.    The discriminatory policies and practices of the Defendant deprived the Plaintiff of employment opportunities and otherwise adversely affected his status as an employee because of his age in violation of the DCHRA.

43.    This conduct of Defendant was actuated by malice and reckless indifference to the Plaintiff's statutorily protected rights.

44.    As a direct and proximate result of this discrimination, the Plaintiff has suffered and continues to suffer injury and damages, including past and future loss of income in the form of wages, prospective retirement benefits, social security and other benefits due to him as an employee, severe emotional pain and suffering, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and other injury.

## VI.    PRAYER FOR RELIEF

45.    As a direct result of the discriminatory treatment of Plaintiff by Defendant, Defendant has suffered economic and other losses, including loss of past and future wages as well as loss of retirement and other benefits. Additionally, Plaintiff has suffered humiliation and emotional distress and other related injury.

WHEREFORE, Plaintiff requests the Court to provide the following relief:

A.    Declare the conduct engaged in by defendants to be in violation of plaintiff's rights and enter judgment against the Defendant;

B.    Enjoin defendants from engaging in such conduct;

C.    Restore plaintiff to his rightful place as Director of National Sales/Sports Sales Manager or, in lieu or reinstatement, order front salary and benefits in the amount of five million dollars for the period remaining until normal retirement;

D.    Award plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement or judgment and prejudgment interests for that entire period;

E.    Award plaintiff all compensatory and punitive damages permitted by the DCHRA, including but not limited to damages for the humiliation, pain, embarrassment and other damages suffered by Plaintiff;

F.    Award plaintiff all fees, costs, and expenses, including all attorney's and expert

fees; and

G.    Grant such other relief as this court may deem just and proper.

Respectfully submitted,

CARR MALONEY P.C.

By: _____

Thomas L. McCally, Esquire, #391937
1615 L Street, NW, Suite 500
Washington, DC 20036
(202) 310-5500/(202) 310-5555
Attorney for Plaintiff
tlm@carrmaloney.com

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues contained herein.

_____

Thomas L. McCally

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**LEO DONOHOE,**                                  :
3212 North Columbus Street                        :
Arlington, Virginia 22209                         :
                                                  :
      **Plaintiff,**                    :
                                                  :
**vs.**                                           :    **Civil Action No.: _____**
                                                  :
**BONNEVILLE INTERNATIONAL**                      :
**CORPORATION,**                                  :
55 North 300 West                                 :
Salt Lake City, Utah 84180                        :
                                                  :
      **Defendant.**                    :


**EXHIBIT B TO**
**NOTICE OF REMOVAL OF ACTION**

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| LEO DONOHOE,<br>3212 North Columbus Street<br>Arlington, Virginia 22209 | : <br> : <br> : <br> : | |
| **Plaintiff,** | : <br> : | **Case No. 0002951-07** |
| vs. | : <br> : | **Next Event: Initial Conference**<br>**July 27, 2007 at 9:30 a.m.** |
| BONNEVILLE INTERNATIONAL<br>CORPORATION,<br>55 North 300 West<br>Salt Lake City, Utah 84180 | : <br> : <br> : <br> : <br> : | **Hon. Judith Bartnoff** |
| **Defendant.** | : | |

**NOTICE OF REMOVAL OF ACTION**
**TO FEDERAL COURT**

TO:    Clerk, Civil Division
       Superior Court of the District of Columbia

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, a Notice

of Removal of Action and a Notice to Opposing Counsel of Removal of Action to Federal Court

are being filed this day with the Clerk of the United States District Court for the District of

Columbia.  Copies of said notices are attached hereto.  *See* Attachments 1 and 2 respectively.

Dated this 22nd day of May, 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

_____Constance M. Pendleton /s/_____
Richard L. Cys  (D.C. Bar No. 087536)
Constance M. Pendleton (D.C. Bar 456919)
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, DC  20006-3402
(202) 973-4200
(202) 973-4499 facsimile
richardcys@dwt.com
conniependleton@dwt.com

Counsel for Defendant Bonneville International
Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May 2007, a copy of the foregoing

Defendants' Notice of Removal of Action to Federal Court was served electronically and via

hand-delivery upon:

      Thomas L. McCally, Esq.
      Carr Maloney P.C.
      1615 L Street, N.W.
      Suite 500
      Washington, D.C. 20036-5652

                    Constance M. Pendleton /s/
                    Constance M. Pendleton

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **LEO DONOHOE,** | : | |
| 3212 North Columbus Street | : | |
| Arlington, Virginia 22209 | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 0002951-07** |
| | : | |
| **vs.** | : | **Next Event: Initial Conference** |
| | : | **July 27, 2007 at 9:30 a.m.** |
| **BONNEVILLE INTERNATIONAL** | : | |
| **CORPORATION,** | : | **Hon. Judith Bartnoff** |
| 55 North 300 West | : | |
| Salt Lake City, Utah 84180 | : | |
| | : | |
| **Defendant.** | : | |


