IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| LEO DONOHOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 1:07-cv-00949 (RWR) |
| | : | |
| BONNEVILLE INTERNATIONAL CORPORATION, | : | |
| | : | |
| Defendant. | : | |

### ANSWER

Defendant Bonneville International Corporation ("Bonneville" or "Defendant"), by its attorneys, as and for its Answer to Plaintiff Leo Donohoe's ("Donohoe" or "Plaintiff") Complaint (the "Complaint"), and pursuant to Fed. R. Civ. P. 81(c), alleges as follows:

### I.   PRELIMINARY STATEMENT

**Complaint Paragraph 1**:

Plaintiff Leo Donohoe, files this action seeking compensatory and punitive damages, costs and attorney's fees for the age discrimination suffered by Plaintiff in connection with employment relationship with Defendant Bonneville Corporation, the termination thereof and Defendant's refusal to rehire Plaintiff.

**Answer to Paragraph 1**:   Denies each and every allegation contained in Paragraph 1 of the Complaint, but to the extent they call for a legal conclusion, they need not be admitted or denied.

1

## II.   JURISDICTION

**Complaint Paragraph 2**:

This action is brought pursuant to the District of Columbia Human Rights Act (DCHRA), D.C. Code §2-1401 *et seq*.

**Answer to Paragraph 2**: Denies each and every allegation contained in Paragraph 2 of the Complaint, but to the extent they call for a legal conclusion, they need not be admitted or denied.

**Complaint Paragraph 3**:

Jurisdiction is invoked pursuant to D.C. Code Sections 2-1403.16, 11-921, and 13-423 (2001 Ed.).

**Answer to Paragraph 3**: Denies each and every allegation in Paragraph 3 of the Complaint. This action was properly removed to this Court. Jurisdiction is founded upon 28 U.S.C. §1332. But to the extent the allegations in Paragraph 3 of the Complaint call for legal conclusions, they need not be admitted or denied.

**Complaint Paragraph 4**:

Venue is proper as most of the acts complained of herein occurred within the District of Columbia.

**Answer to Paragraph 4**: Paragraph 4 of the Complaint calls for a legal conclusion and need not be admitted or denied.

## III.   PARTIES

**Complaint Paragraph 5**:

Plaintiff is a citizen of the United States, and is currently a resident of the State of Virginia.

**Answer to Paragraph 5:** Upon information and belief, admits the allegations contained in Paragraph 5 of the Complaint.

**Complaint Paragraph 6:**

Defendant Bonneville International Corporation is a corporation authorized to do business and doing business in the District of Columbia, and is an employer within the meaning of D.C. Code Section 2-1401.2 (10).

**Answer to Paragraph 6:** Admits that Bonneville is a corporation authorized to do business and doing business in the District of Columbia, but to the extent that Paragraph 6 of the Complaint calls for a legal conclusion, it need not be admitted or denied.

## IV. FACTUAL BACKGROUND

**Complaint Paragraph 7:**

Plaintiff is currently fifty-two (52) years old.

**Answer to Paragraph 7:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

**Complaint Paragraph 8:**

Plaintiff began working at the radio station WTOP 1500 AM (hereinafter WTOP) in July of 1986. At that time, WTOP was owned by Outlet Communications. Plaintiff's responsibilities included selling WTOP, Orioles baseball, and WTKS 102.3 FM, a soft-rock station that was later sold.

**Answer to Paragraph 8:** Admits that Donohoe was hired by WTOP in 1986 but avers that Bonneville did not purchase WTOP until 1997. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint.

**Complaint Paragraph 9**:

In November 1995, Plaintiff was promoted to National Sales Manager for WTOP.

**Answer to Paragraph 9**: **Admits the allegations contained in Paragraph 9 of the Complaint to the extent that Donohoe was National Sales Manager for Evergreen, prior owner of WTOP, when Bonneville purchased WTOP in 1997.**

**Complaint Paragraph 10**:

From 1986 through 1997, WTOP was purchased by various owners. Ultimately, WTOP was purchased by Defendant Bonneville International Corporation (hereinafter, Bonneville) in October 1997. Although the ownership of WTOP changed from 1986 through 1997, Plaintiff remained an employee of WTOP during that entire time period.

