**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CIVIL DIVISION**

| | | |
|---|---|---|
| LEO DONOHOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 07-949 (RWR) |
| | : | |
| BONNEVILLE INT'L CORP., | : | |
| | : | |
| Defendant. | : | |

**JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3**

Pursuant to Local Civil Rule 16.3 and this Court's Order of August 27, 2007, the parties' respective counsel conferred by telephone on October 15, 2007, and discussed the matters outlined in LCvR 16.3(c) and the matters required to be addressed in the Court's August 27, 2007, Order. The following is a summary of that meeting:

A.    **Plaintiff Donohoe's Statement of the Case.**

Plaintiff, Leo Donohoe, filed this action seeking to recover damages he sustained as the direct result of the Defendant, Bonneville Corporation's, wrongful termination of and refusal to rehire Mr. Donohoe on the basis of his age. Mr. Donohoe, who is and was over forty at the time of termination, was terminated from employment with Defendant after nearly twenty years of employment with WTOP and related radio stations. Mr. Donohoe's termination was improperly motivated by age discrimination, and was part of a pattern and practice employed by Defendant to eliminate older members if its workforce, particularly in the area of sales and marketing.

After wrongfully terminating Mr. Donohoe and others, Defendant hired/rehired only the younger members of the workforce, particularly in the area of sales and marketing. Mr. Donohoe was again discriminated against by Defendant on the basis of age when Defendant refused to rehire Plaintiff, instead selecting a much younger, much less qualified individual to assume the position of Director of National Sales/Sport Sales Manager and the job duties previously held by Mr. Donohoe.

Mr. Donohoe has suffered losses in the form of front and back pay and benefits, has suffered emotional and mental anguish, and has suffered other damages.

Defendant improperly discriminated against Mr. Donohoe on the basis of his age, in violation of the District of Columbia Human Rights Act (DCHRA), D.C. Code §2-1401, *et. seq.*

Plaintiff disagrees completely with the Defendant's factual assertions and legal conclusions that are set forth below.

It is Plaintiff's position that it is not appropriate in the context of this preliminary statement of issues to provide a full legal and factual analysis of this matter. Plaintiff is confident that he will be able to establish a prima facie case of age discrimination, and that he will be able to establish that the proffered reasons for the employment decisions were mere pretext for age discrimination. In the event that the Court would like further briefing of the issues at this time, Plaintiff would be happy to provide extensive briefing of the undisputed facts currently known and the legal issues that impact this matter. Furthermore, it is anticipated that discovery, which has yet to be conducted, will reveal further evidence of discriminatory animus.

**B.    Defendant Bonneville's Statement of the Case.**

Pursuant to the Court's August 27, 2007, Order for Initial Scheduling Conference, Defendant Bonneville International Corporation ("Bonneville") submits this statement of the

case.    This case involves allegations of age discrimination brought against Bonneville by a former sales employee of Bonneville's Washington DC Radio Group, Leo Donohoe.    Mr. Donohoe alleges that Bonneville discriminated against him on the basis of age when it terminated him from employment in connection with a major restructuring of the operations of Bonneville's Washington DC Radio Group and an attendant reduction-in-force ("RIF") and subsequently failed to rehire him.

### 1.    Factual Background

Bonneville is an award-winning broadcasting company that currently owns, *inter alia*, 23 radio stations throughout the country, including four (4) radio stations in Washington, DC: WTOP, WTPW, WGMS and WFED.    In January 2006, after a very successful year for Bonneville's Washington, DC stations, Bonneville restructured its operations and programming in its Washington DC Radio Group as part of a company-wide strategic initiative to acquire new "news/talk formats" and to bolster existing "news/talk formats."    The restructuring of Bonneville's Washington Radio Group and overall efforts to improve operational efficiency necessitated personnel changes.

On January 4, 2006, Bonneville instituted a reduction in force to coincide with the format changes.    Fifty-one full-time, part-time and on-call employees -- including Mr. Donohoe, an at-will employee -- were terminated.    All but one of the sales persons and sales managers laid off in the RIF reapplied for a new position with Bonneville.    Bonneville was able to rehire only ten of the former fifty-one employees.

Mr. Donohoe began his employment with Bonneville when he was over 40 years of age. He was serving as National Sales Manager of WTOP and as National Sales Manager for WGMS

when the reorganization went into effect.  At the time of the RIF, Mr. Donohoe was 51 years old.

Fifteen (15) candidates, including Mr. Donohoe, applied for the new position of Director of

National Sales/Sports Sales for WTOP, WTWP, WGMS and WFED, a position that differed in

duties from the position previously held by Mr. Donohoe, which was eliminated in the

restructuring.  Many of the applicants were very well qualified for the position.  At no time was

the age of any candidate a consideration.

