IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| LEO DONOHOE, | : |
|     Plaintiff, | : |
| v. | :   Civil Action No.: 07-949 (RWR) |
| BONNEVILLE INT'L CORP., | : |
|     Defendant. | : |

**CONSENT MOTION FOR PROTECTIVE ORDER**

Defendant Bonneville International Corporation ("Bonneville"), with the consent of plaintiff Leo Donohoe ("Donohoe"), moves this Court for a protective order governing the use and handling of confidential information.

The parties request the entry of this order pursuant to Fed. R. Civ. P. 26(c) so as to protect confidential information such as personal, proprietary, financial, and other sensitive information from unnecessary and harmful disclosure. Information for which the parties seek protection includes: personnel files and applications and other employee-related information; references; payroll information; home or personal addresses; dates of birth; Social Security numbers; information obtained from and regarding Defendant's representation firms; information of a competitively or commercially sensitive proprietary or trade-secret nature; and the parties' financial information not subject to public disclosure. Because this action involves allegations regarding personnel decisions made by Bonneville, much of the information sought to be discovered in this action (whether or not the parties agree that such information is discoverable) involves or relates to private and sensitive information regarding former and current Bonneville personnel.[1] Such information should be protected from disclosure so as to

---

[1] Defendant also has agreed with third party CBS Radio/WJFK that any CBS Radio/WJFK

avoid unnecessary prejudice to parties not participating in this lawsuit. Other information, including financial commercially sensitive and trade secret information, warrants protection due to its proprietary, non-public nature. Fed. R. Civ. P. 26(c)(7); *see also In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 101 F.R.D. 34, 41 (C.D. Cal. 1984) (public interest in disclosure of private information at its weakest during discovery) (citing *Tavoulereas v. Washington Post*, 724 F.2d 1010, 1016 (D.C. Cir. 1984)); *Tavoulareas v. Piro*, 93 F.R.D. 24, 29 (D.D.C. 1981).

Pursuant to Local Rule 7(m), counsel for defendant hereby certifies that she has conferred with counsel for plaintiff and has obtained plaintiff's consent to the filing of the instant motion and to the entry of the proposed protective order accompanying this motion.

WHEREFORE, the parties respectfully request the entry of the proposed protective order filed herewith.

Dated:  February 25, 2008

        Respectfully submitted,

        DAVIS WRIGHT TREMAINE LLP

        __Constance M. Pendleton  /s/__
        Richard L. Cys  (D.C. Bar No. 087536)
        Constance M. Pendleton (D.C. Bar 456919)
        1919 Pennsylvania Avenue, N.W., Suite 200
        Washington, DC  20006-3402
        (202) 973-4200
        (202) 973-4499 facsimile
        richardcys@dwt.com
        conniependleton@dwt.com

        Counsel for Defendant Bonneville International Corporation

---

documents produced that CBS Radio/WJFK designates as "Confidential" will be covered by the protective order.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of February, 2008, I directed that true and correct copies of the foregoing Consent Motion for Protective Order be delivered by electronic mail (ECF) and first class mail, postage pre-paid, to the following:

>Thomas L. McCally, Esq.
>Carr Maloney P.C.
>1615 L Street, NW
>Suite 500
>Washington, D.C. 20036

>>_Constance M. Pendleton  /s/_
>>Constance M. Pendleton

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| LEO DONOHOE, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 07-949 (RWR) |
| BONNEVILLE INT'L CORP., | : |
| Defendant. | : |

### [PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

Plaintiff Leo Donohoe ("Plaintiff") and Defendant Bonneville International Corporation ("Defendant") have stipulated to entry of this Protective Order. The Court has considered the agreed Order and approves it as an Order of this Court. It is hereby:

ORDERED that this Protective Order is approved; it is further

ORDERED that there is good cause to enter the Protective Order regarding Confidential Information as set forth below, and this Order shall govern the handling of documents, answers to interrogatories, responses to requests for admission, depositions, third-party subpoenas, pleadings, exhibits and all other information exchanged or disclosed by any person involved in this action; it is further

ORDERED as follows:

1. <u>Definitions</u>.

(a) "Confidential Information" when used in this Order shall encompass information that is designated "Confidential" or "Attorneys' Eyes Only." "Confidential" information includes any documents produced by a party in this action, or by a third party in response to a subpoena, which are, in good faith, determined by the Disclosing Party to contain confidential or

1

proprietary information, or other commercially sensitive or personally sensitive information of a non-public nature. In some instances, the disclosure of certain information may be of such a highly confidential nature that it requires greater protection than that afforded to information designated "Confidential." Any information may be designated by a Disclosing Party as "Attorneys' Eyes Only" if, in the discretion of the Disclosing Party, it is determined in good faith: (1) to contain non-public information of a competitively or commercially sensitive, proprietary, financial, or trade secret nature, or to involve or implicate the privacy interests of persons who are not a party to this lawsuit; and (2) that disclosure of such information to the other Party may be unduly detrimental to the Disclosing Party's or third party's interests.

