**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| LEO DONOHOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 07-949 (RWR) |
| | : | |
| BONNEVILLE INT'L CORP., | : | |
| | : | |
| Defendant. | : | |

### MOTION FOR LEAVE TO INCREASE THE NUMBER OF DEPOSITIONS

COMES NOW the Plaintiff, Leo Donohoe, by and through counsel, and files this motion respectfully requesting that the number of depositions permitted under the current Scheduling Order be increased from the current limit of seven (7) to a new limit of twenty-five (25). In support of its request, the Plaintiff respectfully refers the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

CARR MALONEY, P.C.

By _____
     Thomas L. McCally, Esq., Bar No. 391937
     1615 L Street, NW, Suite 500
     Washington, DC  20036
     (202) 310-5500/(202) 310-5555
     Attorney for Plaintiff Leo Donohoe

## **CERTIFICATE OF GOOD FAITH EFFORTS TO RESOLVE DISPUTE**

I HEREBY CERTIFY that on the 12th day of February, 2008, the undersigned counsel had a telephone call with Defendant's counsel, Mr. Cys, in an effort to obtain the Defendant's consent to the relief sought herein.  Defendant does not consent to the relief sought herein.

_____

Thomas L. McCally

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of  March, 2008, a copy of the foregoing was sent via the Court's electronic filing system and by first class U.S. mail, to Richard Cys, Esq., Davis, Wright, Tremaine, LLP, 1919 Pennsylvania Avenue, NW, Suite 200 Washington, DC 20006, Attorney for Defendant.

_____

Thomas L. McCally

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| LEO DONOHOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 07-949 (RWR) |
| | : | |
| BONNEVILLE INT'L CORP., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
PLAINTIFF'S MOTION TO INCREASE THE NUMBER OF DEPOSITIONS**

The Plaintiff filed this age discrimination action against his former employer, Bonneville International Corporation (Bonneville), seeking to recover damages for the wrongful and illegal employment practices and decisions that were imposed upon the Plaintiff.   In this action, Plaintiff challenges multiple employment decisions, including the manner in which Plaintiff's supervisor treated Plaintiff and older workers in general, the termination of Plaintiff's employment, the Plaintiff's improper inclusion in a Reduction in Force, and the decision not to rehire the Plaintiff for an allegedly newly created position and to instead hire a much younger, much less qualified individual.   Each employment practice or decision involves different issues and different witnesses.

For example, Plaintiff contends that Defendant improperly included him in an alleged "Reduction in Force" that was implemented in January of 2006.  The "Reduction in Force" affected approximately fifty-seven (57) employees from two specific radio stations, WGMS and WWZZ. Mr. Donohoe worked primarily for WTOP for almost twenty years prior to his termination.  WTOP

was not included in the Reduction in Force.  Plaintiff contends that the inclusion of Mr. Donohoe in the Reduction in Force was improper, and was done in order to disguise the true motive behind his termination, which was age discrimination.  The fifty-seven (57) individuals who were included in the Reduction in Force are all potential witnesses with relevant information about the manner in which the Reduction in Force was implemented, the motivation behind the Reduction in Force, the inclusion of Mr. Donohoe in the Reduction in Force, as well as the motivation behind the rehiring of individuals (mostly the younger individuals) after the Reduction in Force was implemented.

By contrast, a different set of witnesses have relevant information about comments indicative of age discrimination that were made by senior level employees at or about the time that the decision was made to include Mr. Donohoe in the Reduction in Force, and a different set of witnesses have relevant information regarding the decision to hire a much younger, less experienced individual instead of Mr. Donohoe after the implementation of the Reduction in Force.

On October 26, 2007, this Honorable Court entered a Scheduling Order under which each party was limited to taking a maximum of seven (7) depositions.  Shortly thereafter, and in accordance with the Scheduling Order of the Court, the parties each filed their Initial Disclosures in which a combined number of thirty-nine (39) witnesses were identified.  Notably, this number does not include expert witnesses.  Bonneville itself identified sixteen (16) witnesses, not including the experts.  Additional witnesses have also been identified during the course of discovery.

Furthermore, in its Initial Disclosure as well as in its responses to Discovery Requests, Bonneville has taken the position that a completely separate corporate entity, Katz Radio Group, which is located in New York, was involved in many of the employment decisions that are at issue in this law suit.  Bonneville itself has identified at least seven (7) individuals from Katz Radio

Group that participated in critical meetings directly involving the decisions that are at issue in this case. (*See* Bonneville's Answer to Interrogatory Number 9, attached hereto as Exhibit A). Deposing each of these individuals that Bonneville identified as participating in critical meetings would, by itself, exhaust the current number of permitted depositions, without allowance for depositions of any of the numerous witnesses from Bonneville that have been identified as having been involved with the employment decisions at issue. (*See, e.g.*, Exhibit A, Bonneville's Answer to Interrogatory number 2, in which Bonneville identified 9 Bonneville employees as having critical information regarding the implementation of the Reduction in Force). In addition to these witnesses, there are other individuals who have been identified in Discovery Responses and in documents that have been produced that need to be deposed, including the younger individual who was selected instead of Mr. Donohoe. Several other fact witnesses who have knowledge regarding the manner in which older workers were treated at Bonneville also need to be deposed.

