IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LEO DONOHOE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No.: 07-949 (RWR) |
| | : | |
| **BONNEVILLE INT'L CORP.,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO TAKE TWO ADDITIONAL HOURS OF DEPOSITION TESTIMONY**

After thoroughly searching Bonneville's files for documents responsive to plaintiff's numerous document requests, Bonneville employee Matt Mills believed in good faith that all documents responsive to plaintiff's request for interview notes relating to the Director of National Sales/Sports Sales Manager had been found. Following his seven-hour deposition, however, Mr. Mills discovered in a file drawer in his office a small file of résumés and correspondence from applicants, which file included twelve pages containing handwritten notes taken by Mr. Mills during the interview process. (The vast majority of these documents do not relate either to Mr. Donohoe or to Mr. Spacciapolli, the candidate hired for the position.) As soon as Mr. Mills discovered these documents, he notified counsel, who promptly provided them to plaintiff. Based primarily on unsubstantiated allegations of bad faith, Mr. Donohoe seeks to leverage these documents into two additional hours of deposition time, ostensibly to question Mr. Mills regarding the interview process about which he has already questioned Mr. Mills at great length. Such extra time is hardly necessary. In any event, Bonneville has already offered plaintiff an additional half-hour of deposition time, but plaintiff has refused. A half-hour is more than adequate to allow plaintiff to re-hash his questioning regarding the interview process and to

1

query Mr. Mills regarding the handful of notes relating to the application process. Moreover, Mr. Mills is not the only individual with information about the interviews. Joel Oxley, Bonneville's 30(b)(6) deponent and Senior Regional Vice President, who will be deposed again in his individual capacity on July 2, also conducted interviews of Mr. Donohoe and Mr. Spacciapolli for the position. Mr. Donohoe will have ample opportunity to question Mr. Oxley about the interview process and about the reasons for selecting Mr. Spacciapolli over Mr. Donohoe.

Strangely, Mr. Donohoe also seeks to lump into this request additional questioning regarding Miller Kaplan reports and compensation-related documents[1] produced by Bonneville. But in the Fed. R. Civ. P. 30(b)(6) deposition in this matter, Mr. Donohoe already had ample opportunity to question Mr. Oxley (the far more appropriate person to discuss such matters) at length regarding these documents and will be given yet another opportunity to question Mr. Oxley further in his pending individual deposition. Indeed, Mr. Donohoe expressly requested the compensation-related documents for the ostensible purpose of addressing them during the 30(b)(6) deposition (and then failed to discuss them in any detail during that deposition). There is no basis whatsoever to allow additional questioning of Mr. Mills regarding these documents. *See* Fed. R. Civ. P. 30(b)(6) 1970 Advisory Comm. Note (observing rule's value in avoiding multiple depositions of corporate officers regarding the same subjects).[2]

For all of the foregoing reasons, Mr. Donohoe's motion should be denied.

---

[1] Mr. Mills' "authorship" of these compensation-related documents was largely ministerial.

[2] To the extent any additional deposition time is warranted, questioning in the deposition should be limited strictly to the twelve pages of interview notes, very few of which relate to Mr. Donohoe's or Mr. Spacciapolli's candidacy.

Respectfully submitted this 30th day of May, 2008,

        DAVIS WRIGHT TREMAINE LLP

        <u>/s/ Constance M. Pendleton</u>
        Richard L. Cys (D.C. Bar No. 087536)
        Constance M. Pendleton (D.C. Bar No. 456919)
        1919 Pennsylvania Avenue, N.W., Suite 200
        Washington, DC 20006-3402
        (202) 973-4200
        (202) 973-4499 facsimile
        richardcys@dwt.com
        conniependleton@dwt.com

        Counsel for Defendant Bonneville International
           Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May, 2008, a true and correct copy of the foregoing opposition to plaintiff's motion for additional hours of deposition testimony was served by first class mail, postage prepaid, ECF, and electronic mail upon:

Thomas L. McCally, Esq.
Carr Maloney P.C.
1615 L Street, NW
Suite 500
Washington, D.C. 20036

                                          /s/ Constance M. Pendleton
                                          Constance M. Pendleton

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEO DONOHOE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No.: 07-949 (RWR) |
| : | |
| BONNEVILLE INT'L CORP., : | |
| : | |
| Defendant. : | |

**ORDER**

Before the Court is plaintiff's motion for additional hours of deposition questioning [Dkt. #24]. Upon consideration of the motion and the opposition thereto filed by defendant, and for the reasons set forth in defendant's opposition, it is this __ day of June, 2008, hereby

**ORDERED** that plaintiff's motion is **DENIED**.

_____
Hon. Deborah A. Robinson
United States Magistrate Judge