IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LEO DONOHOE, :
:
    Plaintiff, :
:
v. : Civil Action No.: 07-949 (RWR)
:
BONNEVILLE INT'L CORP., :
:
    Defendant. :

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE MATT MILLS FOR TWO ADDITIONAL HOURS

    Plaintiff filed a Motion for Leave to Depose Matt Mills for an additional two hours. Plaintiff's motion was premised on the fact that Defendant withheld a significant amount of relevant documentation, producing such documentation only after the completion of Mr. Mill's deposition and depriving Plaintiff of having any opportunity to question Mr. Mills regarding these documents and the information contained therein. Significantly, many of the documents were handwritten notes taken by Mr. Mills during the interview process that is at the heart of Plaintiff's claims. These notes had been specifically requested by Plaintiff prior to the deposition of Mr. Mills, but Defendant represented that no such documents existed.

    Similarly, counsel for Mr. Donohoe made repeated requests that Bonneville produce Miller Kaplan reports which are, by Mr. Mills' own testimony, the only resource for determining how a radio station performs in sales in the market on a local and national level on a monthly and yearly basis. Plaintiff's performance and qualifications are a central issue to all claims and defenses, and these documents are directly relevant to Plaintiff's performance and qualifications during the relevant time period. Defendant has failed to produces all of these records to date,

and has represented that they are voluminous. (See email exchange dated June 3, 2008, attached as Exhibit A). This failure to timely comply with discovery requests has resulted in the delay of at least one other deposition. (See Exhibit A).

Having failed to produce documents that by Defendant's own description are voluminous, Defendant now objects to allowing Plaintiff to have the opportunity to examine Mr. Mill's regarding the content of these documents.

Notably, Defendant, in its Opposition, does not contest that it did not produce these relevant documents until after the completion of the deposition of Mr. Mills. Incredibly, Defendant's response is that Plaintiff can make inquiry about these documents to other witnesses – even though they contain the handwritten notes of Mr. Mills. This argument is completely ludicrous and is without merit. Obviously, Mr. Mills is the only individual who will be able to answer questions regarding his own handwritten notes. Furthermore, Mr. Mill's was one of the primary decision makers involved in selecting a much younger, less experienced individual for the position of Director of National Sales/Sport Sales. Plaintiff should have the opportunity to examine Mr. Mills regarding what the financial records actually show about Plaintiff's performance and qualifications.

Bonneville's failure to produce this relevant and discoverable information in a timely fashion denied Mr. Donohoe's counsel the opportunity to fairly examine Mr. Mills as to information and documents about which he has personal knowledge and their relevance to Mr. Donohoe's claims. Even though Bonneville produced almost three hundred and fifty (350) pages of documents after Mr. Mills' deposition (and has indicated that additional documents, which are voluminous have yet to be produced), Mr. Donohoe requests only two (2) additional hours of deposition testimony.

Failure to allow Mr. Donohoe two (2) additional hours of testimony will result in Mr. Donohoe being denied a fair opportunity to conduct the discovery to which he is entitled under the Rules of this Court and, therefore, result in prejudice against him. Defendant has proffered no legitimate reason to preclude Plaintiff from reopening Mr. Mills' deposition to allow reasonable inquiry into documents that were withheld by Defendant until after the completion of Mr. Mills' deposition.

For the reasons stated in the Motion as well as this Reply, Mr. Donohoe respectfully requests an order granting Mr. Donohoe leave to conduct Mr. Mills' deposition for an additional two (2) hours.

Respectfully submitted,

CARR MALONEY P.C.

*/s/*

Thomas L. McCally, Esquire
Tina M. Maiolo, Esquire
1615 L Street, NW, Suite 500
Washington, DC 20036
(202) 310-5500/(202)310-5555 (fax)
Attorney for Plaintiff

## RULE 37(a)(2) CERTIFICATE

Attorneys for Plaintiff Leo Donohoe conferred with counsel for the Defendant in a good faith attempt to resolve the present discovery dispute without the necessity of court intervention. The parties were not able to reach an agreement on additional deposition time as defense counsel would only agree to an additional thirty (30) minutes. *See* e-mail exchange between Mr. McCally and Mr. Cys dated May 6, 2008.  .

_____
Thomas L. McCally

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of June, 2008, a copy of the foregoing was sent via the Court's electronic filing and via e-mail to Richard Cys, Esq., Davis, Wright, Tremaine, LLP, 1919 Pennsylvania Avenue, NW, Suite 200, Washington, DC 20006, Attorney for Defendant.

_____
Thomas L. McCally

## McCally, Thomas L.

**From:** McCally, Thomas L.
**Sent:** Tuesday, June 03, 2008 2:16 PM
**To:** Pendleton, Constance
**Cc:** Cys, Richard; Ward, Denise A.; Maiolo, Tina M.; Blee, Janette M.
**Subject:** RE: Donohoe/Bonneville

Connie, if its that voluminous then we will need to postpone the deposition as I will not have have time to review the materials with my client and prepare before the deposition. The years are indicated in my email, 2003-2007, and it would be for all the Bonneville radio stations in the Washington,DC group. Please call me to discuss alternate dates for the deposition. Tom

---

Thomas L. McCally
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, DC  20036
202-310-5500
202-310-5555 (Fax)
tlm@carrmaloney.com
http://www.carrmaloney.com

**Offices in Washington, DC | Maryland | Virginia**

This message is intended for the individual(s) or entity(ies) named in the header that appears either at the beginning or at the conclusion of all material in this message (depending on your e-mail software). This message may contain material that is privileged or confidential. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system. Thank you.

---

**From:** Pendleton, Constance [mailto:conniependleton@dwt.com]
**Sent:** Tuesday, June 03, 2008 2:04 PM
**To:** McCally, Thomas L.
**Cc:** Cys, Richard; Ward, Denise A.; Maiolo, Tina M.; Blee, Janette M.
**Subject:** RE: Donohoe/Bonneville

Tom:  We are working on getting the data but it is a voluminous amount of material.  Do you have specific stations and years that you need for the Spacciapolli deposition?  That would speed up the process.  We may have some of it today.

---

**From:** McCally, Thomas L. [mailto:TLM@carrmaloney.com]
**Sent:** Tuesday, June 03, 2008 12:57 PM
**To:** Pendleton, Constance
**Cc:** Cys, Richard; Ward, Denise A.; Maiolo, Tina M.; Blee, Janette M.
**Subject:** Donohoe/Bonneville

Connie and Rick,

We still have not been provided with the Miller Kaplan monthly reports for 2003-2007. Despite our repeated requests you have only provided year end reports. Unless we receive the monthly reports by noon tomorrow we will need to postpone Mr. Spacciapoli's deposition. It will be a waste of time and resources to go forward with his deposition without this critical information.

I look forward to hearing from you.
Sincerely,

---

Thomas L. McCally
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, DC  20036
202-310-5500
202-310-5555 (Fax)
tlm@carrmaloney.com
http://www.carrmaloney.com

**Offices in Washington, DC | Maryland | Virginia**

This message is intended for the individual(s) or entity(ies) named in the header that appears either at the beginning or at the conclusion of all material in this message (depending on your e-mail software). This message may contain material that is privileged or confidential. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system. Thank you.