IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| LEO DONOHOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 07-949 (RWR) |
| | : | |
| BONNEVILLE INT'L CORP., | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS TO MAGISTRATE JUDGE DEBORAH A. ROBINSON'S ORDER OF 4/23/08 DENYING PLAINTIFF'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

Having now scheduled and/or taken the number of depositions that are allowed, Plaintiff has confirmed (and established in his Objections and Reply) that additional depositions are necessary. Plaintiff again comes before this Court, pursuant to Local Rule 72.2, to present its Supplement to its Objection to the Order issued by Magistrate Judge Deborah A. Robinson's on April 23, 2008. These supplemental objections are based on recently obtained information that was not previously available and therefore not included in Plaintiff's Objection or Reply previously filed. This new information bears significantly on the claims and defenses being presented in this lawsuit and deserves consideration by this Court.

In addition to the information contained in Plaintiff's Objection and Reply, previously filed incorporated herein by reference, Plaintiff relies on the June 4, 2008 deposition testimony of one of Defendant's executives, Jody Lish. At that deposition, Plaintiff first learned about Cecil, a former employee of Defendant's company, and a conversation between Plaintiff's direct supervisor (Matt

Mills) and a management level employee of Defendant's company (Joel Oxley) regarding a plan to eliminate all Bonneville employees over the age of forty. Given that Plaintiff, who was over forty at the time of his termination, claims that the decisions to terminate him from employment and the failure to rehire him were motivated by age discrimination., the relevance of this testimony and the need to further investigate the information is crystal clear.

As a result, Plaintiff renews his request for this Court to grant leave to take more than the seven depositions that are permitted under the current Scheduling Order of this Court. In support of his request, Plaintiff incorporates the arguments and exhibits presented in Plaintiff's Objections to Magistrate Judge Deborah A. Robinson's Order of April 23, 2008 Denying Plaintiff's Motion for Leave to Take Additional Depositions filed on May 2, 2008, and the Reply filed on May 22, 2008. As for the additional and newly obtained evidence that supports Plaintiff's Supplement to its previously filed Objection and Reply, Plaintiff submits the following grounds.

On October 26, 2007, this Honorable Court entered a Scheduling Order under which each party was limited to taking a maximum of seven (7) depositions. Shortly thereafter, and in accordance with the Scheduling Order of the Court, the parties each filed their Initial Disclosures in which a combined number of thirty-nine (39) witnesses were identified. Bonneville itself identified sixteen (16) witnesses, not including the experts. Apart from these named witnesses, several other witnesses have also been identified during the course of discovery.

On March 12, 2008, Plaintiff filed a Motion for Leave to Increase the Number of Depositions ("Plaintiff's Motion for Leave") from the limit of seven placed by the October 2007 Scheduling Order to a new limit of twenty five[1]. In that Motion, Plaintiff demonstrates that the

---

[1] In light of the new evidence and its relevance to previously filed motions, Plaintiff has raised these same issues in Plaintiff's Renewed Motion for Leave to Increase the Number of Depositions filed with this Court on June 4, 2008.

2

complexity of the issues, the number of employment decisions involved, the number of witnesses that have been identified as having participated in or as having relevant information regarding those decisions, render it impossible to effectively conduct and complete discovery within the current confines of the Scheduling Order, Defendant's unwillingness to allow Plaintiff to obtain information from fact witnesses without the necessity of deposition, justifies a modification of the Scheduling Order so as to allow additional depositions.  On March 26, 2008, Defendant filed its Opposition. On April 3, 2008, Plaintiff issued its Reply.

On April 23, 2008, Magistrate Judge Deborah Robinson entered an Order denying Plaintiff's Motion for Leave to take more than the seven depositions that are permitted under the current Scheduling Order of this Court.  The Magistrate Judge's Order does not set forth any specific grounds for the denial, other than to refer to the arguments raised by Defendant. Accordingly, on May 2, 2008, Plaintiff filed its Objection to the April 23, 2008 Order pursuant to Local Rule 72.2, incorporated herein by reference.  On May 16, 2008, Defendant filed its Opposition.  On May 22, 2008, Plaintiff filed his Reply, incorporated herein by reference.

