IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEO DONOHOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 07-949 (RWR) |
| | : | |
| BONNEVILLE INT'L CORP., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S CONSOLIDATED OPPOSITION TO PLAINTIFF'S
"SUPPLEMENTAL OBJECTIONS" TO ORDER DENYING MOTION FOR
ADDITIONAL DEPOSITIONS AND OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR ADDITIONAL DEPOSITIONS**

Rather than figure out what would be the proper vehicle for placing yet another unwarranted request for further discovery before the Court, plaintiff Leo Donohoe has opted for the shotgun approach, filing both "supplemental" objections to Magistrate Judge Robinson's April 23, 2008 order denying his prior motion to take twenty-five depositions *and* a renewed motion for leave to take these twenty-five depositions in this straightforward single-plaintiff discrimination suit. What is the basis for these additional and procedurally defective filings? Alleged hearsay upon hearsay (upon hearsay) regarding a single allegedly overheard hallway conversation occurring "[s]everal years ago, before the RIF" (reduction in force) that is at issue in this suit. Pl.'s Suppl. Objections at 4. Such a severely attenuated basis for expanding, by any amount, the deposition limits set by this Court is devoid of merit. Moreover, it does nothing whatsoever to bolster plaintiff's flimsy arguments for taking a total of twenty-five depositions in this simple case.

1

## ARGUMENT

### A.   Plaintiff's Filings Are Procedurally Defective.

Objections to decisions rendered by magistrate judges are governed by LCvR 72.2(b), which rule incorporates the filing restrictions of LCvR 7. Neither of these rules allows for "supplemental" objections to be filed without leave of court. Surreplies – what these "supplemental" objections are, as a matter of function – likewise may not be filed without leave. *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001).[1] On this basis alone, plaintiff's attempt to pad his objections should be denied.

As for the companion filing (Mr. Donohoe's renewed motion for leave to increase the number of depositions), that motion is premature, as the order denying Mr. Donohoe's request is currently pending before the Court. To the extent it raises any material issues warranting a second bite at the apple – which it does not, and it should therefore be denied with prejudice – it should at most be held in abeyance pending resolution of Mr. Donohoe's equally flawed objections.

### B.   Plaintiff's Grounds For Seeking Additional Depositions And For Filing "Supplemental" Objections Are Meritless.

Even if plaintiff's filings were procedurally proper, they are nonetheless meritless for numerous reasons:

<u>First</u>, as previously set forth by defendant, additional information obtained after the entry of a magistrate judge's order can provide no basis for objecting to that order, since that information was never put before the magistrate judge in the first instance. Def.'s Opposition to Objections at 6-7. While such new information may be put forward in objections to a *report and*

---

[1] Additionally, "the moving party must show that the reply filed by the moving party raised new arguments that were not included in the original motion," and there were no such arguments raised here by defendant. *Id.* Plaintiff has already filed a reply, in any event.

2

*recommendation* issued pursuant to LCvR 72.3, it may not be used to support objections to orders issued pursuant to LCvR 72.2. *Compare* LCvR 72.2(c) *with* LCvR 72.3(c). Both plaintiff's original objections and his later-filed "supplemental" objections – by which plaintiff attempts to circumvent the Court's referral of this action for discovery purposes to Magistrate Judge Robinson – suffer from this fatal flaw.

Second, plaintiff's filings are based on exceptionally speculative and attenuated evidence. Plaintiff cites an alleged hallway conversation occurring "several years" ago, long before the RIF and subsequent employment decisions at issue in this case, between two Bonneville employees who have been the targets of extensive discovery. This alleged conversation was purportedly overheard by another (former) employee and then re-told to a third employee (who has been deposed), and *then* related to a fourth employee, who years later discussed the rumor of this alleged hallway conversation with plaintiff's counsel in both informal conversation and in deposition. More like a game of "telephone" than evidence, this is *at least* triple hearsay and is unreliable in the extreme. It certainly is no basis for taking any additional depositions, much less twenty-five.

Third, and relatedly, this solitary rumored conversation says nothing about plaintiff's purported grounds for seeking any of the other dozens of additional depositions he seeks, such as the depositions of various employees of Katz Radio Group and top-level executives at Bonneville who had nothing to do with the decisions at issue here – all of which requests are, for multiple reasons already presented to the Court in Bonneville's prior filings, baseless.[2]

---

[2] Bonneville hereby incorporates into this consolidated opposition all of the arguments raised in Bonneville's opposition to plaintiff's objections to Magistrate Judge Robinson's April 23 order.

