**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LEO DONOHOE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No.: 07-949 (RWR) |
| : | |
| **BONNEVILLE INT'L CORP.,** : | |
| : | |
| **Defendant.** : | |

**JOINT STATUS REPORT**

Pursuant to Magistrate Judge Robinson's instructions in chambers on July 2, 2008, the parties hereby submit a status report regarding their efforts to narrow the issues in dispute arising from plaintiff's motion to compel discovery [#19] and defendant's motion for a protective order [#21].

On July 2, 2008, the parties were scheduled to appear before Magistrate Judge Robinson for oral argument regarding plaintiff's motion to compel and defendant's motion for a protective order. Because Magistrate Judge Robinson was occupied with criminal matters during the scheduled time, Judge Robinson requested and the parties agreed to meet and confer in an effort to narrow the dispute between the parties. The parties did agree on a series of issues relative to the documents sought in plaintiff's motion to compel, but were unable to resolve others. Specifically, the parties reached agreement regarding the following: [1]

---

[1] Any and all documents and additional information agreed to and produced by defendant to plaintiff was produced subject to, without waiving, and incorporating by reference all the general objections previously set forth in Bonneville's responses and objections to Mr. Donohoe's document requests and interrogatories. Each release also was made subject to and without waiving any and all specific objections raised in Bonneville's responses and objections to Mr. Donohoe's supplemental document requests. The documents and information were produced subject to the operative protective order entered in this action.

1

Sales and Financial Documents: Bonneville has produced documents, including monthly Miller-Kaplan reports, regarding sales figures and performance. The parties continue to disagree regarding the production of documents related to Bonneville's finances and net worth.

Supplemental Requests #6, 13: Mr. Donohoe requested, and Bonneville offered to provide, Bates ranges for produced documents which relate to the Katz Radio Group. These Bates ranges were previously provided in Bonneville's original responses to Mr. Donohoe's first set of document requests and then again in a letter from counsel on May 8, 2008. Bonneville provided these Bates ranges again in a letter from counsel on July 17, 2008. Bonneville maintains its objections to any efforts by Mr. Donohoe to seek information regarding Bonneville operations outside of Washington, DC, which Bonneville contends is the only relevant geographical region to this lawsuit.

Supplemental Request #8: Counsel for Mr. Donohoe indicated that this request could be satisfied by documents regarding persons who applied and/or were interviewed for account executive positions at Bonneville (DC), as well as persons who were ultimately hired (all post-RIF (2006)). Bonneville produced responsive documents. The parties agree that Supplemental Request #15 seeks this same information but includes San Francisco, California, which Bonneville contends is outside the relevant scope of discovery in this lawsuit.

Supplemental Request #9: Counsel for Mr. Donohoe clarified that this request seeks organizational charts of Bonneville's DC operations. Bonneville provided Bates ranges for documents previously produced in response to this request and produced additional documents.

Supplemental Request #14: Counsel for Mr. Donohoe requested, and Bonneville confirmed, that the employee manual produced in discovery is the same manual that governed DC employees prior to and after the RIF at issue in this suit. Bonneville also produced documents regarding discrimination training given to Bonneville DC employees in 2003.

Supplemental Request #16: Bonneville provided a supplemental discovery response to clarify that its prior response, which indicated that there are no responsive documents regarding complaints of age discrimination, is limited to Washington, DC. As to other geographical areas, Bonneville maintains its prior objections that Bonneville's operations in such areas are not relevant to this lawsuit.

Remaining, therefore, are the following disputed matters: (1) Financial (net worth) documents (Suppl. Req. No. 5); (2) Documents regarding Bonneville operations outside of Washington, DC (Suppl. Reqs. Nos. 1-4, 6, 15, 16, 17); (3) an alleged file of complaints against Matt Mills (Suppl. Reqs. Nos. 10, 16);[2] (4) Supplemental Requests 7, 11, and 12;[3] (5) Documents regarding claims for discrimination of any kind in the Washington, D.C. metropolitan area (Suppl. Req. No. 17); and (6) the limit on the number of document requests which either party may make.

In addition, while Bonneville has refrained from seeking court intervention with regarding to plaintiff's lack of compliance with Bonneville's discovery demands, it is Bonneville's position that plaintiff's responses to Bonneville's discovery requests have been and continue to be inadequate. Counsel for Mr. Donohoe raises an objection to Bonneville raising this issue as part of this Status Report pertaining to Plaintiff's Motion to Compel. Nevertheless, Counsel for Mr. Donohoe wishes to inform the Court that he has received correspondence from

---

[2] Bonneville has conducted a thorough investigation into this allegation. This purported file does not exist. Plaintiff seeks, in addition to these assertions, an affidavit detailing the efforts made to search for such a file and attesting that such a file does not exist, to be provided by a Bonneville representative other than Joel Oxley. Despite Mr. Donohoe's request for verification, Bonneville declines to furnish it.

[3] Plaintiff has not specifically addressed these requests in any of his discovery-related filings. Plaintiff's sole argument relating to these requests was that he was entitled to more than thirty document requests. *See* Pl.'s Mot. to Compel at 15; Def.'s Opp'n/Mot. for Protective Order at 12-16; Pl.'s Reply/Opp'n at 9-10; Def.'s Reply at 7-10. These requests seek: Bonneville (DC) program logs (Suppl. Req. #7); documents referring or relating to Bonneville's contractual agreements with the Nationals baseball franchise (Suppl. Req. #11); and documents relating to contractual agreements, commissions and the like between Bonneville and Katz Radio Group (Suppl. Req. #12). Bonneville objects to Supplemental Requests Nos. 7, 11 and 12 on grounds that they exceed the permitted number of requests, and upon grounds of relevance, overbreadth and excessive burden. Plaintiff contends that these requests seek relevant information, are not overbroad, and are among the additional requests that plaintiff asserts he is entitled to make.

Bonneville regarding this issue and is preparing a response that will address Bonneville's concerns.

Respectfully submitted this 25th day of July, 2008,

        DAVIS WRIGHT TREMAINE LLP

          /s/  Constance M. Pendleton
        Richard L. Cys (D.C. Bar No. 087536)
        Constance M. Pendleton (D.C. Bar No. 456919)
        1919 Pennsylvania Avenue, N.W., Suite 200
        Washington, DC  20006-3402
        (202) 973-4200
        (202) 973-4499 facsimile
        richardcys@dwt.com
        conniependleton@dwt.com

        Counsel for Defendant Bonneville International
           Corporation

            /s/  Thomas L. McCally
        Thomas L. McCally, Esq. (D.C. Bar No. 391937)
        Carr Maloney P.C.
        1615 L Street, NW
        Suite 500
        Washington, D.C. 20036

        Counsel for Plaintiff Leo Donohoe

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July, 2008, copies of the foregoing status report were delivered to all counsel of record via the Court's ECF system.

   /s/ Constance M. Pendleton
Constance M. Pendleton