IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEO DONOHOE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civil Action No.: 07-949 (RWR) |
| | : |
| BONNEVILLE INT'L CORP., | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO THE AUGUST 8, 2008 JOINT SUPPLEMENTAL MEMORANDUM**

Defendant Bonneville International Corporation ("Bonneville"), through counsel, files this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to File Supplement to the August 8, 2008 Joint Supplemental Memorandum. Plaintiff was in possession of the "supplemental" documents well before August 8, 2008 but failed to file them in the Joint Supplemental Memorandum. Moreover, the documents are not relevant to the Court's inquiry. Accordingly, Plaintiff's attempt to file his untimely, unresponsive, and irrelevant "supplement" to the parties' August 8, 2008 joint filing should be rejected.

**I.      PROCEDURAL BACKGROUND**

On July 29, 2008, Magistrate Judge Robinson held a hearing regarding two discovery motions: Plaintiff's motion to compel [#19] and Bonneville's motion for a protective order [#21]. At the hearing, Magistrate Judge Robinson denied Plaintiff's motion to compel and granted Bonneville's motion for a protective order, with the exception of one issue:

> [T]he Court grants the Defendant's motion for protective order and denies the Plaintiff's motion to compel, except with respect to discovery regarding headquarters' role, if any, in the RIF in the District of Columbia – perhaps I should say the District of Columbia market, by which the Plaintiff in this case was affected. As to that issue the Court will stay its determination <u>until the parties file what I will call a 'supplement' to today's</u>

1

> hearing in which the parties attach the transcript of the deposition of Mr. Oxley, since both sides appear to agree that during the deposition Mr. Oxley gave testimony which you've each characterized as dispositive.

July 29 Tr. at 45-46 (emphasis added); *see also* July 29, 2008 Minute Entry (supplemental briefing required as to "Plaintiff's request for discovery regarding the role, if any of Defendant's headquarters in the D.C. RIF; as to that issue, the parties shall jointly file a supplemental hearing memorandum with the relevant portions of the transcript of the deposition in which counsel inquired about this issue; said memorandum shall be filed by no later than 8/8/08.") (emphasis added). Contrary to Plaintiff's contention, the Court did not ask for supplement regarding Bonneville's San Francisco RIF. On August 8, 2008, the parties filed their Joint Supplemental Hearing Memorandum [#42], to which they attached, per Magistrate Robinson's Order, relevant portions of Mr. Oxley's deposition transcript. Joint Supplemental Hearing Memorandum at Exhibit 2. The Joint Supplemental Hearing Memorandum also contained nine pages of argument from Plaintiff subtitled "Plaintiff's Supplemental Memorandum" and attached various documents Plaintiff deemed to be relevant to the Court's request. *See id*. at 2-11; Exhibits 1-7.

Plaintiff now "seeks leave to file his Supplement to the August 8, 2008 Joint Supplemental Memorandum to provide the Court with additional evidence that Bonneville's corporate headquarters had direct involvement in the Washington DC 2006 Reduction in Force," and to attach additional documents he wishes to add to the Joint Supplemental Hearing Memorandum. Pl.'s Mem. at 4; Exhibits 1, 2.

## II.     ARGUMENT

First, and most importantly, Plaintiff's motion should be denied because it is untimely. Plaintiff contends that his proposed filing contains "important supplemental information that is directly relevant to the Court's inquiry." Pl.'s Mem. at 5. Nowhere, however, does Plaintiff explain why he failed to provide the Court with these "important" documents on August 8, 2008,

or, indeed, why he waited eleven extra days to file even though the "documents and deposition testimony" have been in his possession since July 2, 2008.  *Cf. Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61 (D.D.C. 2008) (denying Rule 60(b)(2) motion in part because although Plaintiff contended it was "newly discovered evidence," the document in question was in Plaintiff's possession throughout the litigation of the case and he could have proffered the evidence before judgment was rendered).  By seeking to file his Supplement at this late date, Plaintiff is delaying Magistrate Robinson's decision on Bonneville's motion for a protective order with regard to discovery regarding headquarters' role in the Reduction in Force.

Second, even if the Court is inclined to overlook the tardiness of Plaintiff's submission, the "supplement" he seeks to file is unresponsive to the Court's request and irrelevant to the narrow matter at issue.  Despite Plaintiff's contention that "the matters discussed" in his Proposed Supplement "respond *directly* to this Court's July 29, 2008 inquiry," Pl.'s Mem. at 4, Magistrate Robinson explicitly ordered the parties to file only relevant portions of Mr. Oxley's transcript.   July 29 Tr. at 45-46; *see also* July 29, 2008 Minute Entry.  Not only has Mr. Oxley's transcript already been submitted, but Plaintiff has already taken the opportunity to present numerous additional documents and arguments to the Court regarding discovery of Bonneville's headquarters.  *See* Joint Supplemental Hearing Memorandum at 2-11; Exhibits 1-7.

Further, the email and related deposition testimony that Plaintiff attaches as exhibits to his Proposed Supplement are irrelevant to the Court's inquiry – namely, whether Bonneville's headquarters had any involvement in the selection of employees who would be subject to the Reduction in Force.  The email that Plaintiff wishes the Court to consider is entirely irrelevant. Although Plaintiff argues that it "shows that officers in Bonneville's Salt Lake City (corporate management offices) were asking for information and scenarios regarding Bonneville's available

3

options in shutting down certain offices," Proposed Supplement at 2, that is entirely consistent with Bonneville's position: that while Bonneville headquarters was involved in the high-level decision of which station to eliminate, it was <u>not</u> involved in the RIF's personnel changes. Bonneville has already submitted argument in support of its position that discovery into Bonneville's headquarters is completely unwarranted because Bonneville headquarters did not dictate, provide, require, or supervise the Washington, D.C. Reduction in Force, and for the sake of brevity, will not repeat those arguments here.  *See* Joint Supplemental Hearing Memorandum at 11-17.[1]

WHEREFORE, Bonneville respectfully requests that the Court deny Plaintiff's Motion for Leave to File a supplement to the Joint Supplemental Memorandum as untimely, unresponsive, and irrelevant.

Dated:  September 2, 2008

DAVIS WRIGHT TREMAINE LLP

      /s/  Richard L. Cys
Richard L. Cys (D.C. Bar No. 087536)
Constance M. Pendleton (D.C. Bar No. 456919)
Amber L. Husbands (D.C. Bar No. 481565)
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, DC  20006-3402
(202) 973-4200; (202) 973-4499 facsimile
richardcys@dwt.com
conniependleton@dwt.com
amberhusbands@dwt.com

Counsel for Defendant Bonneville International
   Corporation

---

[1] Plaintiff also takes the opportunity in his Proposed Supplement to complain that Bonneville's production of documents has been deficient.  Proposed Supplement at 3-5.  Bonneville will not address Plaintiff's accusations here, as they are outside the scope of the motion (and have already been addressed by the Court during argument on Plaintiff's motion to compel), other than to state that Bonneville strongly disagrees with Plaintiff's characterization of its production of documents in this case, particularly Plaintiff's assertion that his counsel sent Bonneville a "litigation hold notice."  *Id.* at 5.  It is Plaintiff – not Bonneville – who has failed to comply with his discovery obligations despite repeated entreaties from Bonneville.

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of September, 2008, true and correct copies of the foregoing Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to File Plaintiff's Supplement to the August 8, 2008 Joint Supplemental Memorandum were served via ECF upon all counsel of record.

      /s/ Amber L. Husbands
    Amber L. Husbands