IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| LEO DONOHOE, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>BONNEVILLE INT'L CORP., )<br>)<br>  Defendant. )<br>_____) | Civil Action No.: 07-949 (RWR)<br>Hearing Requested |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO OBJECTIONS TO MAGISTRATE JUDGE DEBORAH A. ROBINSON'S ORDER OF JULY 29, 2008 DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Yet again, Defendant Bonneville International Corporation ("Bonneville") has asserted disingenuous and meritless arguments against the valid protests raised in Plaintiff Leo Donohoe's properly filed objections. Plaintiff established both in his original Motion and Reply, as well as in the oral arguments before Magistrate Judge Deborah Robinson, and in Plaintiff's Objections to the Order denying Plaintiff's Motion, that the discovery requested is critical to Plaintiff's ability to effectively prepare his case and investigate Defendant's purported reasons for the multiple employment decisions that are at issue. Moreover, for the reasons addressed in the supplements filed at the request of Magistrate Judge Robinson, Plaintiff has amply demonstrated the importance of obtaining discovery regarding evidence demonstrating that the San Francisco RIF, conducted at the same general timeframe as the D.C. RIF, had the same effect of eliminating older workers. Bonneville can no longer use its status as an international corporation to hide vital documents and shield inculpating information from this Court by claiming the relevant files are outside of D.C.

Defendant's Opposition to the original Motion, as well as Defendant's Opposition to Plaintiff's Objection, is based on arguments that are plainly wrong. First, Defendant contends that the Objections are untimely and, therefore, "procedurally defective." Second, notwithstanding that it just argued that Plaintiff's Objections are "untimely," Bonneville also argues that they are "premature" because the Objections purportedly address issues currently being considered by the Magistrate Judge. Third, Bonneville argues that there is no basis for additional discovery outside of D.C. despite clear evidence and case law which state that a court may consider discovery from different branches or offices of the same company if the evidence is probative of the company's employment decisions at issue. Fourth, regarding the Matt Mill's file, Bonneville continues to express outrage that Plaintiff will not accept its "word" that no such file exists, while at the same time it suspiciously refuses to provide any verification by a Bonneville employee of the same exact statements. Fifth, Bonneville wrongfully argues that Plaintiff has "stipulated" to an agreed upon limit to document requests when in fact no such stipulation was ever agreed upon in this matter. Finally, Bonneville attempts to parlay its own interpretation of the "stipulation" regarding limits on document requests as also binding and acts to bar document requests propounded through a 30(b)(6) Notice of Deposition.

Defendant's position is undermined by the record in this matter, and is premised entirely upon complete misstatements of evidence, testimony and this Court's ruling. Defendant consistently misstates the record and makes factual conclusions that are completely and absolutely inconsistent with the sworn testimony of its own witnesses.

1. **<u>Plaintiff's Objections are Not Untimely, but Instead, Were Properly Filed with this Court Under the Local Rules.</u>**

Bonneville represents to this Court that the 10-day deadline imposed by LCvR 72.2(b) for filing objections began to run when Magistrate Judge Robinson read her decision on the motions to compel and for protective order from the bench. This is simply wrong. A simple reading of LCvR 72.2(b) demonstrates that the time for filing objections begins to run upon the date **of service of an order**, which is effectuated through electronic filing of the order. *See* LCvR 72.2 ("any party may file written objections . . . within 10 days of being *served with the order* of the magistrate judge . . .")(emphasis added) and LCvR 5.4(d)("Electronic filing of any document operates to effect *service* of the document on counsel . . .")(emphasis added).

In this instance, Magistrate Judge Robinson read her decision regarding Plaintiff's motion to compel and Defendant's motion for protective order from the bench on July 29, 2008. Her order reflecting her decision, however, as Bonneville admits on page 5 of its Opposition, was not entered, and therefore not served upon the parties, until July 31, 2008. The triggering date for LCvR 72.2(b), therefore, was undeniably July 31, 2008.

Mr. Donohoe filed his objections within 10 days of the entry, and therefore service, of Magistrate Judge Robinson's order. Mr. Donohoe's Objections are filed timely and should be accepted by this Court.

2. **<u>Plaintiff's Objections are not Premature.</u>**

Notwithstanding its argument that Plaintiff's Objections were filed too late, Bonneville also argues that Plaintiff's Objections were filed too soon. Bonneville argues that Plaintiff's objections to Magistrate Judge Robinson's ruling on discovery relating to documents outside of Bonneville's

D.C. offices are not ripe because the Court has not yet issued a ruling with regard to that discovery. Bonneville's position, however, ignores the plain words of Magistrate Judge Robinson who stated, in response to inquiry by Plaintiff's counsel into the discovery at issue, that "[t]he Court has already ruled . . ." and that if additional evidence of corporate involvement in the D.C. and San Francisco RIF's is provided, she would allow counsel to "seek *reconsideration* **of her** *ruling*." July 29 Tr. at 49:9-16 and 50:15-16. Bonneville's argument that the Court has not ruled on whether Bonneville must produce discovery regarding the San Francisco RIF flies in the face of the record.

