**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
LEO DONOHOE,                   )
                               )
         Plaintiff,            )
                               )
         v.                    )      Civil Action No. 07-949 (RWR)
                               )
                               )
BONNEVILLE INT'L CORP.,        )
                               )
         Defendant.            )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Leo Donohoe brings this action against his former employer Bonneville International Corporation, alleging that Bonneville discriminated against him on the basis of his age, in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401 et. seq. Donohoe has filed five sets of objections to discovery rulings made by the magistrate judge. Because Donohoe has not shown error in rulings denying him leave to multiply his allotted number of depositions, his objections will be overruled except as to leave to depose Paul White, Jory Steiber, and Ralph Renzi. In addition, because Donohoe for the most part has not shown that issuing a protective order and denying his motion to compel was error, his objections to these rulings will be overruled except to the extent the rulings were based upon an erroneous finding that the parties' joint discovery plan

-2-

contained a binding stipulation limiting each side to thirty
document requests per side.

BACKGROUND

Donohoe, who was over forty during the events relevant to
this action, contends that Bonneville, his former employer,
discriminated against him because of his age by improperly
including him in the Reduction in Force ("RIF") conducted in
Bonneville's Washington, D.C. office, and by subsequently
selecting Matt Spacciapoli, a younger, allegedly less-qualified
individual, for the position of Director of National Sales/Sports
Sales Manager over Donohoe.

During the course of discovery, Donohoe filed two motions
seeking leave to increase the number of depositions permitted for
each party under the scheduling order from seven to twenty-five.
The magistrate judge denied both motions.  In addition, Donohoe
filed a motion to compel Bonneville to respond to certain
documents requests, and Bonneville filed a motion for a
protective order to bar such discovery.  The magistrate judge
denied Donohoe's motion to compel and granted Bonneville's motion
for a protective order barring discovery of the contested
documents, with the exception that Donohoe could inquire into
Bonneville's headquarters' role in the January 2006 RIF in
Washington, D.C. through a Rule 30(b)(6) deposition of
Bonneville.  Donohoe has filed five sets of objections to the
magistrate judge's discovery rulings.

-3-

DISCUSSION

Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.2(b) allow a party to seek reconsideration of a magistrate judge's decision in a discovery dispute.  "On review, the magistrate judge's decision is entitled to great deference unless it is clearly erroneous or contrary to law, that is, if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed."  Moore v. Chertoff, 577 F. Supp. 2d 165, 167 (D.D.C. 2008) (internal quotations and citations omitted); see also Graham v. Mukasey, 247 F.R.D. 205, 207 (D.D.C. 2008); LCvR 72.2(c) ("Upon consideration of objections filed . . . , a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law.").

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.; see United States ex rel. Fargo v. M&T Mortgage Corp., 235 F.R.D. 11, 21 (D.D.C. 2006) ("Rule 26(b)(1) entitles parties to broad discovery, permitting discovery that is reasonably calculated to lead to the discovery of admissible evidence." (quotations omitted)); Peskoff v. Faber, Civil Action No. 04-526

-4-

(HHK/JMF), 2006 WL 1933483, at *2 (D.D.C. July 11, 2006) (finding
that a party's discovery request was not overly broad where it
was relevant, meaning that it was reasonably calculated to lead
to the discovery of evidence relating to plaintiff's claim).
"For the purposes of discovery, relevancy is broadly construed
and encompasses any material that bears on, or that reasonably
leads to other matters that could bear on, any issue that is or
may be in the case." Alexander v. F.B.I., 194 F.R.D. 316, 325
(D.D.C. 2000).  Moreover, because discrimination is "particularly
hard to prove . . . , discovery in these cases is necessarily
broad." Mitchell v. Nat'l R.R. Passenger Corp., 208 F.R.D. 455,
459 (D.D.C. 2002).