## ATTACHMENT 1 TO NOTICE OF REMOVAL
## OF ACTION TO FEDERAL COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**LEO DONOHOE,**                           :
3212 North Columbus Street                 :
Arlington, Virginia 22209                  :
                                           :
        **Plaintiff,**                     :
                                           :
**vs.**                                    :        **Civil Action No.: _____**
                                           :
**BONNEVILLE INTERNATIONAL**               :
**CORPORATION,**                           :
55 North 300 West                          :
Salt Lake City, Utah 84180                 :
                                           :
        **Defendant.**                     :

### NOTICE OF REMOVAL OF ACTION

**TO:    The United States District Court**
**for the District of Columbia**

        Defendant Bonneville International Corporation ("Bonneville"), through its undersigned

counsel, gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that it is removing this case to the

United States District Court for the District of Columbia.  In support of this Notice, Bonneville

avers as follows:

        1.      On April 26, 2007, plaintiff Leo Donohoe ("Donohoe") filed the above-entitled

action, Civil Action No. 0002951-07, against defendant Bonneville in the Superior Court of the

District of Columbia, Civil Division.  The Complaint is for age discrimination under the District

of Columbia Human Rights Act ("DCHRA"), D.C. Code §2-1401 *et seq.*, based upon

Bonneville's termination of Donohoe's employment pursuant to a major restructuring of

operations of Bonneville's Washington, D.C. Radio Group and an attendant reduction-in-force in

January 2006 and Bonneville's subsequent failure to rehire him.

        2.      On May 2, 2007, undersigned counsel for Bonneville, having agreed to accept

service on behalf of Bonneville, received by hand delivery a copy of the Summons and

Complaint. Copies of the Summons and Complaint and the letter from Donohoe's counsel are attached hereto as Exhibit A.

3.    No further proceedings have taken place herein.

4.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of May 2, 2007, the first day that Bonneville was formally served with the Summons and Complaint. Removal is therefore timely pursuant to 28 U.S.C. § 1446 (b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). *See also Holmes v. PHI Service Co.*, 437 F. Supp. 2d 110 (D.D.C. 2006).

5.    Pursuant to 28 U.S.C. § 1441(a), this action is properly removed to the United States District Court for the District of Columbia, the federal district court for the district and division embracing the place where the District of Columbia Superior Court suit is pending.

6.    This Court has original jurisdiction over this action as provided by U.S.C. § 1332 because Bonneville and Donohoe are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1332(a).

7.    This is a civil action between citizens of different states. Plaintiff Donohoe, a citizen and resident of the United States, is an individual residing in the Commonwealth of Virginia. Compl. ¶ 5. Defendant Bonneville is and was at the time the action was commenced a Utah corporation with its principal place of business in Salt Lake City, Utah. Accordingly, complete diversity exists between plaintiff and defendant.

8.    In addition, Donohoe seeks, *inter alia*, front salary and benefits in the amount of $5 million. Donohoe also seeks back salary and fringe benefits up to the date of reinstatement or judgment and all compensatory and punitive damages permitted by the DCHRA, including but not limited to damages for humiliation, pain, embarrassment and other damages. Thus, the

amount in controversy exceeds $75,000, exclusive of interests and costs – the amount required for removal.

9.      Bonneville will file a Notice of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Civil Division, Superior Court of the District of Columbia, 500 Indiana Avenue, N.W., Washington, D.C. 20001, pursuant to 28 U.S.C. § 1446(d). A copy of said notice is attached hereto as Exhibit B.

10.     Bonneville will serve written notice on opposing counsel of the filing of this Notice of Removal and copies of this Notice of Removal will be served on opposing counsel pursuant to 28 U.S.C. § 1446(d). A copy of said notice is attached hereto as Exhibit C.

11.     By this Notice of Removal, Bonneville does not waive any objections it may have to service, jurisdiction, or venue, and any defenses or objections to this action.

WHEREFORE, Bonneville prays that the above-entitled action now pending in the Superior Court of the District of Columbia, Civil Division, be removed therefrom to this Court.

Dated this 22nd day of May 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*Constance M. Pendleton*

Richard L. Cys  (D.C. Bar No. 087536)
Constance M. Pendleton (D.C. Bar 456919)
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, DC  20006-3402
(202) 973-4200
(202) 973-4499 facsimile
richardcys@dwt.com
conniependleton@dwt.com

Counsel for Defendant Bonneville International
Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2007, a copy of the foregoing Notice

of Removal of Action was served via hand-delivery upon:

> Thomas L. McCally, Esq.
> Carr Maloney P.C.
> 1615 L Street, N.W.
> Suite 500
> Washington, D.C. 20036-5652

_Constance M. Pendleton_
Constance M. Pendleton

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**LEO DONOHOE,**                          :
3212 North Columbus Street                :
Arlington, Virginia 22209                 :
                                          :
          **Plaintiff,**                  :
                                          :
**vs.**                                   :          **Civil Action No.:** _____
                                          :
**BONNEVILLE INTERNATIONAL**              :
**CORPORATION,**                          :
55 North 300 West                         :
Salt Lake City, Utah 84180                :
                                          :
          **Defendant.**                  :

**EXHIBIT A TO**
**NOTICE OF REMOVAL OF ACTION**

**Carr Maloney P.C.**

1615 L Street, NW

Suite 500

Washington, DC 20036-5652

(202) 310-5500

FAX (202) 310-5555

www.carrmaloney.com

Tycon Towers
8000 Towers Crescent Drive
Suite 1350
Vienna, VA 22182
(703) 691-8818