**Answer to Paragraph 10**: **Upon information and belief, admits the allegations in Paragraph 10 of the Complaint.**

**Complaint Paragraph 11**:

From the time that Bonneville purchased WTOP in 1997 through the time of his termination in January of 2006, Plaintiff held the position of National Sales Manager for WTOP.

**Answer to Paragraph 11**: **Admits the allegations contained in Paragraph 11 of the Complaint.**

**Complaint Paragraph 12**:

On two separate occasions, in recognition of his ability and expertise in the area of National Sales, Bonneville expanded Plaintiff's duties to include National Sales for another radio station, WGMS.

**Answer to Paragraph 12**: **Denies each and every allegation in Paragraph 12 of the Complaint, but admits that Donohoe's duties included National Sales for Bonneville radio**

station, WGMS, in the late 1990s, until that position was restructured, and National Sales for WGMS and WTOP from May 2002 until January 2006.

**Complaint Paragraph 13**:

At all times relevant hereto, Plaintiff's performance as National Sales Manager for WTOP met and/or exceeded job expectations. In May of 2002, his job duties were expanded for the second time to include National Sales for WGMS, a separate Radio Station owned by Bonneville Corporation. Plaintiff continued to be responsible for National Sales for both WTOP and WGMS until his termination in 2006. Plaintiff received positive evaluations and accolades for the work he performed.

**Answer to Paragraph 13**:    Denies each and every allegation in Paragraph 13 of the Complaint, but admits that Donohoe's duties included National Sales for another Bonneville radio station, WGMS, from May 2002 until January 2006, during which time he also served as National Sales Manager for WTOP.

**Complaint Paragraph 14**:

Although Plaintiff was National Sales Manager for WGMS and WTOP, the vast majority of the work Plaintiff performed related to WTOP. At all times relevant hereto, Plaintiff's job performance as National Sales Manager for WGMS, like his performance for WTOP, met and/or exceeded job expectations.

**Answer to Paragraph 14**:    Denies each and every allegation in Paragraph 14 of the Complaint.

**Complaint Paragraph 15**:

Bonneville Market Comptroller, Linda Pfluger, informed Plaintiff that National Sales was, on a per unit basis, more profitable than local sales on a per unit basis for the stations that

Plaintiff was working with at that time. Plaintiff's experience, dedication and overall exemplary performance resulted in the profitability of National Sales for Bonneville.

**Answer to Paragraph 15:** **Denies each and every allegation in Paragraph 15 of the Complaint, and denies knowledge or information sufficient to form a belief as to what, if anything, Linda Pfluger told Donohoe.**

**Complaint Paragraph 16:**

Plaintiff's performance, dedication and skill earned Plaintiff a stellar reputation within the industry. In December 2005, Plaintiff was nominated for National Sales Manager of the Year by Radio Ink, a highly regarded industry magazine.

**Answer to Paragraph 16:** **Denies each and every allegation in Paragraph 14 of the Complaint, but admits upon information and belief that Donohoe was nominated for National Sales Manager of the Year by Radio Ink, a radio trade publication award with an open nomination process, but states, upon information and belief, that Donohoe was not selected as a finalist or winner of the award.**

**Complaint Paragraph 17:**

In January of 2006, Defendant Bonneville terminated all employees who worked in a sales capacity for WGMS and WWZZ.

**Answer to Paragraph 17:** **Admits the allegations contained in Paragraph 17 of the Complaint but avers that the Continuity Coordinator and the Traffic Continuity Director positions for WGMS, within the Sales group of Bonneville's Washington D.C. Radio Group, were not eliminated.**

**Complaint Paragraph 18:**

Notwithstanding Plaintiff's exemplary performance over almost a twenty year period, and notwithstanding the fact that Plaintiff's job duties primarily related to work performed for

6

WTOP, Plaintiff's employment with Defendant Bonneville was included in the number of employees terminated from WGMS and WWZZ in January of 2006.

**Answer to Paragraph 18:** **Admits that Donohoe was included among the employees terminated in the January 2006 reduction-in-force ("RIF") of Bonneville's Washington D.C. Radio Group pursuant to a major restructuring of business operations, but denies each and every other allegation in Paragraph 18 of the Complaint.**

**Complaint Paragraph 19**:

Plaintiff was terminated just prior to his twenty year anniversary of working at WTOP.