Bonneville determined that Michael Spacciapolli, age 28, who had been with Bonneville

for six years as an Account Executive, a National Sales Manager, a Local Sales Manager, and

General Sales Manager, was the most qualified candidate for the position.  Between the two, Mr.

Spacciapolli was without a doubt the superior candidate.  For example, Mr. Donohoe openly

complained about his supervisor and other aspects of his job.  Mr. Donohoe's supervisors had

reservations about his commitment and productivity.

Mr. Donohoe filed suit against Bonneville in D.C. Superior Court on April 26, 2007,

under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §2-1401 *et seq*.  Mr.

Donohoe claims Bonneville discriminated against him on the basis of age in terminating him

from employment and refusing to rehire him, instead selecting a younger and, allegedly, less

qualified individual.  Compl. ¶¶ 35, 37.  Mr. Donohoe claims he has suffered damages, including

past and future loss of income in the form of wages, prospective retirement benefits, social

security and other benefits, severe emotional pain and suffering, mental anguish, and loss of

enjoyment of life.  Compl. ¶ 44.

Mr. Donohoe seeks a declaratory judgment and an injunction against Bonneville.  He also

requests to be placed in the new position of Director of National Sales/Sports Sales Manager or,

in the alternative, front salary and benefits in the amount of $5 million for the period remaining until normal retirement.  Compl.  In addition, Mr. Donohoe seeks back salary and fringe benefits up to the date of judgment or instatement in the new position, plus prejudgment interest, as well as compensatory and punitive damages under the DCHRA, including damages for humiliation, pain, embarrassment, fees, costs and expenses, attorneys' and expert fees.  Bonneville removed the case to United States District Court for the District of Columbia on May 22, 2007, and filed its Answer on May 30, 2007.

### 2.        Summary of Legal Issues

The DCHRA provides that "It is the intent of the Council of the District of Columbia, in enacting this chapter, to secure an end in the District of Columbia to discrimination for any reason other than that of individual merit, including but not limited to discrimination by reason of  . . . age . . . "  DCHRA §2-1401.01 (2005).  Mr. Donohoe cannot prove age discrimination based on any direct evidence because he simply has no direct evidence that Bonneville acted with discriminatory animus.  Nor is there indirect evidence of discrimination.  District of Columbia courts have adopted United States Supreme Court's the *McDonnell Douglas* evidentiary standard for age discrimination suits under the DCHRA.  *See, e.g., Paquin v. Federal National Mortgage Ass'n,* 119 F.3d 23, 26 (D.C. Cir. 1997).  First, the terminated employee must establish a *prima facie* case of age discrimination.  If the four (4) necessary *prima facie* elements are met, the burden of proof then shifts to the employer to show some legitimate, nondiscriminatory reason for the employee's dismissal or failure to rehire.  If the employer sufficiently rebuts the presumption of discrimination, the burden shifts back to the employee to proffer evidence that that the employer's stated reasons for the dismissal/failure to rehire were in

fact pretextual in that they are unworthy of credence and that discrimination was the motivating factor for the employee's dismissal. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804 (1993); *Schoen*, 670 F. Supp. 370-71.

Mr. Donohoe cannot make out a *prima facie* case of age discrimination. While Mr. Donohoe falls within the protected class and was terminated pursuant to a RIF and not rehired, he cannot show he was performing his job according to Bonneville's legitimate expectations or, in the case of the alleged failure to rehire, was qualified for the new position. Nor can Mr. Donohoe show that he was disadvantaged in favor of younger employees. While the candidate Bonneville selected for the new position was 28, he was more highly qualified than Mr. Donohoe. In addition, a significantly greater number of employees under the age of 40 than over the age of 40 were terminated in the RIF. And, as many employees over the age of 40 as under age 40 were retained in the restructuring. What is more, 15 employees age 40 and above were hired and three (3) employees age 40 and above were promoted after the RIF. There is simply no evidence that Bonneville even considered Mr. Donohoe's age when they discharged him and declined to rehire him for the new position. Accordingly, Mr. Donohoe cannot even make out a *prima facie* case of age discrimination.

Moreover, Bonneville can articulate legitimate, nondiscriminatory reasons for the dismissal. Mr. Donohoe was dismissed pursuant to an across-the board restructuring for business reasons that necessitated a reduction-in-force policy. *Paquin*, 119 F.3d at 29 (when employer comes forward with legitimate non-discriminatory reasons for the termination, the presumption that arises from the *prima facie* case "simply drops out of the picture") (citations omitted).