Such documents may be designated as Confidential, and so marked, by stamping each page of the document "Confidential" or "Attorneys' Eyes Only." If the document is more than 25 pages in length, stamping the front page "Confidential" or "Attorneys' Eyes Only" shall be sufficient to cover the entire document under this Protective Order. The parties shall act in good faith and on a reasonable basis when designating any material as being "Confidential" or "Attorneys' Eyes Only", including but not limited to the following:

(i) Personnel files of employees, applications for employment and other employee-related information;

(ii) References;

(iii) Payroll information;

(iv) Home or personal addresses and phone numbers;

(v) Dates of birth;

(vi) Social Security numbers;

(vii) Medical records and healthcare information;

  (viii) Information obtained from and regarding either party's customers and representation firms;

  (ix) Information of a competitively or commercially sensitive proprietary or trade secret nature; and

  (x) The financial information of either party to the extent it is not subject to public disclosure.

 (b) "Documents," when used in this Order shall mean all written, recorded, electronic or graphic matter whatsoever, including, but not limited to, materials produced pursuant to Fed. R.Civ.P. 34, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admission, and any portion of any court papers that quote from any of the foregoing.

 (c) "Parties" shall mean Plaintiff, Defendant, and any third party who agrees to be bound by this Order. "Disclosing Parties" shall mean Plaintiff, Defendant, and any third parties who give testimony or produce Documents or other information covered by this Order, including those Parties' officers, directors, employees, and agents.

 2. In designating information as Confidential or Attorneys' Eyes Only, a Disclosing Party shall make such a designation only as to materials which that party in good faith believes constitute Confidential Information under the definition herein. Confidential Information marked and disclosed by a Disclosing Party shall be used by the receiving party (the "Recipient") solely for the purpose of conducting this litigation, and not for any other purpose whatsoever.

 3. <u>Confidential Restrictions</u>. In the absence of prior written permission from the Disclosing Party, or an order of the Court, information designated as Confidential Information shall be used by the Recipient solely for the purposes of litigation between the parties hereto, and

may be disclosed only to the following persons:

    (a)    The parties and their officers, directors, agents, employees, in-house counsel, and representatives who have need for such information or who provide clerical or other support for purposes of this litigation;

    (b)    Outside counsel for the parties and their employees or agents necessarily involved in the conduct of this litigation;

    (c)    Independent investigators, experts and/or consultants, retained by any party, who have a need for such information to assist in this litigation;

    (d)    Any witness during deposition or trial for whom disclosure is necessary to the testimony of such witness;

    (e)    The Court, jury, court personnel, court reporters and similar Court personnel;

    (f)    Court reporters and videographers employed to record depositions in this action;

    (g)    Insurers for Defendant, if any, who have a need to review the information in connection with this action; or

    (h)    Any other person only with the prior written consent of the Disclosing Party.

4.    <u>Attorneys' Eyes Only Restrictions</u>.  Confidential Information designated as Attorneys' Eyes Only shall not be disclosed, except by the prior written consent of the Disclosing Party or pursuant to further order of this Court, to any person or entity other than:

    (a)    The attorneys of record for any party in this action, including the employees and associates of the party's attorneys who are involved in this action.

    (b)    Defendant's in-house counsel.

    (c)    Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (*e.g.*, deposition and court reporters).

    (d)    Deposition, trial or potential witnesses in this action and their counsel, provided that the conditions of Section 5 are met.

    (e)    Independent experts and consultants (and their employees and support staff) retained by the attorneys for any party for purposes of assisting in this action, provided that the conditions of Section 5 are met.

    (f)    With the prior written permission of the Disclosing Party, the officers, directors, agents, or employees and representatives of the Recipient, on a document-by-document basis.

    (g)    Outside litigation support vendors of the parties, including commercial photocopying vendors, scanning services vendors, coders, and keyboard operators.

Any person other than officers of the Court and attorneys of record for any party who is to be provided with Confidential Information designated Attorneys' Eyes Only or access thereto under the terms of this Order must first execute and return to counsel of record for the party from whom the person is receiving such Confidential Information or access thereto the Agreement appended hereto as Exhibit A.

    5.    <u>Attorneys' Eyes Only Restrictions</u>.  For purposes of Section 4(d) and 4(e), the Recipient shall give the Disclosing Party seven (3) business days' written notice prior to disclosure of Confidential Information designated Attorneys' Eyes Only by the Disclosing Party to any potential witness, expert or consultant, or the attorneys, staff, employees, representatives, or agents of the same.  Written notice shall include the name, employment and affiliations of the person or entity to whom the Information is sought to be disclosed.  This provision shall not apply to potential witnesses, experts, consultants or their attorneys, staff, representative or agents who are authors or recipients of the "Attorneys Eyes Only" Confidential Information or who received the material prior to or separate from the litigation.