Furthermore, Plaintiff has been prevented from informally gathering information from many of the critical fact witnesses that are still employed by Defendant. Although many of the witnesses indicated a willingness to provide information to the Plaintiff, Defendant has instructed Plaintiff's counsel to refrain from further contact with any potential fact witnesses. (*See* Exhibit B, March 10, 2008 e-mail from Defendant's attorney to Plaintiff's attorney). It is apparent that Defendant has also instructed its employees not to cooperate informally with Plaintiff. Accordingly, Plaintiff has no choice but to depose these critical fact witnesses.

The complexity of the issues, the number of employment decisions involved, and the number of witnesses that have been identified as having participated in or as having relevant information regarding those decisions, render it impossible to effectively conduct and complete discovery within the current confines of the Scheduling Order. This, coupled with Defendant's

unwillingness to allow Plaintiff to obtain information from fact witnesses without the necessity of deposition, makes it apparent that Plaintiff will be unable to effectively conduct discovery and prepare his case for trial unless the Scheduling Order is modified to allow additional depositions.

Information produced by the Defendant renders it necessary for Plaintiff to have the opportunity to depose the following witnesses:

1. Matt Mills (Bonneville)

2. Joel Oxley (Bonneville)

3. Ralph Renzi (Bonneville)

4. Skip Quast (Bonneville)

5. Bob Johnson (Bonneville)

6. Bruce Reese (Bonneville)

7. Scarlett Pate (Bonneville)

8. John Hasano (Katz or Affiliates)

9. Christine Travaligni (Katz or Affiliates)

10. Matt Kluft (Katz or Affiliates)

11. Scott Porretti (Katz or Affiliates)

12. Mark Clowers  (Katz or Affiliates)

13. Mark Grey (Katz or Affiliates)

14. Sari Fruitbine (Katz or Affiliates)

15. Mike Spacciapolli (Bonneville)

In addition to these witnesses that the Defendant has identified, there are several fact witnesses that the Plaintiff has identified that need to be deposed, some of which are still employed

by Defendant. Experts, as well, would need to be deposed. Accordingly, Plaintiff respectfully requests that the Scheduling Order be modified to increase the number of depositions permitted from seven (7) to twenty five (25). Anything less would severely impede the Plaintiff's ability to prosecute this case and would unduly prejudice the Plaintiff in this matter.

By contrast, the Defendant will not be prejudiced by the granting of this motion, and the granting of this Motion will not delay any further proceedings in this matter.

Local Rule 16.4 of this Court permits the court to modify the scheduling order at any time upon a showing of good cause. In this matter, where the parties have identified over thirty-nine (39) lay witnesses from multiple corporate entities in addition to Expert Witnesses, good cause has been shown to increase the number of depositions allowed from seven to twenty-five.

WHEREFORE, Plaintiff Leo Donohoe respectfully requests the Court modify the provisions of the October 26, 2007, Scheduling Order by increasing the number of depositions that Plaintiff is allowed to take from seven (7) to twenty-five (25).

Respectfully submitted,

CARR MALONEY, P.C.

By: _____
    Thomas L. McCally, Esquire
    1615 L Street, NW, Suite 500
    Washington, D.C. 20036
    (202) 310-5500/(202) 310-5555 (Fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

LEO DONOHOE,                               :
                                           :
        Plaintiff,                         :
                                           :
v.                                         :        Civil Action No.: 07-949 (RWR)
                                           :
BONNEVILLE INT'L CORP.,                    :
                                           :
        Defendant.                         :

## <u>ORDER</u>

UPON CONSIDERATION of the  Plaintiff's Motion for Leave to Increase the Number of

Depositions that may be taken, and Opposition thereto, and it appearing to the Court that the

requested increase will not result in any delay of the other Court imposed deadlines, it is this __ day

of _____ 2008;

ORDERED that said Motion be, and the same is hereby GRANTED and;

ORDERED that the number of depositions that the Plaintiff may take is hereby increased

from seven (7) to twenty-five (25).