As will be discussed, the witnesses identified by the parties possess crucial information regarding Defendant's discriminatory motivation for firing him and their testimony will have a significant impact regarding the claims and defenses at issue in this litigation. Plaintiff's need to obtain this vital information, and the impossibility of obtaining such information by any other means, justifies his request for this Court to reconsider its prior rulings and increase the number of depositions from the current limit of seven to a new limit of twenty five.

On June 4, 2008, Plaintiff's counsel took the deposition of Ms. Jody Lish.  At that deposition, Plaintiff's counsel asked Ms. Lish if she was aware of any concerns from other

3

employees regarding Defendant's treatment of older workers at the D.C. Radio Group. In response, Ms. Lish spoke of a conversation she had with Ms. Jean Fowler, a current employee of Defendant, regarding a conversation between Mr. Mills and Mr. Oxley. The following exchange taken from her deposition recalls this event:

> Q. Has (Ms. Fowler) ever expressed to you a belief that accounts were being removed from her and given to the younger, newer workers in an effort to force her out?
> A. She has.
> Q. Have you described all of those discussions for me?
> A. I have.
> Q. Did Ms. Fowler ever tell you about something she had overheard regarding Mr. Mills and intentions to get rid of employees, the older workers or employees over forty or words to that effect?
> A. She did.
> Q. What did she tell you?
> A. She told me that there was a former employee who had told her that she had -- that he had overheard a conversation between Mr. Mills and Mr. Oxley about eliminating those over forty, and that was the gist of that conversation.
> Q. When did she tell you that?
> A. Several years ago. I don't recall. Before the RIF.
> Q. It was before the RIF?
> A. It was before the RIF, but I can't tell you the year.
> Q. Who was the employee, the former employee who told her that?
> A. He was a guy in the IT department.
> Q. What was his name?
> A. Cecil.
> Q. That's his first name?
> A. That's his first name. I have no idea what his last name is.

June 4, 2008 Deposition of Jody Lish at pp. 77:20 to 79:13, attached hereto as Exhibit 1. This newly obtained testimony is a good example of the type of comments indicative of age discrimination that were made by senior level employees at or about the time that the decision was made to include Mr. Donohoe in the Reduction in Force. Moreover, as the clear language of the testimony reveals, there are other potential witnesses known by Defendant who possess relevant information regarding the decision to hire a much younger, less experienced individual instead of

4

Mr. Donohoe after the implementation of the Reduction in Force. Unless this Court increases the current limit of seven depositions to twenty five depositions, or at a minimum allows Plaintiff leave to take the deposition of Cecil, Plaintiff will be unable to effectively conduct discovery and prepare his case for trial. Anything less would severely impede the Plaintiff's ability to prosecute this case and would unduly prejudice the Plaintiff in this matter.

Plaintiff's request is further justified by the fact that this information could not have been obtained prior to the noticing of the deposition of Ms. Lish. Information regarding Cecil was never produced during discovery or revealed in Defendant's Initial Disclosures to this Court. This also comports with Defendant's conduct which has prevented Plaintiff from informally gathering information from many of the critical fact witnesses that are still employed by Defendant. Although many of the witnesses indicated a willingness to provide information to the Plaintiff, Defendant has instructed Plaintiff's counsel to refrain from further contact with any potential fact witnesses. It is apparent that Defendant has also instructed its employees not to cooperate informally with Plaintiff. Accordingly, Plaintiff has no choice but to seek leave of this Court to depose these critical fact witnesses.

WHEREFORE, Plaintiff Leo Donohoe respectfully requests the Court to reverse the Order of the Magistrate Judge, and modify the provisions of the October 26, 2007, Scheduling Order by increasing the number of depositions that Plaintiff is allowed to take in this matter from seven (7) to twenty-five (25).

Respectfully submitted,

CARR MALONEY, P.C.

By: _____
Thomas L. McCally,#391937
1615 L Street, NW
Suite 500
Washington, D.C.  20036
(202) 310-5500 - phone
(202) 310-5555 - fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2008, a copy of the foregoing was sent via electronic filing to Richard Cys, Esquire, Davis, Wright, Tremaine, LLP, 1500 K Street, NW, Suite 450, Washington, DC  20005, Attorney for Defendant.