Fourth, in filing his renewed motion, plaintiff at long last recognizes that all his prior filings regarding additional depositions were premature because they were filed before he had exhausted the depositions already allotted to him. *Finazzo v. Hawaiian Airlines*, No. 05-524, 2007 U.S. Dist. LEXIS 34606 (D. Haw. May 10, 2007); *Mazur v. Lampert*, No. 04-61159, 2007 U.S. Dist. LEXIS 13934, at *5 (S.D. Fla. Feb. 28, 2007) (denying motion for extra depositions where plaintiff had only taken five depositions; a party must justify all the previously taken ten depositions in order to get more, and a particularized showing is necessary); *Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*, No. 3:06-CV-232, 2006 WL 1525970, at *2 (D. Conn. May 25, 2006) (observing that "courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right"); *Archer Daniels Midland Co. v. Aon Risk Servs.*, 187 F.R.D. 578, 587 (D. Minn. 1999) (holding that "[a]t a minimum, [the movant] should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others"); *Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171 (D. Mass. 1995) (explaining similar local rule by noting that the rule "requires a party to exhaust available discovery before seeking leave for additional discovery events"). Accordingly, plaintiff necessarily concedes that his motion seeking additional depositions was properly denied and that his objections should be overruled. LCvR 72.2 (allowing district court to set aside or modify magistrate judge's order only where the order is clearly erroneous). In any event, plaintiff is wrong to imply that he has exhausted his available depositions, as he has not yet deposed Joel Oxley. Like its predecessors, the renewed motion is, therefore, premature.

Fifth, plaintiff fails even to claim – much less demonstrate, as he must – that each of the depositions he has already taken (*e.g.*, of peripheral individuals such as Jean Fowler, Mark

4

O'Brien (an employee terminated long before the RIF at issue) and Jody Lish) was essential to his case. *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482-83 (N.D. Tex. 2001) (absent such a rule, "a party could circumvent the cap by taking ten depositions of questionable relevance first and leave the most crucial depositions for the end, confident in the belief that leave of the court shall not be denied"); *Newell v. State Teamsters Joint Council No. 39*, No. 05-C-552, 2007 U.S. Dist. LEXIS 82253, at *3-4 (E.D. Wis. Oct. 25, 2007); *see also Lewis v. Mt. Morris Twp.*, No. 06-cv-15428, 2007 U.S. Dist. LEXIS 72489, at *1-2 (E.D. Mich. Sept. 28, 2007) (citing *Barrow* for the proposition that "[c]ourts ordinarily require a particularized showing of necessity for each additional deposition" over the ten-deposition limit); *Baker County Med. Servs. v. Summit Smith, LLC*, No. 05-cv-541, 2007 U.S. Dist. LEXIS 1967, at *4-5 (M.D. Fla. Jan. 9, 2007) (particularized showing is required); *In re At Home Corp.*, No. 04-0931, 2005 U.S. Dist. LEXIS 43437, at *3 (N.D. Cal. Feb. 4, 2005) (same).

Sixth, plaintiff does not contest his obligation to show that each additional deposition will reveal new information not previously revealed in prior depositions – but plaintiff nonetheless fails to make any showing in his supplemental filings here. *Barrow,* 202 F.R.D. at 482-83. Indeed, even if he were to depose the former IT employee who allegedly overheard a conversation involving Mr. Oxley, that deposition could not possibly reveal information that Mr. Donohoe could more easily obtain from, for example, Mr. Oxley in his pending deposition.

Seventh, Mr. Donohoe's new filings fail to demonstrate that he has exhausted less expensive and burdensome means of gathering the information he seeks prior to seeking additional depositions. *See Lloyd v. Valley Forge Life Ins. Co.*, No. 06-5325, 2007 U.S. Dist. LEXIS 40526, at *5 (W.D. Wash. Mar. 23, 2007) (obligation to exhaust less expensive avenues). Mr. Donohoe has proven himself able to obtain information through informal processes, as is

made plain by the fact – which he does not reveal to the Court – that he knew about the rumor of this alleged conversation long before he filed suit and that his counsel had discussed the alleged hallway conversation with Ms. Lish *prior* to taking her deposition (and, as counsel's questioning of Jean Fowler in her deposition makes clear, prior to the filing of Mr. Donohoe's first set of objections in this action). *See also* Pl.'s Reply in Supp. of Objections Ex. C (declaration of P. Fears, which counsel apparently obtained outside of the discovery process). Indeed, *after* filing his motion, Mr. Donohoe has informally requested information regarding "Cecil," the former IT employee, and, although Bonneville does not believe "Cecil" possesses any meaningful information relevant to this action, Bonneville is currently making a good faith effort to collect this employee's last known address and contact information and will produce such information to the extent it is responsive to any of plaintiff's discovery requests. Mr. Donohoe's own actions, therefore, prove the meritless and wasteful nature of his present motion for additional depositions.