### 3. Plaintiff has a Right to Review Documents from Bonneville's Offices in San Francisco.

Knowing that Plaintiff properly filed its Objections, Defendant goes on to argue that Magistrate Judge Robinson properly ruled that Mr. Donohoe should not be allowed to conduct discovery into the San Francisco RIF because all information regarding that RIF should be considered *per se* irrelevant and, therefore, inadmissible. Bonneville's position defies established law stating that such information simply cannot be deemed *per se* irrelevant and inadmissible. Instead, the Court must conduct an analysis of the evidence pursuant to Federal Rules of Civil Procedure 401 and 403. To do that, however, the Court must have evidence to assess. To have evidence to assess, the Court must allow discovery. Magistrate Judge Robinson did not.

In *Sprint/United Management Co. v. Mendelsohn*, 522 U.S. ____ (2008), plaintiff, a former employee discharged at age 51, brought suit against his former employer, alleging age discrimination. To prove his case against his former employer, plaintiff offered evidence of other allegedly discriminatory acts of other supervisors not involved in actions of which plaintiff-employee complained. The defendant-employer moved *in limine* to exclude the testimony of

former employees alleging discrimination by supervisors who had no role in the employment decision the ground that such evidence was irrelevant to the case's central issue and unduly prejudicial. Granting the motion, the District Court excluded evidence of discrimination against those not "similarly situated" to plaintiff. The Tenth Circuit treated that order as applying a *per se* rule that evidence from employees of other supervisors is irrelevant in age discrimination cases, concluded that the District Court abused its discretion and determined that the evidence was relevant and not unduly prejudicial, and remanded for a new trial. *Mendelsohn*, 128 S.Ct. at 1142. In delivering the opinion for the Court, Justice Thomas stated that

> The question whether evidence of discrimination by other supervisors is relevant . . . is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry . . . Rules 401 and 403 do not make such evidence *per se* admissible or *per se* inadmissible.

*Mendelsohn*, 128 S.Ct. at 1147. Therefore, Bonneville is wrong to argue that the discovery requested from the San Francisco RIF is *per se* inadmissible when the United States Supreme Court has held that that such information simply cannot be deemed *per se* irrelevant and inadmissible. In this matter, a proper inquiry which focuses on the relevance of the documents and its probative value would clearly demonstrate the relevance of these materials.

In fact, Plaintiff intends to offer evidence regarding the San Francisco RIF to demonstrate that Bonneville used purported Reductions in Force to eliminate employees in protected statuses, including older employees like Mr. Donohoe. The Court, however, has denied Mr. Donohoe access to discovery on this issue and, *ipso facto*, relevant and material evidence to his case. This denial constitutes clear error and must be reversed.

### 4. Plaintiff Deserves Verification from Bonneville that the Matt Mills File does not Exist.

In Bonneville's Opposition, counsel for Bonneville asserts that because they represent that the Matt Mills file does not exist, Mr. Donohoe should be satisfied and no verification of this fact should be required. With all due respect to counsel, they can only represent what their client has told them or shown them. Mr. Donohoe is not questioning the efforts made by opposing counsel. He is, however, based upon repeated incidents during the discovery phase where documents that counsel said did not exist were later found and produced by Bonneville, challenging Bonneville's efforts and attempts to locating the file Bonneville's own senior employee testified existed.

In fact, Bonneville relies upon the testimony of Mr. Oxley to support its position that no file exists regarding claims of harassment and/or discrimination against Mr. Mills. When asked what Mr. Oxley did to prepare for his testimony regarding this and other issues explored during his deposition as corporate designee, Mr. Oxley testified he did nothing other than review documents produced in discovery. Mr. Oxley specifically testified:

```
 4   Q.  I asked you earlier what you did to
 5   prepare for the deposition in relation to the first
 6   item in the Attachment A to the Notice of
 7   Deposition.  You said you looked over the production
 8   and you thought about it.
 9   I didn't ask you each and every time
10   we got into a new topic area, but did you do
11   anything else to prepare for this deposition other
12   than look over the documents that had been produced
13   and think about it?
14      A.  No.  That's all I did.
```

*See* Oxley 30(b)(6) deposition at p. 394. By Bonneville's own admission, therefore, it did nothing specific to locate the file at issue. Moreover, Mr. Oxley's knowledge is specific to the local DC

area. The alleged file is located in Salt Lake City, Utah. Mr. Oxley, therefore, would not be in a position of knowing whether the file exists just by looking at documents produced in discovery or "thinking about it." *Id.* at line 13. For these reasons, Mr. Donohoe requests verification from **Bonneville,** not counsel, that **Bonneville** has taken all reasonable and necessary steps to determine whether the Matt Mills file exists. Magistrate Judge Robinson refuses to require such verification, which also constitutes clear error on her behalf.