Although discovery rules "are to be accorded a broad and
liberal treatment," Hickman v. Taylor, 329 U.S. 495, 507 (1947),
under Federal Rule of Civil Procedure 26(b)(2)(C), discovery
should be limited by the court

> if it determines that: (i) the discovery sought is
> unreasonably cumulative or duplicative, or can be
> obtained from some other source that is more
> convenient, less burdensome, or less expensive; (ii)
> the party seeking discovery has had ample opportunity
> to obtain the information by discovery in the action;
> or (iii) the burden or expense of the proposed
> discovery outweighs its likely benefit, considering the
> needs of the case, the amount in controversy, the
> parties' resources, the importance of the issues at
> stake in the action, and the importance of the
> discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

-5-

I.   MOTIONS FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

Donohoe objects to the denial of his two motions for leave to increase the number of depositions permitted under the scheduling order in this case.  Donohoe's original motion sought leave to increase the number of depositions permitted from seven to twenty-five before a single deposition had been taken in this case, naming only fifteen potential deponents, and without proffering any specific need for each deposition.  The magistrate judge denied this motion because, among other reasons, the motion was premature because Donohoe had not exhausted his permitted seven depositions.  Donohoe's objections to this ruling identify no legal error, and instead put forth additional arguments never presented to the magistrate judge.  Because Donohoe has not shown the denial of his first motion to be clearly erroneous, his objections will be overruled.

Donohoe's renewed motion for leave to increase the number of depositions permitted again sought to increase the number of permitted depositions from seven to twenty-five.  Incorporating by reference the arguments made in his previous objections to the magistrate judge's ruling, Donohoe identified the seven depositions taken or noticed under the original scheduling order, listed an additional fifteen potential witnesses, and briefly described his need to depose these individuals.  In his reply in support of his renewed motion, in the event that the magistrate judge would not grant leave to take up to twenty-five

depositions, he requested leave to depose thirteen "essential
witnesses" beyond his seven allocated depositions.[1]  Bonneville
opposed leave for any additional depositions, arguing that, among
other reasons, the depositions would be duplicative or "merely
cumulative" of other evidence obtained in discovery; Donohoe had
not shown that he had exhausted less burdensome means to obtain
information sought from these depositions nor had he showed that
these depositions would likely reveal new information; and the
additional depositions "would unnecessarily drive up the costs of
discovery well beyond its already substantial level."  (Def.'s
Opp'n to Pl.'s Objns. to Order Denying Leave to Take Add'l Deps.
("Def.'s May 16 Opp'n") at 13; Def.'s Consol. Opp'n to Pl.'s
Supp. Objns. and Opp'n to Pl.'s Renewed Mot. for Add'l Deps.
("Def.'s June 26 Opp'n") at 5, 7.)  Adopting Bonneville's
arguments as the court's reasoning, the magistrate judge denied
Donohoe's renewed motion for leave to increase the number of
permitted depositions.  Donohoe filed objections to this ruling,
contending that he has shown good cause for each additional
deposition.[2]  To the extent Donohoe's renewed motion sought to

---

[1]The reply's list of thirteen "essential witnesses" is not
merely a subset of the original requested depositions, but
instead adds witnesses that were not listed in Donohoe's renewed
motion.

[2]Donohoe also asserts that it was error to deny him less
than ten depositions because he is entitled to a minimum of ten
depositions under the Federal Rules of Civil Procedure.  (Pl.'s
Objns. to Order of December 4, 2008 at 2 (citing Fed. R. Civ. P.
30(a)(2)(A).)  Although Federal Rule 30(a)(2) generally does

-7-

leave to take additional depositions without identifying proposed deponents, making it impossible to assess the propriety of granting leave under Rule 26(b)(2), there was no error committed in denying such a vague request.  Donohoe does provide some basis for assessing whether to allow him depositions of individuals he does identify.

A.  Paul White

Donohoe sought leave to depose Paul White, whom Bonneville has identified as an expert who may testify at trial.  Notably, Donohoe did not seek to depose White before Donohoe exhausted his seven depositions permitted under the scheduling order even though he had prior notice that Bonneville intended to use White. Donohoe's choice to use his original depositions to obtain testimony from lay witnesses, who may or may not become trial witnesses and whose testimony may be duplicative of information obtained through other discovery, certainly raises a question about his efforts to judiciously manage the discovery tools he was granted.  Nor does Donohoe's choice necessarily weigh in his

permit ten depositions without leave of court, under Federal Rule 26(b)(2), "[b]y order, the court may alter the limits in [the] rules on the number of depositions and interrogatories or on the length of depositions under Rule 30."  Similarly, Federal Rule 16(b)(3)(B)(ii) permits a court to "modify the extent of discovery."  In addition, the Local Rule 26.2(b) expressly instructs that "[w]hen the scheduling order sets limits different from those contained in [the Federal Rules], the scheduling order shall govern."  In light of these rules, Donohoe's claim that the Federal Rules provide him a right to a minimum of ten depositions without leave of court fails as a matter of law.