The World Trade Center
401 East Pratt Street
Suite 800
Baltimore, MD 21202
(410) 752-1570

20 Courthouse Square
Suite 214
Rockville, MD 20850
(301) 424-7024

**Thomas L. McCally**
**(202) 310-5506**
Admitted in DC, MD and GA
E-mail: TLM@carrmaloney.com

May 2, 2007

**VIA HAND DELIVERY**

Richard Cys, Esq.
Davis, Wright, Tremaine, LLP
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20005

> RE:    Leo Donohoe/Bonneville International
>        Civil Action No.: 2007 CA 002951 B
>        <u>Our File No.: 10506DC001</u>

Dear Richard:

Attached please find the Complaint, Summons and Initial Order in the above-captioned matter. Per our discussions, this will confirm that you have graciously agreed to accept service of the Complaint. If you have any questions, please let me know.

Sincerely,

Thomas L. McCally

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Leo Donohoe

Case Number: _____

Date: 4/26/07

vs

Bonneville International Corportion

| Name: (please print)    Thomas L. McCally, Esq | Relationship to Lawsuit |
| --- | --- |
| Firm Name:    Carr Maloney PC | ☑ Attorney for Plaintiff ☐ Self (Pro Se) Other: _____ |
| Telephone No.:    202-310-5500    Six digit Unified Bar No.:    391937 | |

TYPE OF CASE:  ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury
Demand:$ 5,000,000.00    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    (Check One Box Only)

**A. CONTRACTS**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☑ 15 Employ. Discrimination

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10  Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (including wrongful death)
☐ 16 Negligence-(Not Automobile, Not Malpractice)

☐ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco

---

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Feb. 07

# INFORMATION SHEET, Continued

## C. OTHERS

**I.**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quite Title
- ☐ 09 Special Writ/Warrants
  DC Code § 11-941

- ☐ 10 T.R.O./Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (D.C. Code § 16-4315)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/Subrogation
  Over $25,000
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/Water Consent Denied

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [D.C. Code §
  2-1802.03(h) or 32-1519(a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27 (a)(1)
  (Perpetuate Testimony)



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LEO DONOHOE
   Vs.                               C.A. No.     2007 CA 002951 B
BONNEVILLE INTERNATIONAL CORPORATION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH BARTNOFF
Date:  April 26, 2007
Initial Conference: 9:30 am, Friday, July 27, 2007
Location:  Courtroom 415
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING**
**ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

LEO DONOHOE

*Plaintiff*

Civil Action No. 

0002951-07

vs.

BONNEVILLE INTERNATIONAL CORPORATION

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Thomas L. McCally

Name of Plaintiff's Attorney

1615 L Street, NW, Suite 500

Address

Washington, DC 20036

202-310-5500

Telephone

By _____
Deputy Clerk

Date 4/26/07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

**CIVIL DIVISION**

LEO DONOHOE                          :
3212 North Columbus Street           :
Arlington, VA 22209                  :
                                     :
          Plaintiff                  :
                                     :                    0002951-07
vs.                                  :    RECEIVED     Case No.: _____
                                     :    Civil Clerk's Office
BONNEVILLE INTERNATIONAL :
CORPORATION                          :    APR 26 2007
5 Triad Center, Suite 700            :
Salt Lake City, UT  84180            :    Superior Court of the
                                     :    District of Columbia
SERVE                                :
                                     :
Corporation Service Company          :
1090 Vermont Avenue, NW              :
Washington, DC  20005                :
                                     :
          Defendant                  :

**COMPLAINT**

**I.       PRELIMINARY STATEMENT**

1.      Plaintiff Leo Donohoe, files this action seeking compensatory and punitive damages, costs and attorney's fees for the age discrimination suffered by Plaintiff in connection with his employment relationship with Defendant Bonneville Corporation, the termination thereof and Defendant's refusal to rehire Plaintiff.

**II.      JURISDICTION**

2.      This action is brought pursuant to the District of Columbia Human Rights Act (DCHRA), D.C. Code §2-1401 *et. seq.*.

3.      Jurisdiction is invoked pursuant to D.C. Code Sections 2-1403.16, 11-921, and 13-423 (2001 Ed.)

4.      Venue is proper as most of the acts complained of herein occurred within the District of Columbia.

### III.    **PARTIES**

5.      Plaintiff is a citizen and resident of the United States, and is currently a resident of the State of Virginia.

6.      Defendant Bonneville International Corporation is a corporation authorized to do business and doing business in the District of Columbia, and is an employer within the meaning of D.C. Code Section 2-1401.02(10).

### IV.    **FACTUAL BACKGROUND**

7.      Plaintiff is currently fifty-two (52) years old.

8.      Plaintiff began working at the radio station WTOP 1500 AM (hereinafter WTOP) in July of 1986.   At that time, WTOP was owned by Outlet Communications.   Plaintiff's responsibilities included selling WTOP, Orioles baseball, and WTKS 102.3 FM, a soft-rock station that was later sold.