**Answer to Paragraph 19:** **Upon information and belief, admits the allegations contained in Paragraph 19 of the Complaint but avers that Bonneville began employing Donohoe in 1997, when Bonneville purchased WTOP and when Donohoe was already over 40 years of age, until 2006, when Donohoe was terminated in the RIF of Bonneville's Washington D.C. Radio Group pursuant to a major restructuring of business operations.**

**Complaint Paragraph 20**:

Plaintiff's termination effectively ended his nearly twenty years of service to WTOP and related radio stations, depriving him of maximum pension and other retirement benefits.

**Answer to Paragraph 20:** **Denies each and every allegation in Paragraph 20 of the Complaint.**

**Complaint Paragraph 21**:

Plaintiff was the only WTOP sales manager included in the January 2006 terminations.

**Answer to Paragraph 21:** **Admits the allegations contained in Paragraph 21 of the Complaint.**

**Complaint Paragraph 22**:

Only one other WTOP employee was included in the RIF. That individual was under forty, and was subsequently rehired by Bonneville.

**Answer to Paragraph 22**: Admits the allegations contained in Paragraph 22 of the Complaint.

**Complaint Paragraph 23**:

A large number of employees included in the January 2006 termination were over forty.

**Answer to Paragraph 23**: Denies each and every allegation in Paragraph 23 of the Complaint.

**Complaint Paragraph 24**:

At the time of his termination, Plaintiff was over forty.

**Answer to Paragraph 24**: Upon information and belief, admits the allegations contained in Paragraph 24 of the Complaint.

**Complaint Paragraph 25**:

All employees who were terminated were informed that they could reapply for open positions within Defendant Bonneville and the radio stations that it owned.

**Answer to Paragraph 25**: Admits the allegations contained in Paragraph 25 of the Complaint.

**Complaint Paragraph 26**:

Plaintiff reapplied for the position of Director of National Sales/Sports Sales Manager. This position encompassed all of the job duties that Plaintiff had previously performed.

**Answer to Paragraph 26**: Denies each and every allegation contained in Paragraph 26 of the Complaint, but avers that Donohoe applied for the newly-created position of Director

of National Sales/Sports Sales Manager for Bonneville radio stations WTOP, Washington Post Radio, WGMS and WFED. The newly-created position differed in duties from the position previously held by Donohoe, which was eliminated in the RIF.

**Complaint Paragraph 27**:

Plaintiff was extremely well qualified for this position, as he had successfully performed all job duties for nearly twenty years. Furthermore, Plaintiff had a significant amount of sports sales experience both locally and nationally.

**Answer to Paragraph 27**: **Denies each and every allegation contained in Paragraph 27 of the Complaint.**

**Complaint Paragraph 28**:

Plaintiff was the most qualified candidate for the position.

**Answer to Paragraph 28**: **Denies each and every allegation contained in Paragraph 28 of the Complaint.**

**Complaint Paragraph 29**:

Despite Plaintiff's exemplary performance and high level of experience, Defendant hired a much younger, less qualified individual for the position of Director of National Sales/Sports Sales Manager.

**Answer to Paragraph 29**: **Denies each and every allegation contained in Paragraph 29 of the Complaint but admits that the individual Bonneville hired to fill the newly-created position was then 28 years old.**

**Complaint Paragraph 30**:

The individual that was hired, Mike Spacciapolli, was 28 year [sic] old at the time that he was selected for the position. His experience and performance pales in comparison to Plaintiff's.

**Answer to Paragraph 30:** Admits, upon information and belief, that Bonneville rehired Mike Spacciapolli and that Mr. Spacciapolli was 28 years old at the time that he was selected for the position. But denies the remaining allegations contained in Paragraph 30 of the Complaint and avers that Michael Spacciapolli was the most qualified candidate for the position. Mr. Spacciapolli had been with Bonneville for six years as an Account Executive, a National Sales Manager, a Local Sales Manager, and a General Sales Manager for WWZZ. Mr. Spacciapolli had previous experience managing account executives for sports sales, which Mr. Donohoe did not. In contrast to Mr. Donohoe, Mr. Spacciapolli had a strong relationship with the Washington Nationals baseball team and had been integral in Bonneville's negotiations to broadcast Nationals' baseball games.

**Complaint Paragraph 31:**

Mr. Spacciapolli was not able to successfully perform the duties associated with the position of Director of National Sales/Sports Sales Manager. He was ultimately removed from the position.