Finally, Mr. Donohoe has no evidence that Bonneville's reasons for its employment actions were pretextual. As plaintiff, Mr. Donohoe must show not only that the defendant's proffered reasons are false, but also that actual age discrimination was the basis for the dismissal, or failure to rehire. *St. Mary's Hospital v. Hicks*, 509 U.S. 502, 515 (1995). Although Mr. Donohoe's supervisors generally gave him good reviews, his supervisors also had concerns about his judgment, professionalism and behavior on the job. Mr. Donohoe claims he was the only displaced employee who had responsibilities for WTOP. However, the restructuring included termination of the entire WGMS sales department – a station for which Mr. Donohoe also worked – due to the significant loss of and change to inventory accompanying the restructuring. Further, the RIF included both national sales employees – Mr. Donohoe (age 51) and another employee (age 27) – because of the change of focus and advertising inventory. Finally, budget performance and percent of station billing and national market performance increased after the restructure and RIF as compared to 2005, demonstrating that Bonneville's articulated business goals for the restructuring and RIF were achieved.

In sum, Bonneville denies any liability and, alternatively, asserts that Mr. Donohoe cannot demonstrate any damages attributable to Bonneville's allegedly wrongful actions.

C.    **Statutory Basis for All Causes of Action.**

Plaintiff Donohoe brings this action pursuant to the DCHRA D.C. Code §2-1401 *et seq*.

D.    **16.3(c) Topics.**

1.    **Dispositive Motions**.

Bonneville believes that the case may be disposed of by a summary judgment motions at some point during the proceedings. Regardless of any other recitations herein, Bonneville reserves the right to file such motion at anytime it sees fit.

      **2.**       **Joinder of Parties**.

The deadline for amending the pleadings or joining additional parties shall be November 19, 2007.

      **3.**       **Assignment to Magistrate Judge**.

The parties do not agree to have this matter tried by a magistrate but do agree that a magistrate may resolve discovery disputes.

      **4.**       **Settlement**.

The parties engaged in unsuccessful mediation on December 11, 2006, with JAMS mediator, Honorable Richard Levie (Ret.), but were unable to reach resolution due to their disagreements as to Bonneville's liability and the existence and extent of damages, if any.

      **5.**       **ADR**.

The parties do not believe that further mediation would be helpful.

      **6.**       **Summary Judgment**.

As set forth in item 8 below, the parties suggest that discovery close on March 31, 2008. If that date is accepted by the Court, the parties agree that summary judgment motions will be due not later than April 30, 2008, oppositions on May 30, 2008, and replies on  June 18, 2008. The proposed date for a decision on the motions is July 18, 2008.

      **7.**       **Initial Disclosures**.

The parties propose that the initial disclosures required by Rule 26.1 of the Federal Rules be exchanged on November 26, 2007.

      **8.**       **Discovery Schedule**.

The parties agree that the discovery schedule for standard cases should apply.  December 17, 2007, is an acceptable deadline for Post Rule 26(a) discovery requests.  March 31, 2008, is an

acceptable deadline for the completion of all discovery (including answers to interrogatories, document production, requests for admissions and depositions). The parties anticipate that 30 interrogatories and 30 document requests per party should be adequate. Plaintiff anticipates that ten depositions per party will be necessary. Defendant believes that five (5) depositions per party will be adequate.

9.    **Expert Witnesses**.

The parties agree that the provisions of Rule 26(a)(2) should apply to expert witness disclosures. If discovery closes on March 31, 2007, disclosures from all experts will be due December 21, 2007. Disclosures from rebuttal experts will be due January 22, 2008. Expert witness discovery will close March 31, 2008.

10.    **Class Action Issues**.

Not applicable.

11.    **Bifurcation**.

The parties agree that this case should not be bifurcated or managed in phases.

12.    **Pretrial conference**.

Given the possibility of filing dispositive motions, the parties suggest that the pretrial conference should occur on or about July 21, 2008.

13.    **Trial Date**.

The parties agree that the Court should set a trial date at the pretrial conference.

14.    **Other Matters**.

The parties agree that there are no other matters for the Court's consideration at this time.

DATED this 19th day of October, 2007.

Respectfully submitted,

CARR MALONEY P.C.                                    DAVIS WRIGHT TREMAINE LLP


                                                                                    /s/

_____                    _____
Thomas L. McCally, Esq. #391937                     Richard L. Cys, Esq., # 087536
1615 L Street, NW                                   Constance M. Pendleton, Esq., #456919
Suite 500                                           1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20036                                Washington, DC 20006-3402
(202) 310-5500/(202) 310-5555 (FAX)                 (202) 973-4200/(202) 973-4499 (FAX)
Attorneys for Plaintiff Leo Donohoe                 Attorneys for Defendant Bonneville
                                                      International Corporation