If during the seven (3) business day period the Disclosing Party objects to the disclosure, then no disclosure shall be made until such time as the Recipient obtains from the Court an Order compelling such disclosure.  The parties shall confer in good faith to resolve any such

disagreements prior to bringing any motion to compel disclosure.

6. The Recipient of any Confidential Information provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the Recipient with respect to its own confidential information. Confidential Information shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

7. Deposition testimony that one of the parties reasonably believes will contain Confidential Information or Attorneys' Eyes Only shall only be taken in front of persons entitled to access to such information under paragraphs 3 and 4 of this Protective Order and may be designated as Confidential or Attorneys' Eyes Only by the Disclosing Party making an appropriate statement on the record, in which case the reporter shall stamp or write "Confidential" or "Contains Confidential Information" or "Attorneys' Eyes Only" on each and every page of the printed and electronic transcript and shall stamp or write "Contains Confidential Information" or "Attorneys' Eyes Only" on the cover of the relevant transcript.

8. If a party disagrees with the designation of any particular document or other material designated as either of the two classes of "Confidential Information," the parties shall attempt to resolve the dispute by agreement. If they cannot, then the party who disagrees with the designation of either of the two classes of "Confidential Information" may file a motion to have the designation modified or removed. The burden remains on the designating party to

demonstrate that the material in question contains the designated class of Confidential Information, or Confidential Information of any type, as described in paragraph 1 of this Order. Until a motion is filed and resolved by the Court, all materials designated as containing "Confidential Information" of either class shall be treated as such in accordance with this Order.

If no motion challenging the designation is made, the designation shall continue in full force and effect.

9. A party filing or tendering into evidence as part of a motion, pleading or hearing in this action or in any other court proceeding, any information, document, transcript or paper containing Attorneys' Eyes Only or Confidential Information shall file such document, transcript or paper under seal. If only a portion of any document, transcript or paper filed with the Court contains material designated "Confidential" or "Attorneys' Eyes Only," any sealing shall apply only to that portion.

10. Nothing in this Order shall preclude any of the parties or their attorneys (a) from showing a document designated as Confidential Information to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as Confidential Information, or (c) from disclosing or using any information or documents which were already in possession of such party prior to the commencement of this action.

11. The inadvertent or unintentional disclosure of the party producing Confidential Information or Attorneys' Eyes Only information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed to constitute in whole or in part a waiver of, or estoppel as to, the party's right to claim in this action or thereafter that said

information is Confidential. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

12. The parties hereto agree that an injunction shall issue to prevent violations of this Protective Order. The agreement to injunctive relief does not preclude any party from also obtaining damages that reasonably flow from a breach of this Order.

13. The parties shall take all reasonable precautions to prevent the disclosure of any Confidential Information or Attorneys' Eyes Only information received by them to any persons who are prohibited under this Protective Order from receiving Confidential Information or Attorneys' Eyes Only information; provided, however, that the Recipient shall not be in violation of this Order with respect to use or disclosure of such document(s) prior to notice of the Confidential or Attorneys' Eyes Only designation.

14. Within twenty (20) days of the termination of litigation between the parties, all Confidential Information, and all copies thereof shall be returned to the party who produced it upon such party's request and at his or her cost, or the producing party may request destruction of such documents and certification from counsel that they have been so destroyed. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

15. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

16. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Order.

17. This Order shall remain in force and effect until modified, superseded or terminated on the record by writing of the parties hereto or by order of the Court.

18. This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law. Nothing in this agreed Order shall be construed to be an admission against a party or constitute evidence of any fact or issue in this case.

**SO ORDERED** this ___ day of February, 2008.

_____
HON. RICHARD W. ROBERTS
United States District Judge

cc: Thomas L. McCally, Esq.
Carr Maloney P.C.
1615 L Street, NW
Suite 500
Washington, DC 20036
Attorney for Plaintiff

Richard L. Cys, Esq.
Constance M. Pendleton, Esq.
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
Attorney for Defendant

EXHIBIT A

**AGREEMENT OF EXPERT, CONSULTANT,
NON-PARTY DEPOSITION OR TRIAL WITNESS,
OR DESIGNATED REPRESENTATIVE
TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____ (print or type name), an expert, consultant, non-party deposition or trial witness, or designated representative of _____ (print or type name of party or law firm), in connection with *Leo Donohoe v. Bonneville International Corporation* in the United States District Court for the District of Columbia, Civil Division, Civil Action No.: 07-949 (RWR), hereby acknowledges that he or she has received a copy of the Protective Order entered in this action, which is attached hereto as Exhibit A, and has read and agreed to be bound by all of the provisions thereof.

DATED:_____    _____
                                                    Signature