_____
                                        Judge

cc:     Thomas L. McCally, Esq.
        1615 L Street, NW, Suite 500
        Washington, DC 20036
        Attorney for Plaintiff

        Richard Cys, Esq.
        Davis, Wright, Tremaine, LLP,
        1919 Pennsylvania Avenue, NW, Suite 200
        Washington, DC  20006
        Attorney for Defendant

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LEO DONOHOE,                          :
                                      :
          Plaintiff,                  :
                                      :
v.                                    :        Civil Action No.: 07-949 (RWR)
                                      :
BONNEVILLE INT'L CORP.,               :
                                      :
          Defendant.                  :

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26(C), defendant Bonneville International Corporation ("Bonneville"), by its undersigned counsel, hereby submits its responses and objections to Plaintiff Leo Donohoe's First Set of Interrogatories.

By responding to Plaintiff's Interrogatories, Defendant does not waive any objections to the relevance, materiality, authenticity, or admissibility of any of the interrogatories. Defendant expressly reserves all objections to the use, at hearing or otherwise, of information provided in these responses.

## GENERAL OBJECTIONS

Defendant makes the following general objections to Plaintiff's Interrogatories on the ground that they require Defendant to furnish Plaintiff with information beyond what is required by Fed. R. Civ. P. 26 and 33. Where appropriate, the General Objections are specifically incorporated into individual objections but are intended to apply to all Interrogatories.

1.      Defendant objects to the definitions and instructions provided in pages 1-3 of Plaintiff's Interrogatories to the extent they purport to impose upon Defendant duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure.

1

2.     Defendant objects to Plaintiff's Interrogatories to the extent that they seek information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

3.     Defendant objects to Plaintiff's Interrogatories to the extent that the individual requests are not reasonably limited in scope.

4.     Defendant objects to Plaintiff's Interrogatories to the extent that they seek information protected from disclosure by Rule 26(b) of the Federal Rules of Civil Procedure.

5.     Defendant objects to Plaintiff's Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection. In the event Defendant produces any privileged information, its production is inadvertent and does not constitute a waiver of any privilege.

6.     Defendant objects to Plaintiff's Interrogatories to the extent that they require Defendant to make available information or documents in the possession, custody, or control of Defendant's attorneys, accountants, representatives, agents and/or persons consulted as being beyond the requirements of Rule 34 of the Federal Rules of Civil Procedure.

7.     Defendant objects to Plaintiff's Interrogatories to the extent that they seek information which is not within Defendant's possession, custody or control or which has not yet come into existence.

8.     Defendant objects to Plaintiff's Interrogatories to the extent they purport to demand information that is confidential or proprietary, commercial, or financial in the absence of a suitable and mutually agreeable protective order mandating that the confidentiality of such information be preserved and maintained.

9.     Defendant objects to Plaintiff's Interrogatories to the extent they seek information

2

outside the scope, geographic or otherwise, of Bonneville's Washington, D.C. radio network at the time of the January 1, 2006 reduction in force, *i.e.*, WTOP, WGMS, WTWP and WFED (the "DC Radio Group").

10.    Defendant reserves the right to modify or supplement its objections and responses based upon any information it may discover or information omitted from these responses as the result of any oversight. Defendant further reserves the right to use, and to rely upon at trial, subsequently discovered information or information omitted from these responses as the result of any oversight.

11.    Each response is made subject to and without waiving the above objections.

## INTERROGATORIES AND RESPONSES

1.    State the full name, address, social security number, place of employment and title of each individual (other than Complainant's counsel) participating in the completion of these discovery responses.

ANSWER:  Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 1 because the interrogatory is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant also objects to Interrogatory No. 1 because the request seeks information protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Defendants states that Joel Oxley, Matt Mills, Joan Henson and Scarlett Pate participated in the completion of these discovery requests, with the assistance of counsel.

2.    Please describe in detail all facts, identify all documents, and identify all

3

witnesses having knowledge of such facts or documents, which pertain, relate or refer in any to the Bonneville's decision to implement any "Reduction in Force" from January 1, 2003 through the present time, including but not limited to the Reduction of Force referred to in your Answer to paragraph 18 of the Complaint. Please note that this request is not limited to any geographical region.

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 2 to the extent it seeks information relating to any reduction in force other than the January 4, 2006 RIF at issue in this lawsuit. Defendant further objects because Interrogatory No. 2 seeks information outside the scope, geographic or otherwise, of the DC Radio Group, i.e., WTOP, WGMS, WTWP and WFED. The interrogatory is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant also objects to Interrogatory No. 2 to the extent it seeks information protected by the attorney-client privilege and the work product doctrine.

Subject to and without waiving these objections, Defendant states that Bob Johnson, Bruce Reese, Scarlett Pate and Joel Oxley have knowledge regarding restructuring of the market and radio frequencies that precipitated the January 1, 2006 reorganization and RIF and Bonneville's decision to implement the January 4, 2006 RIF. Joel Oxley, Scarlett Pate, the DC Radio Group Department heads – i.e., Matt Mills, Joan Henson, Jim Farley, Dave Garner, Linda Pfluger and Mary Kay LeMay – have knowledge relating to the implementation of the RIF.