_____
Thomas L. McCally

# EXHIBIT 1

Case 1:07-cv-00949-RWR-DAR     Document 33-2     Filed 06/13/2008     Page 1 of 6

Page 1

1              In the U.S. District Court
              For the District of Columbia
2

          --------------------------------x
3                                          :
   :Leo Donohoe
4                                          :
                    v.                     : NO. 07-949
5                                          :
   :Bonneville International Corp.
6                                          :
          --------------------------------x
7
                    June 4, 2008
8
   THE VIDEO DEPOSITION OF:
9
                    Jody Lisch,
10
   a witness, called by counsel pursuant to notice,
11 commencing at 10:00 a.m. which was taken at Carr
   Maloney, 1615 L Street, NW, Washington, DC
12
13
14
15
16
17
18
19
20
21

1   Q. Did she have any response?

2   A. Not really.

3   Q. Why would you tell her to put the blinders
4   on and just keep going rather than complaining more?

5   A. Because I think sometimes you complain so
6   much that you're perceived as nothing but a
7   complainer and I know she likes doing what she does.
8   I know she likes working for WTOP. I know she's
9   good at what she does. And I told her just put your
10  head down, do your job, and, you know, just try to
11  calm down.

12  Q. Do you believe her complaints were fair
13  and valid?

14  A. To the extent that I knew of the
15  circumstances, yes.

16  Q. Do you recall any other discussions with
17  Ms. Fowler where she raised these or similar
18  complaints?

19  A. Not specifically.

20  Q. Has she ever expressed to you a belief
21  that accounts were being removed from her and given

1   to the younger, newer workers in an effort to force
2   her out?
3       A.   She has.
4       Q.   Have you described all of those
5   discussions for me?
6       A.   I have.
7       Q.   Did Ms. Fowler ever tell you about
8   something she had overheard regarding Mr. Mills and
9   intentions to get rid of employees, the older
10  workers or employees over forty or words to that
11  effect?
12      A.   She did.
13           MS. PENDLETON:   Objection.
14  BY MR McCALLY:
15      Q.   What did she tell you?
16      A.   She told me that there was a former
17  employee who had told her that she had -- that he
18  had overheard a conversation between Mr. Mills and
19  Mr. Oxley about eliminating those over forty, and
20  that was the gist of that conversation.
21      Q.   When did she tell you that?

```
 1      A.    Several years ago.  I don't recall.
 2   Before the RIF.
 3      Q.    It was before the RIF?
 4      A.    It was before the RIF, but I can't tell
 5   you the year.
 6      Q.    Who was the employee, the former employee
 7   who told her that?
 8      A.    He was a guy in the IT department.
 9      Q.    What was his name?
10      A.    Cecil.
11      Q.    That's his first name?
12      A.    That's his first name.  I have no idea
13   what his last name is.
14      Q.    What's he look like?
15      A.    He's an African-American guy.  It's been
16   many years.  I don't even know if I would know him
17   walking down the hall.
18      Q.    Approximate age?
19      A.    Thirty something, mid-thirties perhaps.
20      Q.    And how did he overhear this conversation?
21      A.    I don't know.
```

```
 1      Q.    Do you know when he left Bonneville?
 2      A.    He left shortly after the situation with
 3   an overheard conversation came about.
 4      Q.    So you're saying shortly after Ms. Fowler
 5   told you about this?
 6      A.    Yes.
 7      Q.    What he had told her he left Bonneville?
 8      A.    Yes, he was terminated I believe.
 9      Q.    He was?  Who terminated him?
10      A.    I don't know.
11      Q.    Do you know why he was terminated?
12      A.    I do not.
13      Q.    Do you know if he told anybody else what
14   he overheard between Mr. Mills and Mr. Oxley?
15      A.    I do not know that.
16      Q.    So his first name is Cecil and he worked
17   in the IT department at WTOP?
18      A.    He did.
19      Q.    What were his responsibilities?
20      A.    To make sure everyone's computers were up
21   to date, everybody needed what they needed on a
```