Eighth, Mr. Donohoe fails yet again to even discuss, let alone satisfy, his independent obligation to demonstrate that his case is particularly complex and that this complexity necessitates deviating from standard deposition limits. *Campo v. American Corrective Counseling Servs.*, No. 01-21151, 2007 U.S. Dist. LEXIS 87150, at *15-18 (N.D. Cal. Nov. 6, 2007); *Brooks v. Comcast of the South, Inc.*, No. 05-CV-71640, slip op. at 4-5 (E.D. Mich. March 9, 2006) (denying motion for leave to take additional depositions where movant failed to demonstrate particular complexity of case).

Ninth, any additional depositions would be merely cumulative of already-collected evidence or of evidence that Mr. Donohoe will collect before discovery is finished. Especially noteworthy in this regard is the pending deposition of Mr. Oxley, a key witness for this ligitation.

There is no reason for any additional depositions, much less a deposition of a long-ago-departed employee who allegedly overheard a conversation in a hallway several years before any of the events relevant to this suit. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (allowing court to limit discovery where it is "unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive"); Def.'s Mot. for Protective Order (reviewing information already produced and cataloguing Mr. Donohoe's repeatedly duplicative discovery requests).

Tenth, any additional depositions, and especially a deposition of Cecil, would unnecessarily drive up costs of discovery well beyond its already substantial level, all in the pursuit of a fundamentally baseless – and straightforward – single-plaintiff discrimination action. *See* 8 Charles Alan Wright, Arthur R. Miller & Richard A. Marcus, *Federal Practice and Procedure* § 2008.1, at 120 (1994) ("[W]here the sole object is to recover money, the cost of discovery is something the court should have in mind when contemplating limitations on the amount of discovery activity that is appropriate.").

## CONCLUSION

For all of the foregoing reasons, Mr. Donohoe's "supplemental" objections should be disregarded or stricken, and his renewed motion for leave to take twenty-five depositions should be denied with prejudice.

Respectfully submitted this 26th day of June, 2008,

                              DAVIS WRIGHT TREMAINE LLP

                                 /s/  Constance M. Pendleton
                              Richard L. Cys (D.C. Bar No. 087536)
                              Constance M. Pendleton (D.C. Bar No. 456919)
                              1919 Pennsylvania Avenue, N.W., Suite 200
                              Washington, DC  20006-3402

(202) 973-4200
(202) 973-4499 facsimile
richardcys@dwt.com
conniependleton@dwt.com

Counsel for Defendant Bonneville International
  Corporation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of June, 2008, a true and correct copy of the foregoing consolidated opposition was served by first class mail, postage prepaid, ECF, and electronic mail upon:

>Thomas L. McCally, Esq.
>Carr Maloney P.C.
>1615 L Street, NW
>Suite 500
>Washington, D.C. 20036

      /s/ Constance M. Pendleton
      Constance M. Pendleton

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LEO DONOHOE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No.: 07-949 (RWR) |
| | : | |
| **BONNEVILLE INT'L CORP.,** | : | |
| | : | |
| **Defendant.** | : | |

**[PROPOSED] ORDER**

Before the Court is plaintiff's filing captioned as "supplemental" objections to an order of Magistrate Judge Robinson denying leave to take additional depositions. For the reasons set forth in defendant's opposition to plaintiff's filing, it is hereby

**ORDERED** that plaintiff's "supplemental" objections are and shall be stricken from the Court's docket in this action.

_____
Hon. Richard W. Roberts
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LEO DONOHOE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No.: 07-949 (RWR) |
| : | |
| **BONNEVILLE INT'L CORP.,** : | |
| : | |
| **Defendant.** : | |

**[PROPOSED] ORDER**

Before the undersigned is plaintiff's renewed motion for leave to take additional depositions. For the reasons set forth in defendant's opposition to this motion, it is hereby

**ORDERED** that plaintiff's renewed motion is **DENIED** with prejudice.

_____
Hon. Deborah A. Robinson
United States District Judge