### 5. Plaintiff Never Stipulated to Limit the Document Requests to Thirty and No More.

There is no dispute that, simply stated, the Court ***did not*** set a limit on the number of Requests for Production of Documents. There is also no dispute that nothing in this Court's order or Rules restrict Plaintiff to 30 requests for production of documents. Ignoring these facts, Bonneville and Magistrate Judge Robinson erroneously state that the parties stipulated to the 30 request limit. As pointed out to Magistrate Judge Robinson in Plaintiff's motion to compel, the parties did not make any such "stipulation." Instead, in their Rule 16.3 Statement, the parties indicated that, at the time they prepared the statement they "anticipated" that 30 requests per side would suffice. An "anticipation" is simply not equivalent to a "stipulation."

Moreover, in his motion to compel Donohoe alternatively sought leave from this court to request the supplemental documents and documents pursuant to the 30(b)(6) Notice of Deposition to avoid undue prejudice and irreparable harm to him resulting from the arbitrary constraints placed on his ability to seek evidence and the truth as to why Bonneville terminated his employment in 2006. Magistrate Judge Robinson ignored this request and denied Mr. Donohoe's motion to compel responses to his supplemental document requests. Magistrate

Judge Robinson's ruling constitutes clear error and irreparably harms Mr. Donohoe and his right to a fair trial.

Bonneville's contention that even if they were compelled to produce the properly requested documents, Mr. Donohoe never disputed its kitchen-sink objections is nonsensical. Magistrate Judge Robinson's rulings effectively rendered Mr. Donohoe's nonexistent. Mr. Donohoe cannot be deemed to have waived objections to document requests that this Court has nullified. It would be illogical to require Mr. Donohoe to take exception to Bonneville's objections before Bonneville is required to respond to Mr. Donohoe's requests. Bonneville's "waiver" argument must be discarded.

### 6. <u>Plaintiff has Every Right to Invoke Rule 34 through a Document Request Propounded in a 30(b)(6) Notice of Deposition.</u>

Under Federal Rules of Civil Procedure Rule 30(b)(2), Plaintiff properly requested documents from Defendant's Corporate Designee as part of the 30(b)(6) Notice of Deposition and attached subpoena. The Rule clearly allows for it:

> **(2) *Producing Documents.*** If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.

Fed. R. Civ. P 30(b)(2). Plaintiff followed the Rule, issued a subpoena and an attachment that listed materials to be brought to his deposition. Instead of performing their obligations under the Rules of this Court and providing that information, Defendant waves its hand at the subpoena and asserts meritless objections to this production. Again, Defendant bases its objections on the misunderstanding of the word "anticipates" and argues that the word means "stipulate."

Finally, regarding Defendant's arguments that Plaintiff has not argued that he will suffer "irreparable harm" is completely laughable. The whole basis of filing the Motion and Reply, requesting a hearing on these issues, and the filing of numerous supplements, is because unless Bonneville's wrongful objections are not denied and if the errors present in the Court's rulings are not corrected, Plaintiff will, in fact, *continue* to suffer irreparable harm. Defendant clearly understands Plaintiff's plight and uses the Court's rulings to its advantage. For example, Defendant has repeatedly objected to providing any discovery relating to Bonneville's contracts with the Nationals or the contacts between Mr. Spacciapolli and the Nationals. Nevertheless, after convincing the Court that it should not provide any related discovery, Defendant flips again and now argues that Mr. Spacciapolli contacts with the Nations are among his strongest qualifications for the job of Director of National Sales/Sports Sales Manager. *See* Def. Opp. at 2. Defendant cannot have it both ways, either the information is relevant and the discovery must be compelled, or the information is not relevant and cannot be asserted as a factor considered by Bonneville in its decision to hire Mr. Spacciapolli over Mr. Donohoe.

For these reasons, as well as the reasons set forth in the Objection, the Motion for Leave to take additional depositions and the Reply to Defendant's original Opposition to the Motion, Plaintiff respectfully requests that Order of Magistrate Judge Deborah Robinson be vacated and the Plaintiff's Motion to Compel be granted. Plaintiff further requests a hearing with respect to the matters raised in this Objection.

Respectfully submitted,

CARR MALONEY, P.C.

By: _____
    Thomas L. McCally, Esq., #391937
    1615 L Street, NW, Suite 500
    Washington, DC  20036
    (202) 310-5500/(202) 310-5555 (FAX)
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 5th day of September, 2008, a copy of the foregoing was sent via the Court's electronic filing system and via e-mail to Richard Cys, Esquire, and Constance Pendleton, Esquire, Davis, Wright, Tremaine, LLP, 1919 Pennsylvania Avenue, NW, Suite 200, Washington, DC 20006, Attorney for Defendant.

                                                    Thomas L. McCally