-8-

favor when assessing whether the benefit of the proposed additional discovery outweighs the burden on Bonneville, in light of the discovery efforts already expended.  However, White's testimony is proffered by Bonneville as expert opinion testimony, and no alternative method of testing this expert's opinion has been revealed.  Thus, White's testimony would not be unreasonably cumulative or duplicative of other discovery, it likely cannot be obtained from another source, and the benefit of this deposition would likely outweigh the burden on the parties.  Donohoe's objection to the court denying his motion for leave to depose White will be sustained and leave to depose White will be granted.

     B.   <u>Jory Steiber</u>

Donohoe sought leave to depose Jory Steiber, contending that Steiber may have certain information relevant to his claims, including e-mails and depictions of Donohoe created or distributed by Bonneville's employees, and that Steiber is unable to provide testimony without a subpoena.  For this requested deposition, Donohoe has identified specific information within Steiber's possession that does not appear to have been collected through other discovery or to be discoverable through other less burdensome means.  Accordingly, Donohoe's objection to the court denying leave to depose Steiber is sustained and leave to depose Steiber will be granted.

-9-

C.   <u>Ralph Renzi</u>

Donohoe sought leave to depose Ralphi Renzi, Spacciapoli's former supervisor, who "has information regarding [his] experience, qualifications and reputation with the industry." (Pl.'s Objns. to Order Denying Leave to Take Add'l Deps. (Pl.'s May 2 Objns.") at 12.)  It appears that none of the seven witnesses already deposed purported to have previously worked with or supervised Spacciapoli, which suggests that Renzi's testimony would not be duplicative of previously discovered information and the likely benefit of this testimony would outweigh the additional burden.  Accordingly, Donohoe's objection to the court denying leave to depose Renzi will be sustained and leave to depose Renzi will be granted.

D.   <u>John Hesano, Christine Travaligni, Matt Kluft, Scott Porretti, Mark Clowers, Mark Grey, Sari Fruitbine</u>

Donohoe sought leave to depose seven named individuals because he contends that Bonneville relied on the opinions of these individuals when hiring Spacciapolli over Donohoe for the position of Director of National Sales/Sports Sales.  Bonneville opposed, contending that the relevant opinions of these individuals were voiced at a meeting attended by Joel Oxley and Matt Mills, and Donohoe was able to explore these opinions through their depositions.  (Def.'s May 16 Opp'n at 13.) Donohoe's filings did not explain why Oxley and Mills' recollections of the meeting were deficient or what new

-10-

information he sought from these deponents that was not
discoverable through the depositions of Oxley and Mills.
Accordingly, it was not clear error for the magistrate judge to
accept Bonneville's arguments and deny Donohoe leave to take
these depositions, and Donohoe's objections to this ruling will
be overruled.

      E.   <u>Skip Quast</u>

      Donohoe sought leave to depose Skip Quast, who he alleges
has knowledge of the reasons Spacciapoli was "transferred out of
the position of Director of National Sales/Sports Sales shortly
after he was selected for the position over [Donohoe]." (Pl.'s
May 2 Objns. at 12.)  Donohoe contends that "Spacciapoli's
performance and experience are directly at issue[] in this
litigation" (<u>id.</u>), but Quast's alleged knowledge is about
Spacciapoli's performance <u>after</u> he was hired over Donohoe, and
such performance could not have factored into Bonneville's
employment decisions challenged in this case.  Although evidence
of post-decision performance might marginally corroborate pre-
decision knowledge of lesser performance-related qualifications,
the decision to accept Bonneville's contention that such
additional discovery would be burdensome relative to its likely
benefit to Donohoe's case is not clearly erroneous.  Donohoe's
objection to the court denying leave to depose Quast will be
overruled.