9.      In November 1995, Plaintiff was promoted to National Sales Manager for WTOP.

10.     From 1986 through 1997, WTOP was purchased by various owners.   Ultimately, WTOP was purchased by Defendant Bonneville International Corporation (hereinafter, Bonneville) in October 1997.   Although the ownership of WTOP changed from 1986 through 1997, Plaintiff remained an employee of WTOP during that entire time period.

11.     From the time that Bonneville purchased WTOP in 1997 through the time of his termination in January of 2006, Plaintiff held the position of National Sales Manager for WTOP.

12.    On two separate occasions, in recognition of his ability and expertise in the area of National Sales, Bonneville expanded Plaintiff's duties to include National Sales for another radio station, WGMS.

13.    At all times relevant hereto, Plaintiff's performance as National Sales Manager for WTOP met and/or exceeded job expectations.   In May of 2002, his job duties were expanded for the second time to include National Sales for WGMS, a separate Radio Station owned by Bonneville Corporation.  Plaintiff continued to be responsible for National Sales for both WTOP and WGMS until his termination in 2006.  Plaintiff received positive evaluations and accolades for the work he performed.

14.    Although Plaintiff was National Sales Manager for WGMS and WTOP, the vast majority of the work that Plaintiff performed related to WTOP.  At all times relevant hereto, Plaintiff's job performance as National Sales Manager for WGMS, like his performance for WTOP, met and/or exceeded job expectations.

15.    Bonneville Market Comptroller, Linda Pfluger, informed Plaintiff that National Sales was, on a per unit basis, more profitable than local sales on a per unit basis for the stations that Plaintiff was working with at that time.   Plaintiff's experience, dedication and overall exemplary performance resulted in the profitability of National Sales for Bonneville.

16.    Plaintiff's performance, dedication and skill earned Plaintiff a stellar reputation within the industry.  In December 2005, Plaintiff was nominated for National Sales Manager of the Year by Radio Ink, a highly regarded industry magazine.

17.    In January of 2006, Defendant Bonneville terminated all employees who worked in a sales capacity for WGMS and WWZZ.

18.    Notwithstanding Plaintiff's exemplary performance over almost a twenty year period, and notwithstanding the fact that Plaintiff's job duties primarily related to work performed for WTOP, Plaintiff's employment with Defendant Bonneville was included in the number of employees terminated from WGMS and WWZZ in January of 2006.

19.    Plaintiff was terminated just prior to his twenty year anniversary of working at WTOP.

20.    Plaintiff's termination effectively ended his nearly twenty years of service to WTOP and related radio stations, depriving him of maximum pension and other retirement benefits.

21.    Plaintiff was the only WTOP sales manager included in the January 2006 terminations.

22.    Only one other WTOP employee was included in the RIF. That individual was under forty, and was subsequently rehired by Bonneville.

23.    A large number of employees included within the January 2006 termination were over forty.

24.    At the time of his termination, Plaintiff was over forty.

25.    All employees who were terminated were informed that they could reapply for open positions within Defendant Bonneville and the radio stations that it owned.

26.    Plaintiff reapplied for the position of Director of National Sales/Sports Sales Manager. This position encompassed all of the job duties that Plaintiff previously performed.

27.    Plaintiff was extremely well qualified for this position, as he had successfully performed all job duties for nearly twenty years. Furthermore, Plaintiff had a significant amount of sports sales experience both locally and nationally.

28.    Plaintiff was the most qualified candidate for the position.

29.    Despite Plaintiff's exemplary performance and high level of experience, Defendant hired a much younger, less qualified individual for the position of Director of National Sales/Sport Sales Manager.

30.    The individual that was hired, Mike Spacciapolli, was 28 year old at the time that he was selected for the position.    His experience and performance record pales in comparison to Plaintiff's.

31.    Mr. Spacciapolli was not able to successfully perform the duties associated with the position of Director of National Sales/Sports Sales Manager.    He was ultimately removed from the position.

32.    Defendant Bonneville continued its pattern and practice of age discrimination, again hiring a younger, less qualified individual for the position of Director of National Sales/Sport Sales Manager.

33.    Out of all of the sales employees that reapplied for positions within Defendant Bonneville, only one of the older employees was retained or rehired.    Bonneville engaged in a pattern and practice of retaining and rehiring primarily younger employees.

34.    Bonneville's actions were motivated by an improper and illegal desire to get rid of older employees and replace them with a younger sales workforce.

35.    Bonneville discriminated against Plaintiff on the basis of age in the termination of Plaintiff from employment.

36.    In an effort to disguise the true motivation for the termination of Plaintiff, age discrimination, Defendant improperly classified Plaintiff's termination as a Reduction in Force,

and Plaintiff was inappropriately included in the group of employees that was terminated in January of 2006.

37.    Plaintiff was again discriminated against by Defendant on the basis of age when Defendant refused to rehire Plaintiff, instead selecting a much younger, much less qualified individual to assume the position of Director of National Sales/Sport Sales Manager and the job duties previously held by the Plaintiff.

38.    On January 2, 2007 the parties entered into a tolling agreement, effectively tolling the statute of limitations for a total of one hundred and twenty (120) days. The Plaintiff filed this action within the 120 day period set forth in the agreement.