**Answer to Paragraph 31:** Denies each and every allegation contained in Paragraph 31 of the Complaint and avers that while Mr. Spacciapolli held the position of Director of National Sales/Sports Sales Manager, he achieved performance numbers superior to those Mr. Donohoe achieved. Because of his success in the new position, Mr. Spacciapolli was promoted to be WTOP's new Local Sales Manager on July 19, 2006.

**Complaint Paragraph 32:**

Defendant Bonneville continued its patterns and practice of age discrimination, again hiring a younger, less qualified individual for the position of Director of National Sales/Sports Sales Manager.

**Answer to Paragraph 32**: Denies each and every allegation contained in Paragraph 32 of the Complaint, but to the extent they call for a legal conclusion, they need not be admitted or denied.

**Complaint Paragraph 33**:

Out of all the sales employees that reapplied for positions within Defendant Bonneville, only one of the older employees was retained or rehired. Bonneville engaged in a pattern and practice of retaining and rehiring primarily younger employees.

**Answer to Paragraph 33**: Denies each and every allegation contained in Paragraph 33 of the Complaint.

**Complaint Paragraph 34**:

Bonneville's actions were motivated by an improper and illegal desire to get rid of older employees and replace them with a younger sales workforce.

**Answer to Paragraph 34**: Denies each and every allegation contained in Paragraph 34 of the Complaint.

**Complaint Paragraph 35**:

Bonneville discriminated against Plaintiff on the basis of age in the termination of Plaintiff from employment.

**Answer to Paragraph 35**: Denies each and every allegation contained in Paragraph 35 of the Complaint, but to the extent they call for a legal conclusion, they need not be admitted or denied.

**Complaint Paragraph 36**:

In an effort to disguise the true motivation for the termination of Plaintiff, age discrimination, Defendant improperly classified Plaintiff's termination as a Reduction in Force,

and Plaintiff was inappropriately included in the group of employees that was terminated in January of 2006.

**Answer to Paragraph 36:** **Denies each and every allegation contained in Paragraph 36 of the Complaint.**

**Complaint Paragraph 37:**

Plaintiff was again discriminated against by Defendant on the basis of age when Defendant refused to rehire Plaintiff, instead selecting a much younger, much less qualified individual to assume the position of Director of National Sales/Sports Sales Manager and the job duties previously held by the Plaintiff.

**Answer to Paragraph 37:** **Denies each and every allegation contained in Paragraph 37 of the Complaint.**

**Complaint Paragraph 38:**

On January 2, 2007, the parties entered into a tolling agreement, effectively tolling the statute of limitations for a total of one hundred and twenty (120) days. The Plaintiff has filed this action within the 120 day period set forth in the agreement.

**Answer to Paragraph 38:** **Admits the allegations contained in Paragraph 38 of the Complaint.**

V. **AGE DISCRIMINATION**

**Complaint Paragraph 39:**

The allegations of each of the foregoing paragraphs are incorporated herein as if realleged.

**Answer to Paragraph 39:** **In response to the allegations contained in Paragraph 39 of the Complaint, Defendant Bonneville incorporates and realleges each and every answer contained in Paragraphs 1-38 hereof as if fully set forth herein.**

12

**Complaint Paragraph 40**:

Upon information and belief, Defendant followed and is continuing to follow a policy and practice of discrimination against the Plaintiff and others because of their age in violation of the DCHRA, D.C. Code §2-1401 *et seq.*

**Answer to Paragraph 40:** **Denies each and every allegation contained in Paragraph 40 of the Complaint, but to the extent they call for a legal conclusion, they need not be admitted or denied.**

**Complaint Paragraph 41**:

The effect of the policies and practices pursued by the Defendant as alleged above constituted discrimination against the Plaintiff, which limited the Plaintiff in substantive ways and rendered him incapable of continuing employment with the Defendant.

**Answer to Paragraph 41:** **Denies each and every allegation contained in Paragraph 41 of the Complaint, but to the extent they call for a legal conclusion, they need not be admitted or denied.**

**Complaint Paragraph 42**:

The discriminatory policies and practices of the Defendant deprived the Plaintiff of employment opportunities and otherwise adversely affected his status as an employee because of his age in violation of the DCHRA.