3.      Please provide a detailed description of all individuals who were terminated from employment as a result of any "Reduction in Force" that has been implement by Bonneville from

4

2003 through the present time. Please note that this interrogatory is not limited to the

Washington, D.C. area, but includes any terminations that occurred during the stated time period

regardless of region. Please include in your answer the following information for each employee

that was included in a "RIF":

        a.      The employee's name, date of birth, last known address and last known

telephone number:

        b.      Identify the position that was held by each employee and identify the radio

station(s) that employee worked for:

        c.      Describe in detail the duties that were performed by each employee;

        d.      Identify all positions held by each employee while employed by

Bonneville:

        e.      State how long each employee worked for the radio station and identify all

positions held at the radio station;

        f.      Describe in detail all reasons for including each individual in the 2006

"RIF";

        g.      Provide the name, date of birth and last know address of the person who

was hired to replace the terminated individual.

    ANSWER: Defendant incorporates by reference the foregoing general objections.

Defendant also objects to Interrogatory No. 3 to the extent it seeks information relating to any

Bonneville RIF other than the January 4, 2006 RIF at issue in this lawsuit. Defendant further

objects to the extent Interrogatory No. 3 seeks information outside the scope, geographic or

otherwise, of the DC Radio Group, *i.e.*, WTOP, WGMS, WTWP and WFED. The interrogatory

is not reasonably limited in scope, not reasonably calculated to lead to the discovery of

admissible evidence in this case, and is overbroad and unduly burdensome. Defendant further objects because the term "RIF" is undefined and vague.

Subject to and without waiving these objections, Defendant states that the employees included in the January 4, 2006 RIF were terminated because Bonneville restructured its operations and programming in its DC Radio Group as part of a strategic initiative to acquire new "news/talk formats" and to bolster existing "news/talk formats." To this end, Bonneville acquired Washington Post Radio, moved existing stations to different frequencies and eliminated WWZZ (Z104-FM). The format changes, restructuring of the DC Radio Group and efforts to improve operational efficiency necessitated personnel changes. Accordingly, Bonneville instituted the RIF on January 4, 2006, and terminated over 50 employees in its DC Radio Group. Defendant also refers Plaintiff to the Notice to Displaced Employees, BIC 000254, 6782-85 and BIC 006249-56, which will be produced subject to a protective order

4.    Please identify all individuals who applied for any position with Bonneville subsequent to any "RIF" from January 1, 2003, through the present time. Please include the following information in your answer:

a.    Identify each applicant's name, date of birth, last known address and last known telephone number.

b.    State whether the applicant was previously employed by Bonneville, and if so, state whether the applicant was included in the 2006 "RIF."

c.    Identify the position for which the applicant applied, including a detailed description of the qualifications required for the position in question.

d.    State whether the applicant was selected for an interview, and state why or

6

why not.

       e.    State whether the applicant was selected for the job, and, if so, whether the applicant still holds that position.

     ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 4 to the extent it seeks information relating to any Bonneville RIF other than the January 4, 2006 RIF at issue in this lawsuit. Defendant further objects to the extent Interrogatory No. 4 is outside the scope, geographic or otherwise, of the DC Radio Group, *i.e.*, WTOP, WGMS, WTWP, and WFED, and because the request is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is grossly overbroad and highy burdensome. Defendant further objects because the term "RIF" is undefined and vague.

     Subject to and without waiving these objections, Defendant refers Plaintiff to personnel files and employment applications received subsequent to the January 4, 2006 RIF, BIC 000416-1055, 1195-6248, which will be produced subject to a protective order.

     5.    Please provide a detailed description of all individuals who were terminated from employment for reasons other than as part of a "Reduction in Force" by Bonneville from 2003 through the present time. Please note that this interrogatory is not limited to the Washington, D.C. area, but includes any terminations that occurred during the stated time period regardless of region. Please include in your answer the following information for each employee that was terminated:

       a.    The employee's name, date of birth, last known address and last known telephone number;

      b.     Identify the position that was held by each employee and identify the radio station(s) that the employee worked for;

      c.     Describe in detail the duties that were performed by each employee;

      d.     Identify all positions held by each employee while employed by Bonneville;

      e.     State how long each employee worked for the radio station and identify all positions held at the radio station;

      f.     Provide the name, date of birth and last known address of the person who was hired to replace the terminated individual.

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 5 to the extent it seeks information relating to any Bonneville RIF other than the January 4, 2006 RIF at issue in this lawsuit. Defendant further objects to the extent Interrogatory No. 5 is outside the scope, geographic or otherwise, of the DC Radio Group, *i.e.*, WTOP, WGMS, WTWP, and WFED, and because the request is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant further objects because the term "RIF" is undefined and vague. Subject to and without waiving these objections, Defendant will produce BIC 006249-56, subject to a protective order, and states that this Answer will be supplemented.