-11-

F.    <u>Bob Johnson, Bruce Reese, and Scarlett Pate</u>

Donohoe sought leave to depose three individuals who had
been corporate officers in Bonneville's headquarters in Salt Lake
City, Utah because he contends that they each had "knowledge
regarding the reorganization of the radio stations and
implementation of the Reduction in Force that occurred in January
2006 in the Washington, D.C. area."  (Pl.'s May 2 Objns. at 12-
13.)  Information about the reorganization and RIF in Washington,
D.C. was a proper subject for testimony by Oxley as Bonneville's
Rule 30(b)(6) deponent, and it appears from the parties' filings
that Donohoe did provide notice to Bonneville that such
information was sought from the Rule 30(b)(6) deposition.
Donohoe has not shown that he attempted to elicit, but was unable
to obtain, specific information relating to the RIF through
Oxley's Rule 30(b)(6) deposition, or that it was likely that one
of these proposed deponents possessed relevant information that
would not be cumulative or duplicative of Oxley's Rule 30(b)(6)
deposition.  Accordingly, it was not clearly erroneous to deny
Donohoe's request for these additional depositions, and Donohoe's
objections to this ruling will be overruled.

G.    <u>Daniel Kliener</u>

Donohoe sought leave to depose Daniel Kliener, a current
Bonneville employee, contending that Kliener "has information
regarding [Donohoe's] employment with Bonneville and [his]
experience and reputation within the industry" and "may have

information regarding complaints about the manner in which Matt
Mills may have treated older employees[.]" (Pl.'s May 2 Objns.
at 16.) Although Donohoe's contentions suggest that Kliener may
have some relevant information, Dohonoe has already had the
opportunity to depose Richard O'Brien, whom Donohoe contended had
information about complaints made by older employees against
Mills and information regarding Donohoe's performance, and Jody
Lish, whom Donohoe contended had knowledge of Donohoe and
Spacciapoli's experience and reputations, and knowledge of the
way Mills treated older workers. In light of Donohoe's previous
opportunities to obtain information similar to that information
sought from Kliener, the decision to accept Bonneville's
arguments that the information sought would be merely cumulative
or that the burden of this additional deposition would outweigh
any likely benefit was not clearly erroneous. Accordingly,
Donohoe's objection to this ruling will be overruled.

     H.    <u>Rule 30(b)(6) designee of Katz Group</u>

     Donohoe sought leave to depose a Rule 30(b)(6) designee of
Katz Group for the first time in his reply in support of his
renewed motion for leave to take additional depositions, and
without a clear explanation of what information would be sought
from a Rule 30(b)(6) deponent. In light of Donohoe's failure to
explain what information would be sought from this Rule 30(b)(6)
deposition, denying leave to take this deposition was not clearly
erroneous and Donohoe's objection will be overruled.

-13-

I.   <u>Cecil Martin</u>

Donohoe sought leave to depose Cecil Martin, a former
Bonneville employee, who he contends overheard a conversation
between Mills and Oxley about eliminating older employees.
Bonneville objected to his request, arguing specifically that
Donohoe's grounds for seeking this deposition were "exceptionally
speculative"; that Donohoe had not shown that he has exhausted
less burdensome means of gathering information from Martin; and
that it was making a good faith effort to collect Martin's last
known address and contact information to facilitate Donohoe's
efforts to contact Martin informally.  (Def.'s June 26 Opp'n at
5-6.)  It appears that the magistrate judge accepted Bonneville's
contentions and Donohoe has not established that accepting these
arguments was clearly erroneous.  Accordingly, Donohoe's
objection to this ruling will be overruled.

J.   <u>Kevin Ulich</u>

Donohoe sought leave to depose Kevin Ulich, a representative
from the National's Baseball Group, based on Oxley's testimony
that he discussed the reorganization with Ulich.  Based on
Donohoe's brief description of the alleged conversation between
Oxley and Ulich and the portion of the Oxley deposition
transcript provided in his filings, he has not shown that it was
clearly erroneous for the magistrate judge to conclude that the
burden of this additional deposition would outweigh its benefit
or that Oxley's recollection of the conversation was so spare

-14-

that Ulich's testimony would not likely be merely duplicative or
cumulative.  Accordingly, the magistrate judge's conclusion will
be accorded deference, and Donohoe's objection to this ruling
will be overruled.