## V.    AGE DISCRIMINATION

39.    The allegations of each of the foregoing paragraphs are incorporated herein as if realleged.

40.    Upon information and belief, Defendant followed and is continuing to follow a policy and practice of discrimination against the Plaintiff and others because of their age in violation of the DCHRA, D.C. Code §2-1401 *et. seq.*

41.    The effect of the policies and practices pursued by the Defendant as alleged above constituted discrimination against the Plaintiff, which limited the Plaintiff in substantive ways and rendered him incapable of continuing employment with the Defendant.

42.    The discriminatory policies and practices of the Defendant deprived the Plaintiff of employment opportunities and otherwise adversely affected his status as an employee because of his age in violation of the DCHRA.

43.    This conduct of Defendant was actuated by malice and reckless indifference to the Plaintiff's statutorily protected rights.

44.    As a direct and proximate result of this discrimination, the Plaintiff has suffered and continues to suffer injury and damages, including past and future loss of income in the form of wages, prospective retirement benefits, social security and other benefits due to him as an employee, severe emotional pain and suffering, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and other injury.

## VI.    **PRAYER FOR RELIEF**

45.    As a direct result of the discriminatory treatment of Plaintiff by Defendant, Defendant has suffered economic and other losses, including loss of past and future wages as well as loss of retirement and other benefits.  Additionally, Plaintiff has suffered humiliation and emotional distress and other related injury.

WHEREFORE, Plaintiff requests the Court to provide the following relief:

A.    Declare the conduct engaged in by defendants to be in violation of plaintiff's rights and enter judgment against the Defendant;

B.    Enjoin defendants from engaging in such conduct;

C.    Restore plaintiff to his rightful place as Director of National Sales/Sports Sales Manager or, in lieu or reinstatement, order front salary and benefits in the amount of five million dollars for the period remaining until normal retirement;

D.    Award plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement or judgment and prejudgment interests for that entire period;

E.    Award plaintiff all compensatory and punitive damages permitted by the DCHRA, including but not limited to damages for the humiliation, pain, embarrassment and other damages suffered by Plaintiff;

F.    Award plaintiff all fees, costs, and expenses, including all attorney's and expert

fees; and

G.    Grant such other relief as this court may deem just and proper.

Respectfully submitted,

CARR MALONEY P.C.

By: _____
Thomas L. McCally, Esquire, #391937
1615 L Street, NW, Suite 500
Washington, DC 20036
(202) 310-5500/(202) 310-5555
Attorney for Plaintiff
tlm@carrmaloney.com

**JURY DEMAND**

Plaintiff demands trial by jury on all issues contained herein.

_____
Thomas L. McCally

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

LEO DONOHOE,                        :
3212 North Columbus Street          :
Arlington, Virginia 22209           :
                                    :
        **Plaintiff,**          :       Case No. 0002951-07
                                    :
vs.                                 :       **Next Event: Initial Conference**
                                    :       **July 27, 2007 at 9:30 a.m.**
BONNEVILLE INTERNATIONAL            :
CORPORATION,                        :       **Hon. Judith Bartnoff**
55 North 300 West                   :
Salt Lake City, Utah 84180          :
                                    :
        **Defendant.**          :


**ATTACHMENT 2 TO NOTICE OF REMOVAL**
**OF ACTION TO FEDERAL COURT**

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **LEO DONOHOE,** | : | |
| 3212 North Columbus Street | : | |
| Arlington, Virginia 22209 | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 0002951-07** |
| | : | |
| **vs.** | : | **Next Event: Initial Conference** |
| | : | **July 27, 2007 at 9:30 a.m.** |
| **BONNEVILLE INTERNATIONAL** | : | |
| **CORPORATION,** | : | **Hon. Judith Bartnoff** |
| 55 North 300 West | : | |
| Salt Lake City, Utah 84180 | : | |
| | : | |
| **Defendant.** | : | |

**NOTICE TO OPPOSING COUNSEL OF REMOVAL**
**OF ACTION TO FEDERAL COURT**

**TO:**   Thomas L. McCally
        Carr Maloney P.C.
        1615 L Street, N.W.
        Suite 500
        Washington, D.C. 20036-5652

PLEASE TAKE NOTICE that Bonneville International Corporation ("Bonneville"),

defendant in the above-captioned matter, has on this 21st day of May, 2007 filed, in the United

States District Court for the District of Columbia, its Notice of Removal of the above-styled

action from the Superior Court of the District of Columbia (a copy of said Notice is attached

hereto) to the United States District Court for the District of Columbia, together with copies of

all process, pleadings and orders filed by the plaintiff Leo Donohoe ("Donohoe") in the Superior

Court of the District of Columbia, as required by 28 U.S.C. § 1446.

You are also advised that Bonneville, upon filing said Notice, filed a Notice of Removal

of Action to Federal Court with the Clerk, Civil Division, Superior Court of the District of

Columbia, and attached thereto copies of the following:  (1) Notice of Removal of Action, and

(2) this Notice to Opposing Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for

the District of Columbia, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, and

no further proceedings may be had in this action in the Superior Court of the District of

Columbia.