**Answer to Paragraph 42:** **Denies each and every allegation contained in Paragraph 42 of the Complaint, but to the extent they call for a legal conclusion, they need not be admitted or denied.**

**Complaint Paragraph 43**:

This conduct of Defendant was actuated by malice and reckless indifference to the Plaintiff's statutorily protected rights.

**Answer to Paragraph 43**: Denies each and every allegation contained in Paragraph 43 of the Complaint, but to the extent they call for a legal conclusion, they need not be admitted or denied.

**Complaint Paragraph 44**:

As a direct and proximate result of this discrimination, the Plaintiff has suffered and continues to suffer injury and damages, including past and future loss of income in the form of wages, prospective retirement benefits, social security and other benefits due to him as an employee, severe emotional pain and suffering, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and other injury.

**Answer to Paragraph 44**: Denies each and every allegation contained in Paragraph 44 of the Complaint, but to the extent they call for a legal conclusion, they need not be admitted or denied.

## VI.   PRAYER FOR RELIEF

To the extent a response is required, Bonneville denies that Donohoe is entitled to the relief prayed for in Paragraph 45 of his Complaint.

## VII.   JURY DEMAND

Admits that Donohoe requests a jury trial.

## VIII.   AFFIRMATIVE AND OTHER DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

## AS FOR A FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## AS FOR A SECOND DEFENSE

The claims in the Complaint are barred, in whole or in part, because Donohoe has not alleged and cannot show any direct evidence of age discrimination.

## AS FOR A THIRD DEFENSE

The claims in the Complaint are barred, in whole or in part, because Donohoe has not alleged and cannot show any indirect evidence of age discrimination.

## AS FOR A FOURTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Donohoe has not alleged and cannot show a *prima facie* case of age discrimination.

## AS FOR A FIFTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because there were legitimate business reasons for Bonneville's termination and no discriminatory, retaliatory or other unlawful factors motivated Bonneville's actions toward Donohoe.

## AS FOR A SIXTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Donohoe has not alleged and cannot show that Bonneville's stated reasons for Donohoe's termination were pretextual.

## AS FOR A SEVENTH DEFENSE

The claims in the complaint are barred, in whole or in part, because Donohoe's termination was due to reasonable factors other than age.

## AS FOR AN EIGHTH DEFENSE

Any and all conduct of which Donohoe complains was a just and proper exercise of management discretion on the part of Bonneville and its agents and employees, undertaken for fair and honest reasons in good faith and based upon a reasonable belief that Bonneville was in compliance with the law, under circumstances then existing.

## AS FOR A NINTH DEFENSE

Donohoe has failed to comply with his duty to mitigate alleged damages, if any (his entitlement to recovery for which is expressly denied); alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or any other earnings or remunerations, profits and benefits actually received by Donohoe.

## AS FOR A TENTH DEFENSE

The imposition of punitive damages against Bonneville in this case would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, provisions of the Constitution of the District of Columbia and the common law.

## AS FOR AN ELEVENTH DEFENSE

In the alternative, Bonneville asserts all statutory and common law limitations upon punitive damages, including that Donohoe cannot satisfy his burden of establishing any malice or evil motive on the part of Bonneville or that Bonneville ratified any discriminatory conduct.

## AS FOR A TWELFTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Donohoe, by his conduct, is estopped to pursue some or all of the claims he asserts.

## AS FOR A THIRTEENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Donohoe has waived some or all of the claims he asserts.

Bonneville reserves the right to amend its answer to state additional affirmative or other defenses as may be found in discovery.

## **RELIEF SOUGHT**

WHEREFORE, Bonneville respectfully requests that Plaintiff Leo Donohoe's Complaint be dismissed with prejudice in its entirety, together with costs and disbursements of this action and such further relief as is just and proper.

Dated: May 30, 2007

                                        Respectfully submitted,

                                        DAVIS WRIGHT TREMAINE LLP

                                        _____/s/_____
                                        Richard L. Cys (D.C. Bar No. 087536)
                                        Constance M. Pendleton (D.C. Bar No. 456919)
                                        1919 Pennsylvania Avenue, N.W.
                                        Suite 200
                                        Washington, DC 20006-3402
                                        (202) 973-4200
                                        (202) 973-4499 facsimile

                                        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of May, 2007, a copy of the foregoing Answer was served electronically upon:

Thomas L. McCally, Esq.
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036-5652

_____/s/_____
Constance M. Pendleton