6.     Please provide in detail all facts, identify all documents, and identify all witnesses having knowledge of such facts or documents, which pertain, relate or refer in any way to complaints or concerns of discrimination, including but not limited to claims of age

8

discrimination, that have been raised against Bonneville during the time period that Mr. Donohoe was employed, whether formal or informal and whether written or oral.

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 6 to the extent it seeks information relating to alleged discrimination other than on the basis of age and to the extent it seeks information outside the scope, geographic or otherwise, of the DC Radio Group, *i.e.*, WTOP, WGMS, WTWP, and WFED, because the request is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant also objects to Interrogatory No. 6 because the request seeks information protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Defendant states that no such information exists.

7.     If you expect to call as an expert witness at trial of this case, please state the subject matter on which the expert is expected to testify, the substance of the findings and opinions which the expert is expected to testify, a summary of the grounds for each such opinion and attach hereto copies of all reports received from each expert witness.

ANSWER: Defendant incorporates by reference the foregoing general objections. This information has already been provided in Defendant's Fed. R. Civ. P. 26(a)(2) expert disclosures.

8.     Please provide in detail all facts, identify all documents, and identify all witnesses having knowledge of such facts or documents, which pertain, relate or refer in any way to any complaints or concerns of [sic] that have been raised against Matt Mills during the time period that Mr. Mills has been employed by Bonneville, whether formal or informal and whether

9

written or oral.

ANSWER: Defendant incorporates by reference the foregoing general objections.
Defendant also objects to Interrogatory No. 8 because the request is not reasonably limited in
scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and
is overbroad and unduly burdensome.  Subject to and without waiving these objections,
Defendant states that Joel Oxley has heard the occasional informal complaint from employees
about Matt Mills, as he does any manager, and none have been out of the ordinary.  For example,
Patrick Puglisi complained orally to Bonneville HR manager that Mr. Mills was not specific in
one area of critique during Mr. Puglisi's annual review.

9.    Please describe in detail all facts, identify all documents, and identify all
witnesses having knowledge of such facts or documents, which pertain, relate or refer in any way
to the involvement of Katz Radio Group, in any employment decisions made by Bonneville from
January 1, 2003 through the present time, including but not limited to employment decisions
regarding the 2006 RIF referred to in your Answer to paragraph 18 of the Complaint and the
selection of individuals to fill open positions after the implementation of the RIF.

ANSWER: Defendant incorporates by reference the foregoing general objections.
Defendant also objects to Interrogatory No. 9 because the term "involvement" is vague.
Defendant further objects to the extent Interrogatory No. 9 seeks information outside the scope,
geographic or otherwise, of the DC Radio Group, *i.e.*, WTOP, WGMS, WTWP, and WFED, and
because the request is not reasonably limited in scope, not reasonably calculated to lead to the
discovery of admissible evidence in this case, and is overbroad and unduly burdensome.

Subject to and without waiving these objections, Defendant states that Joel Oxley and

10

Matt Mills attended a meeting in January 2006 with John Hesano, currently Vice President, General Sales Manager of Eastmond Radio, Christine Travaligni, General Sales Manager of Christal, Matt Kluft, New York Sales Manager of Katz Radio, Scott Porretti, Vice President, Sales Manager, Katz Radio and Mark Clowers, New York Manager, Christal Radio. The Katz and Christal representatives at the meeting held the opinion that Michael Spacciapolli was the superior candidate over Leo Donohoe for the newly created Bonneville position of Director of National Sales/Sports Sales, based on prior experience with Messrs. Spacciapolli and Donohoe. Mark Grey, then President of Katz Radio, also shared his opinion with Joel Oxley and Matt Mills that Mr. Spacciapolli was better organized and more effective than Mr. Donohoe. Sari Fruitbine, Senior Account Manager for Katz, shared the opinion that Mr. Spacciapolli was the better candidate. Defendant also will produce, subject to a protective order, e-mails between Katz and Defendant, post-RIF and offer, which reflect Katz's support for the decision to hire Mr. Spacciapolli for the new position, BIC 000711, 713-15, as well as a 2000 Katz survey of Northeast National Sales Managers, BIC 000186-189.

10.     Please identify all instance in which Bonneville has relied on any third party, including but not limited to Katz Radio Group, in making decisions related to recruiting, selection, interview, employment and/or the termination of employment of any person seeking employment or employee(s) employed by at Bonneville during the time period that Mr. Donohoe was employed by Bonneville up through the present time. Please include in your answer a detailed description of the involvement of the third party, identify the position(s) that were involved, identify all persons involved including applicants, employees of Bonneville and/or employees of the third party, and identify all documents that relate or refer in any way to the

11

involvement of the third party in the employment decision.