II.  DONOHOE'S MOTION TO COMPEL AND BONNEVILLE'S MOTION FOR A
     PROTECTIVE ORDER

     Donohoe has filed objections to the magistrate judge's two
rulings on his motion to compel discovery and Bonneville's motion
for a protective order.  Donohoe filed a motion to compel
Bonneville to produce six categories of documents: (1) documents
explaining Bonneville's 2006 RIF; (2) Bonneville's sales and
financial documents; (3) Bonneville's file containing harassment
claims made against Mills; (4) all documents requested in
Donohoe's supplemental requests for production of documents; (5)
documents properly requested of Bonneville's 30(b)(6) deponent
Oxley; and (6) documents and information relating to Bonneville's
RIF in San Francisco, California.  Bonneville opposed Donohoe's
motion and filed a motion for a protective order, contending
Donohoe should be barred from seeking (1) information regarding
Bonneville's finances and net worth; (2) information regarding
Bonneville's operations outside of Washington, D.C.; and (3)
document production in excess of thirty document requests, which
it contends was an agreed-upon limit between the parties.
(Def.'s Mot. for a Protective Order at 2.)  On July 29, 2008,
after a hearing on these motions, the magistrate judge granted

-15-

Bonneville's motion for a protective order and denied Donohoe's
motion to compel, "except with respect to discovery regarding
[Bonneville's] headquarters' role, if any, in the District of
Columbia," and directed the parties to file a joint supplement,
including the transcript of Oxley's deposition to aid
consideration of whether to permit discovery about headquarters'
role in the RIF.  (Hr'g Tr. 45:20-47:2, July 29, 2008.)  On
December 5, 2008, after reviewing the parties' joint supplement,
the magistrate judge ordered that Donohoe could "inquire, at a
30(b)(6) deposition of [Bonneville], what role, if any,
[Bonneville's] headquarters had in the January, 2006 [RIF] in
Washington, D.C."  Donohoe has filed two sets of objections to
these rulings, specifically arguing that (1) it was error to deny
his supplemental requests for documents, including through his
Rule 30(b)(6) notice of deposition, because the parties never
stipulated to thirty document requests per side; (2) it was error
to deny his request for documents relating to the San Francisco
RIF because he has a right to introduce such evidence at trial;
and (3) it was error to deny his request for verification of the
search conducted for the Mills file.[3]

---

[3]Donohoe's objections also make general allegations that the
discovery sought is "relevant and reasonably calculated to [lead
to] the discovery of admissible evidence" and that he has been
unduly prejudiced by the denial of his motions.  (Pl.'s Objns. to
Order of July 29, 2008 at 3.)  Such general allegations do not
demonstrate that the magistrate judge's decisions to limit
discovery for the various reasons adopted were clearly erroneous.

-16-

Donohoe's first objection that it was error to accept
Bonneville's assertion that the parties' Local Rule 16.3 joint
discovery plan contains a binding stipulation limiting each side
to thirty document requests has merit and will be sustained.  The
parties' Rule 16.3 report states that the parties "anticipate"
that thirty document requests per side "should be adequate."
(Joint LCvR 16.3 Report at 9.)  That language does not bind the
parties to only thirty requests, and the scheduling order
similarly does not impose a binding limit on the number of
document requests per side.  Accordingly, Donohoe's objections to
the magistrate judge's July 29, 2008 and December 5, 2008 rulings
will be sustained to the extent that these rulings were based on
a finding that the parties' Rule 16.3 report bound them to a
limit of thirty document requests.

On the other hand, Donohoe's objections to the protective
order shielding Bonneville from producing documents related to
the San Francisco RIF and additional evidence of efforts to
locate the Mills file will be overruled.  At the July 29, 2008
hearing, the magistrate judge rejected Donohoe's argument that he
was entitled to discovery from the San Francisco office, and,
after reviewing the transcript of the Oxley deposition, concluded
that the appropriate discovery from Bonneville's headquarters
would be limited to a Rule 30(b)(6) deposition on Bonneville's
headquarters' role in the Washington, D.C. RIF.  Notably, the
magistrate judge did suggest that the parties could seek

-17-

reconsideration of her ruling with respect to the San Francisco
RIF after the Rule 30(b)(6) deposition if information obtained
through this deposition supported additional discovery regarding
the San Francisco RIF.  (Hr'g Tr. 49:9-16.)  It appears that this
ruling considered Bonneville's arguments that the San Francisco
RIF was not related to the Washington, D.C. RIF and that
discovery outside of Washington, D.C. would be unduly burdensome
in this single-plaintiff discrimination case, and found either
that Donohoe had not sufficiently shown a need for the additional
discovery or that the burden of extensive discovery outside of
Washington, D.C. would outweigh any benefit from such discovery.