Dated this 22nd day of May, 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


_____Constance M. Pendleton  /s/_____

Richard L. Cys  (D.C. Bar No. 087536)
Constance M. Pendleton (D.C. Bar 456919)
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, DC  20006-3402
(202) 973-4200
(202) 973-4499 facsimile
richardcys@dwt.com
conniependleton@dwt.com

Counsel for Defendant Bonneville International
Corporation

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of May, 2007, a copy of the foregoing

Defendants' Notice to Opposing Counsel of Removal of Action to Federal Court was served

electronically and via hand-delivery upon:

      Thomas L. McCally
      Carr Maloney P.C.
      1615 L Street, N.W.
      Suite 500
      Washington, D.C. 20036-5652

                        Constance M. Pendleton /s/
                    Constance M. Pendleton

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

LEO DONOHOE,                              :
3212 North Columbus Street                :
Arlington, Virginia 22209                 :
                                          :
      **Plaintiff,**                      :        Case No. 0002951-07
                                          :
**vs.**                                   :        **Next Event: Initial Conference**
                                          :        **July 27, 2007 at 9:30 a.m.**
**BONNEVILLE INTERNATIONAL**              :
**CORPORATION,**                          :        **Hon. Judith Bartnoff**
55 North 300 West                         :
Salt Lake City, Utah 84180                :
                                          :
      **Defendant.**                      :


## ATTACHMENT TO
## NOTICE TO OPPOSING COUNSEL OF REMOVAL
## OF ACTION TO FEDERAL COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| **LEO DONOHOE,** | : |
| 3212 North Columbus Street | : |
| Arlington, Virginia 22209 | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **vs.** | :        **Civil Action No.:** _____ |
| | : |
| **BONNEVILLE INTERNATIONAL** | : |
| **CORPORATION,** | : |
| 55 North 300 West | : |
| Salt Lake City, Utah 84180 | : |
| | : |
| **Defendant.** | : |

### NOTICE OF REMOVAL OF ACTION

**TO:    The United States District Court**
**for the District of Columbia**

Defendant Bonneville International Corporation ("Bonneville"), through its undersigned

counsel, gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that it is removing this case to the

United States District Court for the District of Columbia.  In support of this Notice, Bonneville

avers as follows:

1.    On April 26, 2007, plaintiff Leo Donohoe ("Donohoe") filed the above-entitled

action, Civil Action No. 0002951-07, against defendant Bonneville in the Superior Court of the

District of Columbia, Civil Division.  The Complaint is for age discrimination under the District

of Columbia Human Rights Act ("DCHRA"), D.C. Code §2-1401 *et seq.*, based upon

Bonneville's termination of Donohoe's employment pursuant to a major restructuring of

operations of Bonneville's Washington, D.C. Radio Group and an attendant reduction-in-force in

January 2006 and Bonneville's subsequent failure to rehire him.

2.    On May 2, 2007, undersigned counsel for Bonneville, having agreed to accept

service on behalf of Bonneville, received by hand delivery a copy of the Summons and

Complaint. Copies of the Summons and Complaint and the letter from Donohoe's counsel are attached hereto as Exhibit A.

3.    No further proceedings have taken place herein.

4.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of May 2, 2007, the first day that Bonneville was formally served with the Summons and Complaint. Removal is therefore timely pursuant to 28 U.S.C. § 1446 (b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). *See also Holmes v. PHI Service Co.*, 437 F. Supp. 2d 110 (D.D.C. 2006).

5.    Pursuant to 28 U.S.C. § 1441(a), this action is properly removed to the United States District Court for the District of Columbia, the federal district court for the district and division embracing the place where the District of Columbia Superior Court suit is pending.

6.    This Court has original jurisdiction over this action as provided by U.S.C. § 1332 because Bonneville and Donohoe are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1332(a).

7.    This is a civil action between citizens of different states. Plaintiff Donohoe, a citizen and resident of the United States, is an individual residing in the Commonwealth of Virginia. Compl. ¶ 5. Defendant Bonneville is and was at the time the action was commenced a Utah corporation with its principal place of business in Salt Lake City, Utah. Accordingly, complete diversity exists between plaintiff and defendant.

8.    In addition, Donohoe seeks, *inter alia*, front salary and benefits in the amount of $5 million. Donohoe also seeks back salary and fringe benefits up to the date of reinstatement or judgment and all compensatory and punitive damages permitted by the DCHRA, including but not limited to damages for humiliation, pain, embarrassment and other damages. Thus, the

2

amount in controversy exceeds $75,000, exclusive of interests and costs – the amount required for removal.

9.    Bonneville will file a Notice of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Civil Division, Superior Court of the District of Columbia, 500 Indiana Avenue, N.W., Washington, D.C. 20001, pursuant to 28 U.S.C. § 1446(d). A copy of said notice is attached hereto as Exhibit B.

10.    Bonneville will serve written notice on opposing counsel of the filing of this Notice of Removal and copies of this Notice of Removal will be served on opposing counsel pursuant to 28 U.S.C. § 1446(d). A copy of said notice is attached hereto as Exhibit C.

11.    By this Notice of Removal, Bonneville does not waive any objections it may have to service, jurisdiction, or venue, and any defenses or objections to this action.

WHEREFORE, Bonneville prays that the above-entitled action now pending in the Superior Court of the District of Columbia, Civil Division, be removed therefrom to this Court.

Dated this 22nd day of May 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


*Constance M. Pendleton*
Richard L. Cys  (D.C. Bar No. 087536)
Constance M. Pendleton (D.C. Bar 456919)
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, DC 20006-3402
(202) 973-4200
(202) 973-4499 facsimile
richardcys@dwt.com
conniependleton@dwt.com

Counsel for Defendant Bonneville International
Corporation

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2007, a copy of the foregoing Notice of Removal of Action was served via hand-delivery upon:

> Thomas L. McCally, Esq.
> Carr Maloney P.C.
> 1615 L Street, N.W.
> Suite 500
> Washington, D.C. 20036-5652

_Constance M Pendleton_

Constance M. Pendleton

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **LEO DONOHOE,** | : |
| 3212 North Columbus Street | : |
| Arlington, Virginia 22209 | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **vs.** | :    **Civil Action No.:** _____ |
| | : |
| **BONNEVILLE INTERNATIONAL** | : |
| **CORPORATION,** | : |
| 55 North 300 West | : |
| Salt Lake City, Utah 84180 | : |
| | : |
| **Defendant.** | : |


**EXHIBIT C TO**
**NOTICE OF REMOVAL OF ACTION**

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

LEO DONOHOE,                              :
3212 North Columbus Street               :
Arlington, Virginia 22209                :
                                         :
       **Plaintiff,**                :    **Case No. 0002951-07**
                                         :
**vs.**                                  :    **Next Event: Initial Conference**
                                         :    **July 27, 2007 at 9:30 a.m.**
**BONNEVILLE INTERNATIONAL**             :
**CORPORATION,**                         :    **Hon. Judith Bartnoff**
55 North 300 West                        :
Salt Lake City, Utah 84180               :
                                         :
       **Defendant.**               :

**NOTICE TO OPPOSING COUNSEL OF REMOVAL**
**OF ACTION TO FEDERAL COURT**

**TO:**   Thomas L. McCally
        Carr Maloney P.C.
        1615 L Street, N.W.
        Suite 500
        Washington, D.C. 20036-5652

    PLEASE TAKE NOTICE that Bonneville International Corporation ("Bonneville"),

defendant in the above-captioned matter, has on this 21st day of May, 2007 filed, in the United

States District Court for the District of Columbia, its Notice of Removal of the above-styled

action from the Superior Court of the District of Columbia (a copy of said Notice is attached

hereto) to the United States District Court for the District of Columbia, together with copies of

all process, pleadings and orders filed by the plaintiff Leo Donohoe ("Donohoe") in the Superior

Court of the District of Columbia, as required by 28 U.S.C. § 1446.

    You are also advised that Bonneville, upon filing said Notice, filed a Notice of Removal

of Action to Federal Court with the Clerk, Civil Division, Superior Court of the District of

Columbia, and attached thereto copies of the following: (1) Notice of Removal of Action, and (2) this Notice to Opposing Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for the District of Columbia, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, and no further proceedings may be had in this action in the Superior Court of the District of Columbia.

Dated this 22nd day of May, 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

     Constance M. Pendleton  /s/
Richard L. Cys  (D.C. Bar No. 087536)
Constance M. Pendleton (D.C. Bar 456919)
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, DC  20006-3402
(202) 973-4200
(202) 973-4499 facsimile
richardcys@dwt.com
conniependleton@dwt.com

Counsel for Defendant Bonneville International
Corporation

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of May, 2007, a copy of the foregoing Defendants' Notice to Opposing Counsel of Removal of Action to Federal Court was served electronically and via hand-delivery upon:

> Thomas L. McCally
> Carr Maloney P.C.
> 1615 L Street, N.W.
> Suite 500
> Washington, D.C. 20036-5652

Constance M. Pendleton /s/
Constance M. Pendleton

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **LEO DONOHOE,** | : | |
| 3212 North Columbus Street | : | |
| Arlington, Virginia 22209 | : | |
| | : | |
| **Plaintiff,** | : | Case No. 0002951-07 |
| | : | |
| **vs.** | : | **Next Event: Initial Conference** |
| | : | **July 27, 2007 at 9:30 a.m.** |
| **BONNEVILLE INTERNATIONAL** | : | |
| **CORPORATION,** | : | **Hon. Judith Bartnoff** |
| 55 North 300 West | : | |
| Salt Lake City, Utah 84180 | : | |
| | : | |
| **Defendant.** | : | |

**ATTACHMENT TO**
**NOTICE TO OPPOSING COUNSEL OF REMOVAL**
**OF ACTION TO FEDERAL COURT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| **LEO DONOHOE,**<br>3212 North Columbus Street<br>Arlington, Virginia 22209 | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Civil Action No.:** _____ |
| | : | |
| **BONNEVILLE INTERNATIONAL<br>CORPORATION,**<br>55 North 300 West<br>Salt Lake City, Utah 84180 | : | |
| | : | |
| **Defendant.** | : | |

**NOTICE OF REMOVAL OF ACTION**

TO:   **The United States District Court
for the District of Columbia**

Defendant Bonneville International Corporation ("Bonneville"), through its undersigned

counsel, gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that it is removing this case to the

United States District Court for the District of Columbia.  In support of this Notice, Bonneville

avers as follows:

1.      On April 26, 2007, plaintiff Leo Donohoe ("Donohoe") filed the above-entitled

action, Civil Action No. 0002951-07, against defendant Bonneville in the Superior Court of the

District of Columbia, Civil Division.  The Complaint is for age discrimination under the District

of Columbia Human Rights Act ("DCHRA"), D.C. Code §2-1401 *et seq.*, based upon

Bonneville's termination of Donohoe's employment pursuant to a major restructuring of

operations of Bonneville's Washington, D.C. Radio Group and an attendant reduction-in-force in

January 2006 and Bonneville's subsequent failure to rehire him.

2.      On May 2, 2007, undersigned counsel for Bonneville, having agreed to accept

service on behalf of Bonneville, received by hand delivery a copy of the Summons and

Complaint. Copies of the Summons and Complaint and the letter from Donohoe's counsel are attached hereto as Exhibit A.

      3.     No further proceedings have taken place herein.

      4.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of May 2, 2007, the first day that Bonneville was formally served with the Summons and Complaint. Removal is therefore timely pursuant to 28 U.S.C. § 1446 (b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). *See also Holmes v. PHI Service Co.*, 437 F. Supp. 2d 110 (D.D.C. 2006).

      5.     Pursuant to 28 U.S.C. § 1441(a), this action is properly removed to the United States District Court for the District of Columbia, the federal district court for the district and division embracing the place where the District of Columbia Superior Court suit is pending.

      6.     This Court has original jurisdiction over this action as provided by U.S.C. § 1332 because Bonneville and Donohoe are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1332(a).

      7.     This is a civil action between citizens of different states. Plaintiff Donohoe, a citizen and resident of the United States, is an individual residing in the Commonwealth of Virginia. Compl. ¶ 5. Defendant Bonneville is and was at the time the action was commenced a Utah corporation with its principal place of business in Salt Lake City, Utah. Accordingly, complete diversity exists between plaintiff and defendant.

      8.     In addition, Donohoe seeks, *inter alia*, front salary and benefits in the amount of $5 million. Donohoe also seeks back salary and fringe benefits up to the date of reinstatement or judgment and all compensatory and punitive damages permitted by the DCHRA, including but not limited to damages for humiliation, pain, embarrassment and other damages. Thus, the

amount in controversy exceeds $75,000, exclusive of interests and costs – the amount required for removal.

9.     Bonneville will file a Notice of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Civil Division, Superior Court of the District of Columbia, 500 Indiana Avenue, N.W., Washington, D.C.  20001, pursuant to 28 U.S.C. § 1446(d).  A copy of said notice is attached hereto as Exhibit B.

10.     Bonneville will serve written notice on opposing counsel of the filing of this Notice of Removal and copies of this Notice of Removal will be served on opposing counsel pursuant to 28 U.S.C. § 1446(d).  A copy of said notice is attached hereto as Exhibit C.

11.     By this Notice of Removal, Bonneville does not waive any objections it may have to service, jurisdiction, or venue, and any defenses or objections to this action.

WHEREFORE, Bonneville prays that the above-entitled action now pending in the Superior Court of the District of Columbia, Civil Division, be removed therefrom to this Court.

Dated this 22nd day of May 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


*Constance M Pendleton*

Richard L. Cys  (D.C. Bar No. 087536)
Constance M. Pendleton (D.C. Bar 456919)
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, DC  20006-3402
(202) 973-4200
(202) 973-4499 facsimile
richardcys@dwt.com
conniependleton@dwt.com

Counsel for Defendant Bonneville International Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2007, a copy of the foregoing Notice of Removal of Action was served via hand-delivery upon:

Thomas L. McCally, Esq.
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036-5652

*Constance M Pendleton*
Constance M. Pendleton

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LEO DONOHOE<br>3212 North Columbus Street<br>Arlington, Virginia 22209 | BONNEVILLE INTERNATIONAL CORPORATION<br>55 North 300 West<br>Salt Lake City, Utah 84180 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Thomas L. McCally, Esq.<br>Carr Maloney PC<br>1615 L Street, NW, Suite 500<br>Washington, DC  20036<br>Phone:  (202) 310-5500 | Richard L. Cys, Esq.<br>Constance M. Pendleton, Esq.<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Avenue, NW, Suite 200<br>Washington, DC  20006<br>Phone: (202) 973-4200 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)
Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ◉ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☒ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act) *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

○ **1 Original Proceeding** ◉ **2 Removed from State Court** ○ **3 Remanded from Appellate Court** ○ **4 Reinstated or Reopened** ○ **5 Transferred from another district (specify)** ○ **6 Multi district Litigation** ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Claim for age discrimination in employment pursuant to D.C. Human Rights Act D.C. Code Section 2-1401.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** Unspecified Amount   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐ NO ☒   If yes, please complete related case form.

DATE 05/22/2007   SIGNATURE OF ATTORNEY OF RECORD   *Constance Pendleton*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    **I.**        COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    **III.**      CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    **IV.**      CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    **VI.**      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    **VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.