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 10 to the extent it seeks information outside the scope, geographic or otherwise, of the DC Radio Group, i.e., WTOP, WGMS, WTWP and WFED, and because the request is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant also objects to Interrogatory No. 10 because the request seeks information protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Defendant states that the opinions of Bonneville's representation firms were one of many factors considered in hiring decisions after the January 4, 2006 RIF. Because the DC Radio Group's National Sales Managers work directly with Katz, Katz has provided feedback, typically orally, to Defendant relating to the DC Radio Group's National Sales and National Sales Managers, including about Leo Donohoe and Jeff Kessler.


11.    Please answer in detail what procedure(s), if any, was in force and effect during the implementation of the 2006 "RIF" for an employee to report concerns of discrimination and adverse impact created by the "RIF", or to challenge inclusion in the "RIF" and state how these procedures were communicated to employees who were impacted by the RIF.

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 11 to the extent it seeks information outside the scope, geographic or otherwise, of the DC Radio Group because the request is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant also objects to Request No. 6 because

the request seeks information protected by the attorney-client privilege and the work product

doctrine. Subject to and without waiving these objections, Defendant states that the Bonneville

employees terminated on January 4, 2006 were informed by Bob Johnson and Joel Oxley that

they could raise any questions or concerns about the RIF with Joan Henson or Scarlett Pate.

Defendant also refers Plaintiff to the RIF Packet, BIC 000366-415, RIF Planning Notes, BIC

000272-365, and WWZZ and WGMS Reduction in Force Assessment, BIC 006786-6796, which

will be produced subject to a protective order.

12.    Please provide a breakdown of all Bonneville employees from January 1, 2003,

through the present, identifying the employee; their age; the year(s) of employment with

Bonneville, their title or position; a brief description of the employee's duties and

responsibilities, and the employee's salary.

ANSWER: Defendant incorporates by reference the foregoing general objections.

Defendant also objects to Interrogatory No. 12 to the extent it seeks information outside the

scope, geographic or otherwise, of the DC Radio Group, *i.e.*, WTOP, WGMS, WTWP and

WFED, and because the request is not reasonably limited in scope, not reasonably calculated to

lead to the discovery of admissible evidence in this case, and is grossly overbroad and unduly

burdensome. Subject to and without waiving these objections, Defendant states that this

response will be supplemented, subject to a protective order.


13.    Please state in detail all facts and information known or learned concerning any

investigation conducted into plaintiff's allegations of age based discrimination.

ANSWER: Defendant incorporates by reference the foregoing general objections.

Defendant also objects to Interrogatory No. 13 because the request is not reasonably limited in

13

scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant also objects to Interrogatory No. 1 because the request seeks information protected by the attorney-client privilege and the work product doctrine.

14.     If there is or may be insurance coverage for any of the counts alleged in the complaint please state the name of the insurance company and extent of coverage including limitations on punitive damages.

ANSWER: Defendant incorporates by reference the foregoing general objections. Subject to and without waiving these objections, Defendant states that there is no such insurance coverage.

15.     Please state the total net financial worth of Bonneville for the years 2003 through the present and identify all documents that can verify such information.

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 15 because the Interrogatory is premature as no *prima facie* case has been made that Plaintiff is entitled to punitive damages. *Skinner v. Aetna Life Ins. Co.*, No. 83-cv-679, 1984 U.S. Dist. LEXIS 19817, at *3 (D.D.C. Feb. 2, 1984) (discovery of a party's financial status should not be turned over until necessary to prove punitive damages – *i.e.*, until a *prima facie* case has been established). *See John Does 1-VI v. Yogi*, 110 F.R.D. 629, 633 (D.D.C. 1986) (discovery of financial status deferred until "necessary" to prove punitive damages). *See also Thibodeau Gen'l Contractors, Inc. v. Brault, Graham, Scott & Brault*, No. 90-cv-533, 1991 WL 255950 (D.D.C. Nov. 15, 1991) (in a trial

14

likely to be bifurcated, discovery of financial information deemed to be "premature" prior to completion of compensatory damages phase). "[U]ntil the Court concludes, as a matter of law, that plaintiff has made a sufficient showing to permit the jury to consider such damages," the Court has the discretion to defer financial discovery. *D'Onofrio v. SFX Sports Group, Inc.*, No. 06-cv-687, op. at 19-20 (D.D.C. Jan. 23, 2008). Defendant further objects that Interrogatory No. 15 is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Finally, no such information will be produced at any time absent a protective order.

16.     Please describe in detail all facts, identify all documents, and identify all witnesses having knowledge of such facts or documents, which pertain, relate or refer in any way to the Bonneville's contention, as set forth in paragraph 25 of its Answer, that the position of Director of National Sales/Sports Sales Manager differed in duties from the previous position held by Mr. Donohoe.

ANSWER: Defendant incorporates by reference the foregoing general objections. Subject to and without waiving those objections, Defendant states that Matt Mills, Joel Oxley, Michael Spacciapolli and Jeffrey Wolinsky have the relevant knowledge. Defendant also refers Plaintiff to documents relating to the position of Director of National Sales/Sports Sales, BIC 000416-556, 557-719, and the job description for the WTOP/WGMS National Sales Manager position held by Mr. Donohoe, BIC 000032-33, 36, and 6789, to be produced subject to a protective order.

17.     Please describe in detail all facts, identify all documents, and identify all

15

witnesses having knowledge of such facts or documents, which pertain, relate or refer in any way to Bonneville's decision to include Mr. Donohoe in the 2006 "RIF."

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 17 because the request is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant also objects to Interrogatory No. 1 because the request seeks information protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Defendants states that Joel Oxley, Scarlett Pate, Matt Mills, Joan Henson and the other DC Radio Group Department heads, previously identified in Answer 2, have knowledge regarding the implementation of the RIF. Defendant also refers Plaintiff to the RIF Planning Notes, BIC 000272-365, and RIF Packet, BIC 000366-415, which will be produced subject to a protective order.

18.    Please describe in detail all facts, identify all documents, and identify all witnesses having knowledge of such facts or documents, which pertain, relate or refer in any way to Bonneville's decision not to rehire Mr. Donohoe after the 2006 "RIF."

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 18 because the request is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant also objects to Interrogatory No. 18 because the request seeks information protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Defendants states that Joel Oxley and Matt Mills have relevant knowledge. Defendant also refers Plaintiff to Mr. Donohoe and Mr.

16

Spacciapolli's personnel files, BIC 000001-165, 166-247, 6258-6424 and BIC 000720-885, and

the applications for the new Director of National Sales/Sports Sales position for which Mr.

Donohoe and others applied, at BIC 000416-556, which will be produced subject to a protective

order.

19.    Please identify each and every individual who applied for the position of Director

of National Sales/Sports Sales from January 2006 through the present.  For each such person

identified, please state the age of each applicant, indicate which individuals were selected to be

interviewed, identify which individuals were offered the position, state whether the individuals

accepted the position, and state the reasons for Bonneville's decision in each such instance.

ANSWER:  Defendant incorporates by reference the foregoing general objections.

Defendant also objects to Interrogatory No. 19 because the request is not reasonably limited in

scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and

is overbroad and unduly burdensome.  Subject to and without waiving these objections,

Defendants refers Plaintiff to the applications, BIC 000416-556, which will be produced subject

to a protective order, and states that Mr. Donohoe, Mr. Spacciapolli and most or all others who

applied for the position in January 2006 were interviewed.  Mr. Spacciapolli was offered and

accepted the position in January 2006.  Jeffrey Wolinsky was interviewed for the position in July

2006 and Mr. Wolinsky was offered and accepted the position in July 2006.  Bonneville does not

ask for the ages of job applicants and therefore has no such information.

20.    Please state with specificity all reasons that Mr. Spacciapolli was selected over

Leo Donohoe for the position of Director of National Sales/Sports Sales in 2006.  Please include

17

in your answer an identification of all individuals or entities who were involved in the decision to hire Mr. Spacciapolli over Mr. Donohoe, give a detailed description of all reasons for the decision, and identify all documents that refer or relate in any way to the decision.

ANSWER: Defendant incorporates by reference the foregoing general objections. Subject to and without waiving these objections, Defendant states that Mr. Spacciapolli was the most qualified candidate for the new position. Among other qualifications, he had previous experience managing account executives for sports sales, a strong relationship with the Washington Nationals baseball team, and had been integral in Bonneville's negotiations with the Nationals to broadcast Nationals' baseball games. No other applicant had these qualifications. Mr. Spacciapolli was well regarded by Katz representatives. Joel Oxley and Matt Mills were responsible for the decision to hire Mr. Spacciapolli over Mr. Donohoe. Defendant refers Plaintiff to Mr. Donohoe and Mr. Spacciapolli's personnel files, the applications for the Director of National Sales/Sports Sales position and other documents relating to the position, previously identified, which will be produced subject to a protective order.


21.    Please describe in detail all facts, identify all documents, and identify all witnesses having knowledge of such facts or documents, which pertain, relate or refer in any way to Bonneville's decision to move Mr. Spacciapolli from the position of Director of National Sales/Sports Sales to Local Sales Manager in July of 2006, as set forth in your Answer at number 31.

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 21 because the request is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and

is overbroad and unduly burdensome. Subject to and without waiving these objections,

Defendants states that Joel Oxley, Matt Mills, Skip Quast and Michael Spacciapolli have

relevant knowledge concerning the decision to promote Mr. Spacciapolli to Local Sales Manager

in July 2006.

22.     Please provide a detailed description of the duties associated with the positions of

Director of National Sales/Sports Sales and the position of Local Sales Manager. Please identify

all documents that refer or relate to the duties of these two positions, and identify the salary and

benefits that are associated with these two positions.

ANSWER: Defendant incorporates by reference the foregoing general objections.

Defendant also objects to Interrogatory No. 22 because the request is not reasonably limited in

scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and

is overbroad and unduly burdensome. Subject to and without waiving these objections,

Defendants refers Plaintiff to documents relating to the Director of National Sales/Sports Sales

position, BIC 000416-556, 557-719, the personnel files of Michael Spacciapolli, BIC 000720-

885, Jeffrey Wolinsky, BIC 000886-1055, and Ralph Renzi, BIC 001199-1230, which will be

produced subject to a protective order.

23.     Please describe in detail how and why Katz Radio was involved in the decision to

hire Mr. Spacciapolli for the position of Director of National Sales/Sports Sales for 2006. Please

include in your answer a detailed description of the relationship between Bonneville and Katz

Radio, describe the nature of the business of Katz radio, describe the relationship between Mr.

Spacciapolli and Katz Radio, and state whether Katz Radio had previously ever been involved in

19

Bonneville's employment decision process.

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 23 because the request is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant further objects to the extent this Interrogatory seeks information Plaintiff may obtain from public sources. Subject to and without waiving these objections, Defendants states that Katz is Bonneville's representation firm. Katz's representatives' opinions were one of many factors considered in rehiring after the January 2006 RIF. Mr. Spacciapolli is a former Christal Radio/Katz employee. *See* also Defendants' response to Interrogatory No. 10.

24.    Please describe in detail all facts, identify all documents, and identify all witnesses having knowledge of such facts or documents, which pertain, relate or refer in any way to the affirmative defenses that Bonneville asserted in its Answer.

ANSWER: Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 24 because the request is not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence in this case, and is overbroad and unduly burdensome. Defendant also objects to Interrogatory No. 24 because the request seeks information protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Defendants states that Joel Oxley and Matt Mills have relevant information. Defendant also refers Plaintiff to BIC 000001-6800, which will be produced subject to a protective order.

25.    Please identify all witnesses that you intend to call to testify at the trial of this matter and give a detailed description of the subject matter of their expected testimony.

ANSWER:  Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 25 because it is premature at this juncture.


26.     Please identify all exhibits that you intend to introduce as evidence at the trial of this matter.

ANSWER:  Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 26 because it is premature at this juncture.


27.     State the factual basis for any denial of a Request for Admission that is propounded upon you by the Plaintiff.

ANSWER:  Defendant incorporates by reference the foregoing general objections. Defendant also objects to Interrogatory No. 27 because it is nonsensical.  Plaintiff propounded no Requests for Admission upon Defendant in this lawsuit.


Dated:  February 12, 2008


I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct to the best of my information and belief.

Joel Oxley


Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


21

*Constance M. Pendleton*

Richard L. Cys  (D.C. Bar No. 087536)
Constance M. Pendleton (D.C. Bar 456919)
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, DC  20006-3402
(202) 973-4200
(202) 973-4499 facsimile
richardcys@dwt.com
conniependleton@dwt.com

Counsel for Defendant Bonneville International
Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February 2008, I directed that true and correct copies of the foregoing Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories be delivered by electronic mail (ECF) and by hand, to the following:

> Thomas L. McCally, Esq.
> Carr Maloney P.C.
> 1615 L Street, NW
> Suite 500
> Washington, D.C. 20036

_Constance M. Pendleton_
Constance M. Pendleton

# EXHIBIT B

## Ward, Denise A.

| | |
|---|---|
| **From:** | Pendleton, Constance [conniependleton@dwt.com] |
| **Sent:** | Monday, March 10, 2008 6:00 PM |
| **To:** | McCally, Thomas L. |
| **Cc:** | Ward, Denise A.; Cys, Richard |
| **Subject:** | Donohoe v. Bonneville |

Tom:  We object to your having your client, or you, contact Bonneville's employees to talk with you.  We suggest that any such communication must come through us.  We have indications these contacts have occurred and we ask that, if they have, they be stopped.

Thanks,

Connie

**Constance Pendleton** | Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 200 | Washington, DC 20006
Tel: (202) 973-4229 | Fax: (202) 973-4499
Email: conniependleton@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/lawdir/attorneys/PendletonConstance.cfm

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

Disclaimer: This message may contain confidential communications protected by the attorney client privilege. If you received this message in error, please delete it and notify the sender.