Donohoe relies on the Supreme Court's recent opinion in
Sprint/United Management Co. v. Mendelsohn, 128 S. Ct. 1140
(2008) to dispute the magistrate judge's conclusion.  Mendelsohn
concluded that the "question whether evidence of discrimination
by other supervisors is relevant in an individual
[discrimination] case is fact based and depends on many factors,
including how closely related the evidence is to the plaintiff's
circumstances and theory of the case[,]" that evidence must be
analyzed for admissibility under Federal Rules of Evidence 401
and 403, and it cannot be excluded as per se irrelevant.  Id. at
1147.  Mendelsohn is not directly applicable here.  Under Fed. R.
Civ. P. 26(b)(2)(C), a court may limit discovery, even if the
proposed discovery may arguably lead to evidence that would be
admissible under Fed. R. Evid. 401 and 403.  The rulings limiting

-18-

discovery in this action are not rulings on the admissibility at trial of evidence relating to the San Francisco RIF.  While evidence of the San Francisco RIF may be admissible at trial, it does not follow that Donohoe is entitled to all of his proposed discovery relating to the San Francisco RIF.  Where such proposed discovery would be more burdensome then beneficial or merely cumulative of other relevant evidence, a court may properly limit such discovery.  See Fed. R. Civ. P. 26(b)(2)(C)(iii).  Donohoe's contention that evidence of the San Francisco RIF may be admissible at trial does not defeat the magistrate judge's conclusion that the requested discovery was not warranted, and Donohoe has not shown that ruling to be clearly erroneous. Accordingly, this objection will be overruled.

In addition, Donohoe has not shown that the refusal to compel Bonneville to provide additional verification detailing searches conducted to locate the Mills file was erroneous.  The magistrate judge's rulings appear to accept Bonneville's contention that it has responded fully to its obligation to search its Washington, D.C. office for relevant documents within the first thirty requests, including the Mills file. Bonneville's submissions from counsel and the record reflect that Bonneville has made good faith efforts to disclose relevant documents, including by supplementing its disclosure when new documents were discovered.  Donohoe has not shown it was clearly erroneous to accept Bonneville's assertions that diligent efforts

-19-

were made to locate the Mills file.  Accordingly, this objection
is overruled.[4]

## CONCLUSION AND ORDER

For the reasons discussed above, it is hereby

ORDERED that the plaintiff's objections [20, 33] to the
order denying his motion for leave to increase the number of
permitted depositions be, and hereby are, OVERRULED.  It is
further

ORDERED that the plaintiff's objections [63] to the order
denying his renewed motion for leave to increase the number of
permitted depositions be, and hereby are, SUSTAINED IN PART and
OVERRULED IN PART.  The plaintiff may depose Paul White, Jory
Steiber, and Ralph Renzi.  It is further

ORDERED that the plaintiff's objections [44, 64] to the
order denying his motion to compel and granting the defendant's
motion for a protective order be, and hereby are, SUSTAINED IN
PART and OVERRULED IN PART.  Those portions of the magistrate
judge's July 29, 2008 and December 5, 2008 rulings grounded upon
the conclusion that the parties' Rule 16.3 report binds them to a
limit of thirty document requests per side are vacated and
remanded for further proceedings consistent with this opinion.
It is further

---

[4]The parties are cautioned that this opinion is not an
invitation for either party to submit new document requests to
the other side.  Moreover, the magistrate judge's rulings as to
which no objections have been sustained are in full force.

-20-

ORDERED that discovery is EXTENDED until April 10, 2009 for the limited purpose of compliance with this order.  The post-discovery status conference scheduled for March 17, 2009 is CANCELED.  It is further

ORDERED that the parties confer and file a joint status report and proposed order by April 14, 2009 suggesting three mutually convenient dates on which to hold the post-discovery status conference after the close of discovery.

SIGNED this 27th day of February, 2009.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge